John Simmons ISB3156
John Simmons JD LLM Prof Co
796 Memorial Drive
Idaho Falls ID 83402
208 528 9901
johnsimmonslaw@gmail.com

Attorney for Defendant, Hayes
  Management Services, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br>        Plaintiff,<br>vs.<br><br>HAYES MANAGEMENT SERVICE, INC.,<br>        Defendant. | Case No. 4:19-cv-00287-BLW<br><br>AMENDED ANSWER AND<br>COUNTERCLAIM |
| HAYES MANAGEMENT SERVICE, INC.,<br>        Counter-claimant,<br>vs.<br><br>MARIA ANGELICA "ANGIE" CARBAJAL,<br>        Counter-respondent. | |

By and through counsel, Hayes Management Services, Inc. (the captioned defendant and counter-claimant) files this *Amended Answer and Counterclaim* to the 7.23.2019 Complaint and Demand for Jury Trial of Maria Angelica "Angie" Carbajal (the captioned plaintiff and counter-respondent).

## AMENDED ANSWER TO CARBAJAL'S COMPLAINT

Hayes Management denies each of the allegations of Carbajal's Complaint except and only to the extent herein expressly admitted. Answering each of the paragraphs of the Complaint serially—

1. As to ¶1 of the Complaint, by so specifying, Carbajal is apparently asserting this action brought pursuant to the Title VII of the Civil Rights Act, 42 U.S.C. §2000, *et seq.*, and the Idaho Human Rights Act, Idaho Code §67-5901, *et seq.*

2. As to ¶2 of the Complaint, Hayes Management agrees that this Court has jurisdiction over such an action pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3. As to ¶3 of the Complaint, Hayes Management agrees that venue in this action properly lies in the United States District Court for the District of Idaho, Eastern Division, because (a) pursuant to 28 U.S.C. §1391(b) the claims asserted allegedly arose in this judicial district and (b) pursuant to 42 U.S.C. §2000e-5(f)(3) the alleged unlawful employment practices were allegedly committed in this judicial district.

## PARTIES

4. As to ¶4 of the Complaint, Hayes Management believes Carbajal is a female citizen and resident of the United States of America, who resides in Bonneville County, Idaho.

5. As to ¶5 of the Complaint, Hayes Management is an Idaho corporation, doing business in Bonneville County, Idaho.

6. As to ¶6 of the Complaint, Hayes Management did NOT regularly employ fifteen or more persons whose services were performed in the State of Idaho and was engaged in an industry affecting commerce during the years 2012 through 2017.

## ALLEGATIONS COMMON TO ALL COUNTS

7. As to ¶7 of the Complaint, Hayes Management realleges and incorporates by reference paragraphs 1 through 6 above, as though fully set forth herein these Allegations Common to All Counts.

8. As to ¶8 of the Complaint, Hayes Management admits that in January 2012, Carbajal began working for Hayes Management as a receptionist.

9. As to ¶9 of the Complaint, Hayes Management (a) denies that at any time during 2012-2017 its owner, Chris Hayes, has touched anyone other than his spouse in a sexual manner, (b) denies that Chris Hayes discussed with Hayes Management staff his sexual relations with his spouse, Pauline Hayes, and (c) denies that it or Chris Hayes has known of any office staff of Hayes Management having discussed their sexual relations with their spouses or touched each other in a sexual manner.

10. As to ¶10 of the Complaint, Hayes Management has no information or reason to believe there was any such behavior, that Carbajal might have been uncomfortable with any such alleged behavior nor what actions or inactions Carbajal may have taken because of such alleged behavior.

11. As to ¶11 of the Complaint, Hayes Management has no information or reason to believe that any staff members other than Carbajal told her she was "too serious" and that she needed to "loosen up" in regards to such alleged behavior.

12. As to ¶12 of the Complaint, Hayes Management (a) denies that Chris Hayes engaged in any sexual behavior in the office from 2012 through 2017, (b) denies that Chris Hayes would (i) run his hands down Carbajal's backside, (ii) slap her buttocks, (iii) attempt to touch her chest, or (iv) attempt to kiss Carbajal, and (c) denies that during 2012 through 2017 that Chris Hayes engaged any such or similar actions with other staff members.

