UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>    Plaintiff,<br><br>  v.<br><br>HAYES MANAGEMENT SERVICE, INC.,<br><br>    Defendant. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| HAYES MANAGEMENT SERVICE, INC.,<br><br>    Counter-claimant,<br><br>  v.<br><br>MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>    Counter-respondent. | |

## INTRODUCTION

Before the Court is Plaintiff, Maria Angelica "Angie" Carbajal's Motion for Leave to File Amended Complaint and Demand for Jury Trial. Dkt. 24. The Motion is fully briefed and at issue. For the reasons that follow the Court will grant the motion.

# BACKGROUND

Carbajal initiated this action against her former employer, Hayes Management Service, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Idaho Human Rights Act. Carbajal worked for Hayes from January 2012 through August 2017. *Compl.* ¶¶ 8, 28, Dkt. 1. Carbajal alleges that, in the course of her employment, she was subjected to unwanted sexual comments and contact by Hayes' owner, Chris Hayes. *Id.* ¶¶ 39, 40. She further alleges that Hayes retaliated against her by subjecting her to adverse employment actions when she reported the sexual harassment and hostile work environment. *Id.* ¶¶ 49-51.

Hayes answered Carbajal's complaint and filed counterclaims alleging Carbajal breached the terms of her employment, including a covenant not to compete. *Answer* ¶¶ 73-84, Dkt. 4. Hayes alleges that the covenant not to compete prohibited Carbajal from competing with Hayes or trying to solicit its customers for two years. Hayes alleges Carbajal went to work for a former client, solicited Hayes' clients and enticed them to stop using its service. *Id.* ¶¶ 79-81. Hayes also claims tortious interference with prospective economic advantage. *Id.* ¶¶ 85-95. Hayes alleges that Carbajal acted to sow seeds of discontent and discord among Hayes' staff, intimidated them, and told certain staff they were going to be "let go." *Id.* ¶¶ 89-91.

Carbajal now seeks to amend her complaint to include allegations that Hayes counterclaims are frivolous and have been filed only to retaliate against her. *See Def.'s Ex. A* ¶ 57, Dkt. 24-1.

## LEGAL STANDARD

Generally, leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id.* (citation omitted); *see Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989).

The United States Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980; *accord Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.1999). The most important factor is whether amendment would prejudice the opposing party. *Howey v. United States*,

481 F.2d 1187, 1190 (9th Cir.1973). But futility of amendment can, by itself, justify denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). A proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. RykoffSexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988).

## ANALYSIS

Hayes argues that Carbajal's proposed amendments would be futile and should therefore be denied. *Def.'s Br.*, Dkt. 25. Hayes recognizes that post-employment legal actions may be actionable retaliation. *Id.* at 3. However, it argues that to be actionable post-employment legal actions must be malicious or baseless. *Id.* It further argues that its counterclaims are far from the "venal retaliations" recognized as actionable. *Id.*

In response, Carbajal argues that there is no legal basis for Hayes' counterclaims. *Rep.* at 4-6, Dkt. 26. Carbajal further argues that the facts presented in her amended complaint, when taken as true, establish a plausible claim for retaliation. *Id.*

Title VII protections extend to post employment retaliatory actions taken by an employer. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). The filing of a baseless counterclaims can, under certain circumstances, constitute

adverse employment action sufficient to state a claim for retaliation. *See Warner v. Sims Metal Mgmt. Ltd.*, No. C 13-02190 WHA, 2013 WL 5754403, at *3 (N.D. Cal. Oct. 21, 2013).

Whether Hayes' counterclaims are actually baseless and retaliatory is a contested issue that cannot be resolved at this stage of the litigation. *See Tucker v. Chobani, LLC,* No. 1:17-CV-345-BLW, 2018 WL 3232775, at *1 (D. Idaho July 2, 2018). Carbajal has pled sufficient allegations to allow amendment of the complaint. Accordingly, the court will grant the motion to amend.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Leave to File Amended Complaint and Demand for Jury Trial (Dkt. 24) is **GRANTED**.

2. Plaintiff is directed to file a First Amended Complaint.

DATED: January 21, 2020

B. Lynn Winmill
U.S. District Court Judge