UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICES, INC.,<br><br>Defendant. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

This action involves claims for sexual harassment, hostile work environment, and retaliation brought by Plaintiff, Maria Angelica Carbajal, against Defendant, Hayes Management Services, Inc. Before the Court is Carbajal's motion for leave to file a second amended complaint. (Dkt. 65.) Carbajal seeks to amend her complaint to add two additional defendants, Hayes Tax & Accounting Services, Inc. ("Hayes Tax"), and Chris Hayes, and to add a claim for constructive

MEMORANDUM DECISION AND ORDER - 1

trust. Defendant, Hayes Management, opposes the motion. The Court finds good cause for and will accordingly grant the motion to amend.

## BACKGROUND[1]

Carbajal began working as a receptionist for Hayes Management in January 2012. Shortly thereafter, Carbajal became aware that Chris Hayes, who is the 100% owner of Hayes Management, and other staff of Hayes Management were having conversations in the office regarding such things as the sexual relations with their spouses. They would also touch each other in a sexual manner. This behavior made Carbajal feel uncomfortable. Because she was a new employee, she feared complaining about the discussions and conduct and instead would generally walk away and keep to herself. However, other staff members observed Carbajal's response and failure to participate in the sexual conversations and conduct, and would tell Carbajal that she was being "too serious," and needed to "loosen up."

Chris Hayes' sexual behavior in the office escalated. For example, he would stand next to Carbajal and run his hands down her backside, slap her buttocks, attempt to touch her chest, and attempt to kiss Carbajal, among other things. Hayes

---

[1] The factual allegations are taken from the proposed second amended complaint. (Dkt. 65-1.) For purposes of deciding the motion to amend, the Court assumes the factual allegations of the proposed second amended complaint are true unless otherwise specified.

engaged in similar actions with other staff members as well. And, because his behavior was so commonplace in the office, his behavior became normalized and there were times when Carbajal found herself also joking and laughing about it so that she would not be isolated or punished for her disapproval.

Chris Hayes also made comments about how school girls and other women looked as they walked past the office, and made comments to Carbajal about sex crimes in the media—such as the cases against Bill Cosby and Jared Fogel (prior Subway spokesperson who was convicted of possession of child pornography)—defending Cosby and Fogel, and blaming the accusers (Cosby) or stating that a person has the right to watch whatever they want on their computer (regarding Fogel's conviction of possessing child pornography). All of this made Carbajal feel very uncomfortable.

In January 2016, a fellow employee caught Hayes watching pornography in his office at work. Carbajal learned about the incident and reported it to Brandy Mann, another employee who had the ability to address the concerns with Hayes. Mann explained to Carbajal that she never sits or stands on the same side of the desk as Hayes because of his inappropriate touching. However, nothing was done to address Carbajal's concerns.

Also in January 2016, Carbajal reached out to Hayes' pastor, who came to

the office weekly to meet with Hayes for bible study, and expressed her concerns about Hayes' sexually inappropriate comments and conduct at the office. The pastor said he would speak with Hayes about Carbajal's concerns.

A few days later, Carbajal met with Hayes and explained her concerns regarding his behavior in touching staff members, talking about sexual relationships with spouses, making comments about clients' appearances, watching pornography in his office, etc. Hayes acknowledged that he had a problem and said he would "be more careful."

After this meeting, things improved slightly for a short time. However, Hayes eventually returned to his previous behavior. Carbajal's office was moved to the opposite side of the building, so she did not see Hayes as often, but he still sexually harassed Carbajal when he came over to Carbajal's side of the building, such as by trying to kiss and touch her. She tried to ignore his conduct and focus on working.

In May 2017, after Carbajal returned from vacation, and after having been away from the sexually-charged environment during her vacation, she realized she could not continue to work for Hayes Management any longer due to Hayes' sexual advances and behaviors. And Hayes' actions continued, including Hayes propositioning Carbajal to have an affair with him, and Carbajal continued to

refuse Hayes' advances.

