UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICES, INC., et al.,<br><br>Defendants. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendants' Motion in Limine to Admit the Idaho Human Rights Commission's (IHRC's) determination regarding Plaintiff's discrimination claim. (Dkt. 71.) The Court will deny the motion without prejudice.

Plaintiff initiated this lawsuit alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.* Prior to the lawsuit, Plaintiff had filed a charge of discrimination with the IHRC and the Equal Employment Opportunity Commission. The IHRC issued its determination regarding Carbajal's allegations

of sexual harassment and retaliatory discharge on April 26, 2019, and simultaneously issued notice of her right to sue.

In her amended complaint, Plaintiff alleges that the IHRC determination is inadmissible. In response, Defendants have filed the pending motion in limine seeking a determination by this court that the IHRC determination is admissible as evidence in this case. The Court finds such a determination at this stage of the litigation would be premature.

"A party may bring a motion in limine to address the admissibility of evidence to be introduced at trial." *Bratton v. Shinette*, No. 2:16-CV-1084-EFB P, 2018 WL 4929736, at *5 (E.D. Cal. Oct. 11, 2018). Because the power to rule on motions in limine derives from the "inherent power to manage the course of trials," *Luce v. United States*, 469 U.S. 38, 44 n.4 (1984), the Court has broad discretion to decide when to rule on motions in limine to best manage the course of trial. However, generally, ruling on motions in limine "should be deferred until shortly before trial to ensure that the evidence may be weighed in proper context." *Bratton*, 2018 WL 4929736, at *5.

Here, discovery has not been completed. No dispositive motions are pending before the Court. And, trial is not imminent. Instead, Defendants state that they are bringing the motion on the ground that Plaintiff asserted in the amended complaint that the IHRC determination is inadmissible. This assertion in the complaint is

insufficient to render the issue of admissibility of the IHRC determination ripe.

## ORDER

**IT IS ORDERED** that Defendants' motion in limine (Dkt. 71) is **DENIED**.

DATED: July 1, 2021

_____
B. Lynn Winmill
U.S. District Court Judge