13. As to ¶13 of the Complaint, Hayes Management (a) denies there was any such behavior by Chris Hayes or that such became "normalized", and (b) alleges that Hayes Management has no information or reason to believe there were times Carbajal found herself joking or laughing about any discussed topics or comments so she would not be isolated or punished for her disapproval.

14. As to ¶14 of the Complaint, Hayes Management (a) denies that during 2012-2017 that Chris Hayes wanted to hire young women for open positions with Hayes Management because of how they looked or their body shape, (b) alleges that Hayes Management is not aware of (i) any factors during 2012-2017 that would give anyone reasonable concern for Chris Hayes' plans regarding filling staff positions, or (ii) any inappropriate treatment in 2012-2017 by Hayes of any staff members, and (c) alleges that any statements of concern that Carbajal may have made to Chris Hayes' wife, Pauline Hayes, about Chris Hayes' hiring objectives were (i) unreasonable and unfounded, and (ii) an attempt by Carbajal to interfere with the marital relationship between Chris Hayes and his wife, Pauline Hayes.

15. As to ¶15 of the Complaint, Hayes Management admits that its offices are located next to an elementary school. Hayes Management denies that during 2012-2017 Chris Hayes made any inappropriate comments about how the schoolgirls or other females might have looked as they walked passed the office.

16. As to ¶16 of the Complaint, Hayes Management (a) admits that Chris Hayes made comments about current affairs in the media from time to time, which may have included comments regarding sex crimes in the media, such as the cases against Bill Cosby and Jared Fogel, the prior Subway spokesperson, (b) denies that Chris Hayes made any comments (i) defending Bill Cosby except perhaps to note that he was entitled to a presumption of innocence until proven and found guilty, (ii) blaming Cosby's accusers, (iii) defending Jared Fogel (who was convicted of possessing child pornography) except perhaps to note that he was entitled to a presumption of innocence until proven and found guilty, or (iv) that a person has the right to watch whatever they want on their computer.

17. As to ¶17 of the Complaint, Hayes Management has no information or reason to believe that any comments that Chris Hayes' may have made about elementary schoolgirls or sex crimes would cause any reasonable person to be either disturbed and offended.

18. As to ¶18 of the Complaint, Hayes Management (a) denies that Chris Hayes watched pornography in his office at work in January 2016, (b) that any employee caught Chris Hayes so watching pornography, (c) denies that any such employee informed Carbajal about such, (d) denies that Carbajal reported such to Brandy Mann ("Mann"), (e) denies that Mann told Carbajal that Mann never sits or stands on the same side of the desk as Chris Hayes because of inappropriate touching by Chris Hayes of a fellow employee, and (f) denies that Carbajal expressed any concerns that reasonably warranted any investigation or response.

19. As to ¶19 of the Complaint, Hayes Management (a) denies that Chris Hayes' pastor told Carbajal that the pastor would speak to Chris Hayes about any of Carbajal's "concerns", and (b) alleges that any statements of concern that Carbajal may have made to Chris Hayes' pastor were (i) unreasonable and unfounded, and (ii) an attempt by Carbajal to interfere with the pastoral relationship between Chris Hayes and his pastor.

20. As to ¶20 of the Complaint, Hayes Management is without information or reason why anyone would have reasonable concern, nor about what Carbajal may have decided to do about any unfounded concerns.

21. As to ¶21 of the Complaint, Hayes Management denies that in or around mid- to late-January, 2016, Carbajal expressed her concerns to Chris Hayes about any (a) touching staff members, (b) talk of sexual relationships with spouses, (c) comments regarding client's appearances, (d) staff allegedly reporting they were uncomfortable with his behavior, (e) staff allegedly reporting finding him watching pornography in his office, or (d) inappropriate behavior by Chris Hayes or the other staff of Hayes Management.