In July 2017, Carbajal provided notice at work that she would only be working 20 hours per week and intended to leave employment with Hayes Management. Carbajal did so because she could no longer put up with Hayes' sexual harassment and the work environment he created.

In August 2017, Carbajal expressed concerns to Hayes Management's attorney regarding Hayes' sexual advances and sexual behavior toward her and the other staff. Although the attorney told Carbajal that they would discuss it further, the attorney never spoke to Carbajal about it again. On August 30, 2017, Carbajal received an offer to work for another employer. On August 31, 2017, Carbajal went to work at Hayes Management intending to inform Hayes that she found other employment and provide her two weeks' notice. Carbajal was unable to speak with Hayes that morning but told other staff members that she had found new employment and was providing her two weeks' notice.

After lunch, Hayes Management's attorney arrived at the office and asked Carbajal to go outside the office with him to talk. Once outside, the attorney informed Carbajal that Hayes wanted her to leave due to what he claimed was a conflict of interest based on Carbajal being hired by a former client of Hayes Management. The attorney also informed Carbajal that Hayes was hurt and

disappointed that she was leaving her employment with Hayes Management. Carbajal told the attorney that she could no longer work there because of the constant sexual comments and touching in the work environment, which she had previously discussed with the attorney. Carbajal requested a letter stating her employment was being terminated and the attorney stated he would provide the letter. While waiting for the letter, Carbajal went back into the office to wait for the letter and to gather her personal items. While waiting for the letter, a staff member called the police and had the police escort Carbajal off the property.

Carbajal filed a charge of discrimination with the Idaho Human Rights Commission (IHRC) and the Equal Employment Opportunity Commission (EEOC) in February 2018, and was issued her Notice of Right to Sue on April 26, 2019. She filed the present action on July 23, 2019, alleging sexual harassment, hostile work environment, and retaliation in violation of Title VII and the Idaho Human Rights Act against Hayes Management.

In October 2019, Hayes Management filed an answer and counterclaims against Carbajal for breach of covenant not to compete, tortious interference, and punitive damages for oppressive, malicious, and outrageous conduct. Shortly thereafter, in November 2019, Hayes Management also filed a motion for summary judgment, which the Court denied without prejudice for purposes of docket

management, noting that the defendant could renew its motion after discovery.

Carbajal filed a charge of discrimination with the IHRC and EEOC based on the counterclaims brought by Hayes Management, contending that the counterclaims are harassing and retaliatory. Carbajal was issued her Notice of Right to Sue for the new charge of discrimination on December 4, 2019. On December 23, 2019, Carbajal moved to file an amended complaint to add a new claim for retaliation claim based upon the counterclaims. (Dkt. 24.) The Court granted leave to amend (Dkt. 27), and Carbajal filed her first amended complaint on January 29, 2020 (Dkt. 30).

On February 28, 2020, Hayes Management filed a renewed motion for summary judgment, seeking dismissal of Carbajal's Title VII claims on the ground that Hayes Management did not have 15 "employees" for 20 or more weeks in 2015 or 2016 and that it was thus not an "employer" under Title VII. The Court denied the motion in an order entered on June 4, 2020, finding genuine issues of material fact precluded summary judgment on the issue.

On June 18, 2020, a few weeks after the Court's order denying Hayes Management's renewed motion for summary judgment, Hayes Tax filed articles of incorporation. The registered agent for Hayes Tax is listed as Hayes Management. The president of Hayes Tax is listed as Melissa Galls, who is Chris Hayes'

daughter. And the vice president of Hayes Tax is listed as Brandy Mann, who was the office manager for Hayes Management. Both Galls and Mann participated in preparing statements to respond to Carbajal's charge of discrimination and thus are aware of Carbajal's claims against Hayes Management. Mann also submitted an affidavit in support of summary judgment in the present action.