22. As to ¶22 of the Complaint, Hayes Management admits that in January 2015 its business was growing, it had hired new staff, and intended to hire more. Hayes Management (a) denies that Carbajal expressed any concern to Chris Hayes that his alleged "behavior" needed to stop, (b) denies that Chris Hayes acknowledged he had an

alleged problem in regard to how he interacted with staff, and (c) denies that Chris Hayes allegedly said he would try to "be more careful."

23. As to 23¶ of the Complaint, Hayes Management (a) denies there was any such conversation, (b) denies there was any situation in such regard to be improved, and (c) denies that there was any untoward behavior by Chris Hayes to which he could have "returned".

24. As to 24¶ of the Complaint, Hayes Management (a) admits that incidental to the office reassignment of putting those that worked in the payroll department together, Carbajal's office was moved to the other side of the building, further away from Chris Hayes' office and where the tax return preparers were located. Hayes Management denies that Chris Hayes ever sexually harassed Carbajal, (b) denies that Chris Hayes ever tried to kiss or touch Carbajal in any way that is sexual or with the intent to sexually arouse either Chris Hayes or Carbajal, (c) alleges that there was no inappropriate conduct by Chris Hayes for which Carbajal might have taken any steps to ignore, and (d) admits that following the move of Carbajal's office, she kept working until her employment ended on August 31, 2017.

25. As to ¶25 of the Complaint, Hayes Management (a) admits that in or around May 2017, Carbajal returned from a vacation, (b) denies there was a sexually-charged work environment, (c) denies there were any sexual advances or behaviors by Chris Hayes towards Carbajal, other staff, or anyone else at the offices during 2012-2017, (d) denies that Chris Hayes propositioned Carbajal to have any affair with Chris Hayes, (e) alleges there were no advances for Carbajal to have refused, and (f) states that it is without any information or reason to believe about the work environment that would make it so anyone could not reasonably continue to work for Hayes Management.

26. As to ¶26 of the Complaint, Hayes Management (a) admits that in July 2017, Carbajal provided notice to Hayes Management that she would only be working 20 hours per week

and intended to leave employment with Hayes Management, (b) denies that Chris Hayes sexually harassed Carbajal, and (c) denies that its work environment was hostile.

27. As to ¶27 of the Complaint, Hayes Management (a) denies that Carbajal expressed any concern to Hayes Management's attorney, Dru Guthrie, about "sexual advances" or other inappropriate sexual behavior by Chris Hayes toward Carbajal or the staff, and (b) alleges there were no concerns so expressed for Guthrie to have discussed with anyone, nor talk further about with Carbajal.

28. As to ¶28 of the Complaint, Hayes Management (a) discovered that sometime prior to August 31, 2017, Carbajal had been speaking with Zak Warren, the clinical director of Pearl Health Clinic/Pearl Group Homes (Ammon ID), a major client of Hayes Management, about Carbajal providing payroll services to Zak Warren/Pearl outside the context of Carbajal's employment and duties with Hayes Management—contrary to and in breach of her 1.19.2012 non-compete agreement with Hayes Management—(b) admits that on August 31, 2017, Carbajal arrived at the offices of Hayes Management at the time otherwise appointed for her work shift to begin, (c) states that it has no information or reason to believe that Carbajal intended at that time, or that day, to inform Chris Hayes that Carbajal had found other employment and was providing her two weeks' notice.

29. As to ¶29 of the Complaint, Hayes Management (a) is without information or reason to believe that Carbajal was able or not able to speak with Chris Hayes that morning (August 31, 2017), and (b) has subsequently learned that Carbajal did inform a few staff members that morning that she had found new employment and was putting in her two weeks' notice.