On December 31, 2020, Chris Hayes executed an Asset Purchase Agreement on behalf of Hayes Management, selling what appears to be most if not all of Hayes Management's assets, including its good will and client list, to Hayes Tax. The Purchase Agreement did not, however, include the liabilities of Hayes Management, and does not mention the present litigation or the pending counterclaims. Further, the amount paid by Hayes Tax for Hayes Management's assets is below fair market value, and Hayes Management is now defunct, with insufficient assets to cover a potential judgment in favor of Carbajal in this case. Finally, any proceeds from the sale of Hayes Management's assets have been distributed by Chris Hayes to himself, personally, or have been earmarked for matters other than paying any potential liability arising from the present litigation.

On February 18, 2021, Plaintiff filed the present motion seeking to file a second amended complaint to add Hayes Tax as a defendant based on successor liability; to add Chris Hayes as a defendant based on alter ego liability; and to add

a claim for constructive trust. (Dkt. 65).

## LEGAL STANDARD

The deadline for amending the pleadings has passed (*see* Dkt. 63 (Scheduling Order setting deadline for amendment of pleadings and joinder of parties as September 23, 2020).) Thus, the motion to amend is governed not by the liberal provisions of Rule 15(a) of the Federal Rules of Civil Procedure but by the more restrictive provisions of Rule 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). The focus of Rule 16(b)'s good cause standard is the diligence of the moving party. *Id*. at 608. A court should find good cause only if the moving party shows it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DIRECTV, Inc. v. Busdon*, No. CV-04-265-S-LMB, 2005 WL 1364571, *1 (D. Idaho June 8, 2005). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 (citing *Engleson v. Burlington N. R.R.*, 972 F.2d 1038, 1043 (9th Cir. 1992)).

When determining whether to grant a motion to amend outside the deadline imposed in the scheduling order, a court may also consider "the existence or degree of prejudice to the party opposing the modification." *Id*. However, the court's inquiry should focus "upon the moving party's reasons for seeking

modification." *Id*. If the party moving to amend "was not diligent, the inquiry should end." *Id*.

## ANALYSIS

### A. Good Cause

Carbajal contends that good cause exists to grant her leave to file a second amended complaint to add Hayes Tax and Chris Hayes as defendants in this action. The Court agrees.

Although Hayes Tax was formed in June 2020, shortly after the Court issued its order denying Hayes Management's renewed motion for summary judgment, the Purchase Agreement and transfer of assets from Hayes Management to Hayes Tax did not occur until December 31, 2020, and thus several months after the September 20, 2020, deadline passed for amending pleading and joining parties.

Further, Carbajal has provided evidence that she did not learn about Hayes Management's sale of assets to Hayes Tax until mid-January 2021; and that, upon learning of the sale, her counsel immediately began an investigation into the situation. The motion to file a second amended complaint was filed a month later, in mid-February 2021.

The Court finds, based on the allegations in the proposed second amended complaint, and the evidence submitted in support of the motion for leave to amend, that Carbajal acted with diligence by filing the motion to amend soon after

discovering the sale of assets by Hayes Management to Hayes Tax.

The Court will now turn to the question of whether good cause exists to add each of the proposed new defendants—Hayes Tax based on successor liability and Chris Hayes based on alter ego liability—and the new claim for constructive trust.

## B. Hayes Tax

Carbajal seeks to add Hayes Tax as a defendant based upon successor liability.[2] Hayes Management opposes the amendment, contending that Hayes Tax is not subject to successor liability because the Purchase Agreement between Hayes Management and Hayes Tax does not include the assumption of Hayes Management's liabilities that arose prior to December 31, 2020. The lack of explicit assumption of Hayes Management's liabilities is not, however, determinative, of whether Hayes Tax is subject to successor liability. Under "certain circumstances a new employer will be held liable for the legal obligations of its predecessor employer though explicit assumption of the obligations is absent." *Bates v. Pac. Mar. Ass'n*, 744 F.2d 705, 708 (9th Cir. 1984).

In the context of Title VII obligations, the liability of a successor must be

---

[2] Carbajal also indicates that she may later seek to add the owners of Hayes Tax, Galles and Mann, once discovery is completed. The propriety of adding Galles and Mann is not before the Court and will accordingly not be addressed herein.

determined on a case-by-case basis. *Id.* at 709.