30. As to ¶30 of the Complaint and the early afternoon of August 31, 2017, Hayes Management (a) admits attorney Dru Guthrie, whose office is in the same building as Hayes Management's offices, was there, (b) admits Guthrie informed Carbajal that Guthrie needed to speak with Carbajal, (c) admits Guthrie directed Carbajal outside,

(d) admits Guthrie, on behalf of Hayes Management, informed Carbajal that her employment was terminated effective immediately due to the arrangement she had made with Zak Warren/Pearl being a conflict of interest (not to mention also a breach of her 1.19.2012 non-compete agreement), and (e) admits Guthrie also informed Carbajal that Chris Hayes was hurt and disappointed Carbajal was leaving her employment with Hayes Management.

31. As to ¶31 of the Complaint, Hayes Management (a) denies that Carbajal informed Guthrie that she could no longer work for Hayes Management because of any "inappropriate sexual comments and touching in the work environment" by Chris Hayes, and (b) denies that there were any such comments or touching for Guthrie to be aware of or not.

32. As to ¶32 of the Complaint, Hayes Management (a) admits that Carbajal asked to speak with Chris Hayes, (b) admits that Guthrie explained to Carbajal that Chris Hayes did not want to speak with Carbajal, (c) admits that Carbajal asked Guthrie for a letter stating her employment was being terminated, (d) admits that Guthrie agreed to provide Carbajal with such a letter, (e) admits that Carbajal went into the office, and (f) admits that Carbajal gathered items, including personal items.

33. As to ¶33 of the Complaint, Hayes Management admits that a staff member called the police and had Carbajal escorted off the property after (i) Carbajal refused to leave when asked by staff to do so, (ii) Carbajal logged onto a computer belonging to Hayes Management despite being instructed by staff not to do so, (iii) Carbajal refused to leave the premises of Hayes Management when asked by staff to do so, (iv) Carbajal made statements to staff threatening vengeance and "payback", (v) other Hayes Management staff suggested if Carbajal did not heed their instructions (##(ii) and (iii)) the police would be called, and (vi) Carbajal acknowledged and responded, 'call the police', (vii) the other staff called the police.

34. As to ¶34 of the Complaint, Hayes Management admits that on or around February 23, 2018, Carbajal filed Charges of Discrimination both with the Idaho Human Rights Commission (IHRC) and the U.S. Equal Employment Opportunity Commission (EEOC).

35. As to ¶35 of the Complaint, Hayes Management admits that on or about April 26, 2019, Carbajal was issued her Notice of Right to Sue by the EEOC and IHRC as the IRHC had concluded that (a) Carbajal "has not established with evidence that the conduct she experienced at [Hayes Management] was (1) unwanted or (2) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment.   On the contrary, evidence suggests that [Carbajal] initiated regular physical contact with [Chris Hayes] in plain view of her coworkers." and (b) Carbajal "has not established with evidence that she engaged in protected activity, nor has she shown that the adverse employment action resulted from her engagement in such activity. [Carbajal] cannot prevail in her charge of retaliation."

36. As to ¶36 of the Complaint, Hayes Management admits that Carbajal has exhausted her administrative remedies.

## COUNT ONE
## ALLEGED VIOLATION OF TITLE VII/IDAHO HUMAN RIGHTS ACT
### (Alleged Sexual Harassment/Hostile Work Environment)

37. As to ¶37 of the Complaint, Carbajal realleges and incorporates by reference ¶¶1-36 above as though fully set forth herein this Count One.

38. As to ¶38 of the Complaint, Hayes Management admits that Carbajal is female and therefore belongs to a protected class under Title VII of the Civil Rights Act and the Idaho Human Rights Act.

39. As to ¶39 of the Complaint, Hayes Management denies that Carbajal was subjected while at work to any (a) unwanted comments, (b) touching, (c) sexual comments, (d) sexual advances, (e) grabbing, (f) groping, or (g) attempted kissing.

40. As to ¶40 of the Complaint, there was no such conduct, welcomed or unwelcomed.

41. As to ¶41 of the Complaint, there was no such conduct, based upon Carbajal's sex or otherwise.

42. As to ¶42 of the Complaint, there was no such conduct and the work environment was neither hostile nor sexually abusive.

43. As to ¶43 of the Complaint, regardless of Carbajal's unreasonable, subjective perceptions, Hayes Management denies that the work environment was (a) abusive, (b) hostile, or (c) offensive.