> There are three principal factors bearing on the appropriateness of successor liability for employment discrimination: (1) the continuity in operations and work force of the successor and predecessor employers, (2) the notice to the successor employer of its predecessor's legal obligation, and (3) the ability of the predecessor to provide adequate relief directly.

*Id.* at 709-10.

Here, Hayes Management admits that there are aspects of the operations and work force of Hayes Management that have been continued by Hayes Tax. Carbajal has also submitted evidence that this factor is met, including evidence that Chris Hayes sent a letter to "Clients and Friends" stating that he would be continuing to work with Hayes Tax, and that, on the surface, everything would look and act the same as it was with Hayes Management. Hayes Tax has also continued operating the business in the same location, providing the same services, using the same equipment; and continuing to use the "Hayes" name. Thus, the first *Bates* factor is met.

The second *Bates* factor is also met because the owners of successor Hayes Tax—Galles and Mann—had personal knowledge of the discrimination claims Carbajal was bringing against Hayes Management and were thus on notice as to the potential liability of Hayes Management to Carbajal.

As to the third *Bates* factor—the ability of predecessor Hayes Management

to provide adequate relief—Carbajal alleges in the proposed second amended complaint that Hayes Management has transferred most, if not all, of its assets to Hayes Tax, leaving Hayes Management as an empty shell and defunct, and that Hayes Management now has insufficient assets to cover a potential judgment in favor of Carbajal. The Court must, at this stage of the proceedings, view these proposed factual allegations as true. *See Willnerd v. Sybase, Inc.*, No. 1:09-CV-00500-BLW, 2010 WL 4362855, at *4 (D. Idaho Oct. 26, 2010) (proposed allegations that would be included in the amended complaint are assumed to be true when determining whether proposed amendment would be futile). And, viewing these factual allegations as true, the Court finds that the final *Bates* factor is met. Accordingly, amendment of the complaint to add Hayes Tax under the theory of successor liability is appropriate and the Court finds good cause exists for allowing the amendment.

### C. Chris Hayes

Carbajal seeks to add Chris Hayes as a defendant in this action because on alter ego liability. Hayes Management opposes the motion, contending that there is no basis to support Carbajal's claim for alter ego liability and, further, the time within which Plaintiff should have sought to add Chris Hayes as a defendant has long ago passed.

"Piercing the corporate veil imposes personal liability on otherwise

protected corporate officers, directors, and shareholders for a company's wrongful acts allowing the finder of fact to ignore the corporate form." *Lunneborg v. My Fun Life*, 421 P.3d 187, 199, 200 (Idaho 2018) (citations and internal quotation marks omitted). "To prove that a company is the alter ego of a member of the company, a claimant must demonstrate (1) a unity of interest and ownership to a degree that the separate personalities of the [company] and individual no longer exist and (2) if the acts are treated as acts of the [company] an inequitable result would follow." *Id.* (citations and internal quotation marks omitted).

Here, Carbajal alleges in the proposed second amended complaint that Chris Hayes is the alter ego of Hayes Management because there is a unity of ownership and interest such that Hayes has no separate personality from Hayes Management. Carbajal further alleges that Hayes is the 100% owner of Hayes Management; that Hayes Management, through Chris Hayes, transferred all or most of its assets to Hayes Tax for an unreasonably small amount of money, eliminating Hayes Management's cash flow; and that Hayes did so to intentionally leave Hayes Management as an empty shell company during the course of this litigation so as to eliminate accountability for any finding of liability and award of damages to Carbajal.

Carbajal further contends that it is possible that Chris Hayes has distributed

the funds that were received from the sale of assets out of Hayes Management and to Chris Hayes' own personal funds or that such funds have been earmarked for other purposes, leaving Hayes Management with no ability to pay any liability that may be imposed in this case. Finally, even if the funds received from the sale of assets have not been distributed or earmarked, it is possible that the funds will be insufficient to pay any liability that may be imposed in this case.