44. As to ¶44 of the Complaint, Hayes Management denies that a reasonable woman in Carbajal's circumstances would consider the working environment to be abusive, hostile and/or offensive.

45. As to ¶45 of the Complaint, Hayes Management (a) denies that there was any inappropriate conduct to which Carbajal might have acquiesced in order to keep her employment, and (b) denies that (i) there was a hostile work environment, and (ii) Carbajal suffered a tangible employment action as a result of the work environment.

46. As to ¶46 of the Complaint, Hayes Management (a) denies that Carbajal has suffered or will suffer any legally recognizable or actionable loss of (i) earnings, (ii) benefits, (iii) job opportunities, (iv) emotional distress consisting of (A) outrage, (B) shock, or (C) humiliation ("alleged damages"), (b) denies that Hayes Management acted contrary to law, (c) denies that Hayes Management failed to act in any way required by law, (d) denies that any alleged damages are a direct result of any actions of Hayes

Management that are either contrary to law and/or any failure by Hayes Management to act as required by law, (e) denies that any alleged damages are a proximate result of any actions of Hayes Management that are either contrary to law and/or any failure by Hayes Management to act as required by law, (f) denies that Carbajal is entitled to any damages, general or compensatory, and (g) denies that Carbajal is entitled to equitable remedies as against Hayes Management.

47. As to ¶47 of the Complaint, Hayes Management (a) denies that it has acted or failed to act in willful or with reckless disregard of Carbajal's federally protected rights, and (b) denies that Carbajal is entitled to punitive damages pursuant to 42 U.S.C. §1981a(a).

## COUNT TWO
## ALLEGED VIOLATION OF TITLE VII/IDAHO HUMAN RIGHTS ACT
### (Alleged Retaliation)

48. As to ¶48 of the Complaint, Carbajal realleges and incorporates by reference ¶¶1-47 above as though fully set forth herein this Count Two.

49. As to ¶49 of the Complaint, Hayes Management (a) denies that there was any sexual harassment of Carbajal by Chris Hayes, (b) denies that there was a hostile work environment in which Carbajal worked for Hayes Managements, (c) denies that Carbajal reported any "sexual harassment" by Chris Hayes, and (d) denies that any such report from Carbajal, by reason of being false, would be an activity protected under Title VII and the Idaho Human Rights Act.

50. As to ¶50 of the Complaint, Hayes Management denies that Carbajal was subjected to adverse employment actions as a result of any protected activity.

51. As to ¶51 of the Complaint, Hayes Management (a) denies that it discriminated against Carbajal, or (b) denies that it retaliated against Carbajal due to her engaging in protected activity.

52. As to ¶52 of the Complaint, Hayes Management (a) denies that Carbajal has suffered or will suffer any legally recognizable or actionable loss of (i) earnings, (ii) benefits, (iii) job opportunities, (iv) emotional distress consisting of (A) outrage, (B) shock, or (C) humiliation ("alleged damages"), (b) denies that Hayes Management acted contrary to law, (c) that it failed to act in any way required by law, (d) denies that any alleged damages are a direct result of any actions of Hayes Management that are either contrary to law and/or any failure by Hayes Management to act as required by law, (e) denies that any alleged damages are a proximate result of any actions of Hayes Management that are either contrary to law and/or any failure by Hayes Management to act as required by law, (f) denies that Carbajal is entitled to any damages, general or compensatory, and (g) denies that Carbajal is entitled to equitable remedies as against Hayes Management.

53. As to ¶53 of the Complaint, Hayes Management (a) denies that it has acted or failed to act in willful or with reckless disregard of Carbajal's federally protected rights, and (b) denies that Carbajal is entitled to punitive damages pursuant to 42 U.S.C. §1981a(a).