The Court finds that the allegations of the proposed second amended complaint, taken as true, are sufficient to show that there is a unity of interest and ownership to a degree that the separate personalities of Hayes Management and Chris Hayes no longer exist and that an inequitable result would follow if Chris Hayes is not added to this action under an alter ego theory.

The Court rejects Hayes Management's contention that Carbajal should have sought to add Hayes to this action sooner. The basis for adding Hayes at this point is the information that came to light in January 2021 regarding the sale of all or most of Hayes Management's assets to Hayes Tax, through the actions of Hayes Management's 100% owner, Chris Hayes, for an amount that is alleged to be woefully inadequate, and which eliminated Hayes Management's cash flow and left Hayes Management as an empty shell company. Carbajal filed her motion for leave to amend her complaint approximately one month after learning of this new

**MEMORANDUM DECISION AND ORDER - 15**

information. There was not, therefore, any unreasonable delay in seeking to add Chris Hayes under the theory of alter ego.

Finally, the Court again notes that in determining whether to allow the proposed amendment, the facts alleged in the proposed amended complaint are taken as true.

### D. Constructive Trust

Finally, Carbajal seeks to amend her complaint to add a claim for constructive trust. "A constructive trust arises when 'legal title to property has been obtained through actual fraud, misrepresentations, concealments, taking advantage of one's necessities, or under circumstances otherwise rendering it unconscionable for the holder of legal title to retain beneficial interest in property.' " *Snider v. Arnold*, 289 P.3d 43, 45 (Idaho 2012).

Here, the proposed second amended complaint alleges that when Hayes Management entered into the purchase agreement with Hayes Tax, Hayes Management, Hayes Tax, and Chris Hayes obtained legal title to property under circumstances that would render it unconscionable for Hayes Management, Hayes Tax, and Chris Hayes to retain the beneficial interest in those assets that are the subject of the Purchase Agreement and the proceeds resulting from the Purchase Agreement. Carbajal thus alleges that a constructive trust should be imposed over those assets that were transferred under the Purchase Agreement and the proceeds

resulting from that agreement to ensure that sufficient assets are available to satisfy any potential damages that may be awarded to Carbajal in this action.

Additional allegations in the proposed second amended complaint, as discussed above, include that Hayes Management transferred all or most of its assets to Hayes Tax for an unreasonably small amount of money and eliminated Hayes Management's cash flow; that Chris Hayes did so to intentionally leave Hayes Management as an empty shell company during the course of this litigation so as to eliminate accountability for any finding of liability and award of damages to Carbajal in this matter; that Chris Hayes may have distributed the funds that were received from the sale of assets out of Hayes Management and to Chris Hayes' own personal funds or that such funds have been earmarked for other purposes (such as paying legal fees), leaving Hayes Management with no ability to pay any liability that may be imposed in this case. The allegations of the proposed second amended complaint are sufficient to state a claim for imposition of a constructive trust. The Court thus finds that good cause exists for granting leave to amend to add a claim for constructive trust.

The Court rejects Hayes Management's argument that Carbajal has not presented evidence to support her constructive trust claim. As noted previously, at this stage of the proceedings, a plaintiff is not required to submit evidence. Rather,

a plaintiff must merely provide factual allegations that comply with Federal Rule of Civil Procedure 11, and there is no indication that Rule 11 is being violated here.

Finally, in construing the allegations in the proposed second amended complaint as true for purposes of deciding the motion to amend, the Court takes no position on the veracity of those allegations, or the ultimate outcome of this case, as doing so would be both premature and improper. *See Larios v. Nike Retail Servs.*, Inc., No. 11CV1600, 2013 WL 4046680, at *5 (S.D. Cal. Aug. 9, 2013) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). Hayes Management, and the new defendants added through the to-be-filed second amended complaint, will have the opportunity to challenge the allegations in the second amended complaint, and the evidence underlying the claims contained therein, once discovery is complete.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 65) is **GRANTED**.

2. Plaintiff is directed to file her second amended complaint no later than June 11, 2021.



DATED: June 4, 2021

_____
B. Lynn Winmill
U.S. District Court Judge