## ATTORNEYS' FEES

54. As to ¶54 of the Complaint, Hayes Managements (a) denies that Carbajal has been compelled to (i) retain the services of counsel, (ii) incur costs and attorneys' fees ("fees and costs"), (b) denies that any fees and costs are a direct or proximate result of any actions of Hayes Management that are either contrary to law and/or any failure by Hayes Management to act as required by law, and (c) denies that Carbajal is entitled to any fees and costs pursuant to 42 U.S.C. §1981(b) and 42 U.S.C. §2000e-5(k).

## AFFIRMATIVE DEFENSES

Further answering, and in defense against, Carbajal's Complaint, Hayes Management states as follows:

55. Carbajal's Complaint fails, in whole or in part, to state claims against Hayes Management upon which relief can be granted.

56. Carbajal's claims are barred by applicable statutes of limitations or other periods of limitation.

57. All inferences are to be drawn in favor of Hayes Management and against Carbajal with regards to the relevant information that Carbajal has taken or destroyed (e.g., deleting information on the work computer), including that on August 31, 2017.

58. Carbajal's claims are barred because at all times Hayes Management acted in compliance with and appropriately under the strictures of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.*, and the Idaho Human Rights Commission Act, Idaho Code §67-5901 *et seq.*

59. Carbajal's claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands and/or estoppel, including her failures to observe "HMS General Rules of Conduct" (as signed by Carbajal and dated 1.19.2012) numbers 5, 7, 8, 9, 11, 12, 15, and 16, as well as the "Hayes Management Services, Inc. Employee Handbook 2015" (attached hereto as Exhibit 1; in which Carbajal herself provided substantial input and authorship in its compilation), including "3. CODE OF CONDUCT", "4. EMPLOYMENT RELATED POLICIES … * Internet, email and phone policy", "5. DISCRIMINATION & HARRASSMENT POLICY/What is harassment", "5. DISCRIMINATION & HARRASSMENT POLICY/How to deal with discrimination or harassment", and "8. LEAVING PROCEDURES/Return of company property".

60. Carbajal's claims are barred because Hayes Management did not cause or contribute to any damage, loss, or injury allegedly sustained by Carbajal.

61. If and to the extent any actions of which Carbajal now complains occurred, Carbajal participated in, solicited, incited, welcomed and consented to each such action, both by

her affirmative conduct with respect to the complained-of acts as well as earlier ones of similar nature given the time that elapsed between them and by later acceptance of them, as well as failure to protest.

62.  The true nature of any conduct Carbajal inaccurately alleges is not sexual in nature, and has nothing to do with her gender.

63.  The true nature of any conduct Carbajal inaccurately alleges is not offensive to a reasonable person.

64.  The work environment at Hayes Management in the era of 2012-2017 was not anti-female.

65.  The work environment at Hayes Management is in line with the prevailing work environment for office work of the type performed at Hayes Management, thus, Carbajal assumed the risks inherent in the prevailing work environment for office work.

66.  The true nature of any conduct Carbajal inaccurately alleges was neither sufficiently severe or pervasive to render the work environment either hostile or abusive.

67.  The only factors playing in the decision of Hayes Management to terminate Carbajal's employment on August 31, 2017 were (a) her increasing manifestations of antagonism towards and failing to cooperate with co-worker Melissa Galles, the daughter of Chris Hayes, (b) Carbajal's increasing manifestations of envy and failing to cooperate with co-worker Rachel Mann, but overwhelmingly and primarily (c) Carbajal's conflict of interest in having enticed a major client (Pearl) to stop using the payroll services of Hayes Management by taking a job with Pearl to perform payroll services outside of her employment with Hayes Management, in breach of her non-compete covenants and the policies of Hayes Management that Carbajal signed on 1.19.2012 acknowledging.

68. Carbajal has failed to mitigate her damages (if she has any legally recognizable damages), §706(g) of Title VII, including (a) failing to timely report such in the way outlined in the "Hayes Management Services, Inc. 2015 Employee Handbook" and/or (b) failing the duty to use reasonable diligence to seek and maintain replacement employment.

69. Hayes Management disclaims liability for claims of Carbajal based on allegations that are outside the scope of Carbajal's charge of discrimination and her charge of retaliation.

70. Carbajal failed to take advantage of any preventative or corrective opportunities provided by Hayes Management or to avoid harm otherwise, as Carbajal failed to avail herself of the mechanisms set forth in Hayes Management Services, Inc. Employee Handbook 2015.

71. Hayes Management is entitled to an award of the attorneys' fees and costs it incurs herein defending against the instant lawsuit, brought without factual foundation and for Carbajal's vexatious purposes.

72. Hayes Management expressly reserves the right, pending discovery, to add additional affirmative defenses and assert third-party claims against those that have collaborated with Carbajal with respect to any of the matters mentioned herein and/or bring this vexatious, unfounded lawsuit.

## <u>COUNTERCLAIMS AGAINST CARBAJAL</u>

By way of a counterclaim against Carbajal, Hayes Management alleges and complains as follows:

## COUNTERCLAIM COUNT ONE

### BREACH OF TERMS OF EMPLOYMENT, OF CONVANT NOT TO COMPETE AND OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

73. Hayes Management realleges and incorporates by reference ¶¶1-72 above as though fully set forth herein this Counterclaim Count One.

74. Carbajal was privy to an oral (undocumented) employment contract with Hayes Management.

75. The terms of Carbajal's employment contract include the "HMS General Rules of Conduct" signed by Carbajal on 1.19.2012 (attached hereto as Exhibit 2), which include (a) #7: "No employee shall engage in outside employment that is detrimental to the Company's interest or where such is competitive or in conflict with the Company's interest.   Employment outside the Company must be reported to the employee's supervisor.", (b) #8: "Employees shall not reveal information in Company records to unauthorized persons. * * *.", (c) #11: "Employees shall not use Company equipment, materials or facilities for personal purposes.", (d) #16: "No employee shall be in unauthorized possession of any property of the Company, such as company files[,] its customer's private information or attempt to remove such property from Company premises."

76. Carbajal's conduct, as variously mentioned in the foregoing paragraphs of this document, on and before August 31, 2017 are in violation of ##7, 8, 11 and 16 of the "HMS General Rules of Conduct" signed by Carbajal on 1.19.2012

77. Carbajal signed the "Hayes Management Services, Inc. Employee Non-Compete Agreement" on 1.19.2012 (attached hereto as Exhibit 3), which includes prohibitions against competing with Hayes Management and/or trying to solicit its customers until two years have passed after termination of employment.

78. Carbajal's employment was terminated on August 31, 2017; the two year mark passed on August 31, 2019.

79. Prior to 8.31.2019, Carbajal violated her non-compete covenants and terms and conditions of her employment by enticing clients to stop using the services of Hayes Management.

80. Prior to August 31, 2019, Carbajal violated her non-compete covenants and terms and conditions of her employment by soliciting clients of Hayes Management to seek the payroll, tax return preparation, business consulting, etc. services elsewhere.

81. Carbajal has violated her non-compete covenants by encouraging Zak Warren to form Pearl Professional Services, Inc. on September 11, 2017, in which she has participated since at least September 22, 2017 through August 31, 2019 in the operations as its "business office manager" to provide "tax preparation services", "bookkeeping/payroll", to several businesses and individuals that were clients of Hayes Management for a time prior to and in August 2017, all in competition with Hayes Management.

82. Carbajal's conduct, as variously mentioned in the foregoing paragraphs of this document, is a breach of the implied covenant of good faith and fair dealing.

83. As a result of Carbajal's conduct as specified hereinabove, Hayes Management has suffered loss of profits, consequential damages and other possible contractual damages in amounts to be proven at trial.

84. Pursuant to Idaho Code §12-120(3), Hayes Management is entitled to an award against Carbajal for its attorney fees in pursuing this Counterclaim Count One.

## COUNTERCLAIM COUNT TWO
### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

85.  Hayes Management realleges and incorporates by reference ¶¶1-84 above as though fully set forth herein this Counterclaim Count Two.

86.  Hayes Management has a valid economic expectancy from the productivity of its staff.

87.  Hayes Management had a valid economic expectancy from the sale of its payroll business (including clientele), then pending.

88.  Carbajal knew of those expectancies.

89.  Carbajal has intentionally acted to sow seeds of discontent and discord among the other, remaining staff members of Hayes Managements since at least August 2017, in order to exact the vengeance that she stated on August 31, 2017.

90.  Carbajal's actions have not only been interfering, but wrongful in their own right, in that such have included threats of intimidation, misrepresentation and/or disparaging falsehoods on August 31, 2017 and at other times.

91.  When Hayes Management in the summer of 2017 decided to sell off its payroll practice but assured each of its payroll-service employees that their jobs were secure (that there was plenty of other work at Hayes Management for each of them), Carbajal falsely told the other payroll-service employees of Hayes Management that they were going to be 'let go.'

92.  In October 2017 (one to two months after Carbajal's employment was terminated), when attending a birthday party for the daughter of another Hayes Management staff employee, Elizabeth Alvarado Mireles (AKA Elizabeth Alvarez), Carbajal became incensed and confrontational with Elizabeth because other staff from Hayes Management

were also in attendance; the scene caused by Carbajal's behavior (a "melt down") deteriorated to the point that Elizabeth asked Carbajal to leave and eventually obtained a restraining order against Carbajal.

93. Hayes Management has been damaged (in amounts to be proven at trial) as a result of Carbajal's interference due to distraction from business tasks and discontent and fear that Carbajal's actions and statements have instilled in staff.

94. By spiriting away payroll clients from Hayes Management in August 2017 and the 24 ensuing months, Carbajal has interfered with the economic expectancy that Hayes Management had from the inclusion of such clientele in the sale of the payroll business.

95. Hayes Management has been damaged (in amounts to be proven at trial) as a result of Carbajal's interference due to enticing payroll clientele away.

## COUNTERCLAIM COUNT THREE
## PUNITIVE DAMAGES FOR OPPRESSIVE, MALICIOUS AND OUTRAGEOUS CONDUCT

96. Hayes Management realleges and incorporates by reference ¶¶1-93 above as though fully set forth herein this Counterclaim Count Three.

97. Carbajal's conduct, as outlined in the foregoing paragraphs of this document, has been oppressive.

98. Carbajal's conduct, as outlined in the foregoing paragraphs of this document, has been malicious.

99. Carbajal's conduct, as outlined in the foregoing paragraphs of this document, has been outrageous.

100.   Hayes Management seeks recovery of punitive damages, and will, by motion, request permission of the Court to add a request for relief for punitive damages, as provided in Idaho Code §6-1604.

## PRAYER FOR RELIEF

Hayes Management seeks the orders and judgment of the Court against Carbajal as follows:

1.   That dismiss Carbajal's Complaint, with Carbajal being awarded nothing.

2.   That Carbajal reimburse Hayes Management for its costs and attorneys' fees incurred in defending against Carbajal's Complaint.

3.   That Carbajal breached her contract and the implied covenant of good faith and fair dealing, regarding her employment contract with Hayes Management (and its terms and conditions), as well as her non-compete covenant.

4.   For contractual, tortious interference and other appropriate damages, in amounts to be proven at trial.

5.   For any equitable remedies available to Hayes Management.

6.   For costs and attorneys' fees in bringing and pursuing the Counterclaim Counts One, Two and Three.

7.   For such other and further relief as the Court deems just and proper.

*John Simmons*

DATED: 2019-10-28

John Simmons

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, by filing the foregoing *Amended Answer and Counterclaim* electronically with and through the *CM/ECF* system, the following parties or counsel were served by electronic means:

DeAnne Casperson                           dcasperson@workandwage.com
Amanda E. Ulrich                           aulrich@workandwage.com
Ryan S. Dustin                             rdustin@workandwage.com
Casperson Ulrich Dustin PLLC
356 W Sunnyside Road, Suite B
Idaho Falls ID 83402


                                           DATED: 2019-10-28

John Simmons