**Shelly H. Cozakos, ISB No. 5374**
**COZAKOS & CENTENO, PLLC**
475 W. Main Street
Boise, Idaho 83702
<u>Mailing Address:</u>
P.O. Box 7626
Boise, Idaho 83707
Telephone:  208.506.3300
Email:  shelly@pclawboise.com
eService:  efile@pclawboise.com

*Attorneys for Defendant Hayes Tax & Accounting Services, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>*Plaintiff,*<br><br>v.<br><br>HAYES MANAGEMENT SERVICES, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>*Defendants.* | Case No. 4:19-CV-00287-BLW<br><br>**DEFENDANT HAYES TAX & ACCOUNTING SERVICES, INC.'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Hayes Tax & Accounting Services, Inc. ("Hayes Tax"), by and through its counsel of record, Shelly H. Cozakos of the firm Cozakos & Centeno, PLLC, answers Plaintiff's Second Amended Complaint and Demand for Jury Trial ("Complaint") as follows:

**FIRST DEFENSE**

Defendant Hayes Tax denies each and every allegation not specifically admitted in this Answer.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a cause of action against Hayes Tax in which relief can be granted.

## RESPONSE TO ALLEGATION

1. In answer to paragraphs 1, 2, 3 and 4 of the Complaint, Hayes Tax has insufficient information or knowledge to respond to these allegations and therefore denies the same.

2. In answer to paragraph 5 of the Complaint, Hayes Tax admits that Defendant Hayes Management Services, Inc. is an Idaho corporation doing business in Bonneville County, Idaho and that Hayes Tax purchased some of the assets of Hayes Management Services. Hayes Tax denies all remaining allegations.

3. In answer to paragraph 6 of the Complaint, Hayes Tax admits that it is an Idaho corporation doing business in Bonneville County, Idaho. Hayes Tax denies all remaining allegations.

4. In answer to paragraphs 7, 8 and 9 of the Complaint, Hayes Tax has insufficient information or knowledge to respond to these allegations and therefore denies the same.

5. In response to paragraph 10, Hayes Tax realleges and reincorporates all of its answers to all referenced paragraphs.

6. In answer to paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 48 of the Complaint, Hayes Tax has insufficient information or knowledge to respond to these allegations and therefore denies the same.

7. In answer to paragraph 49 of the Complaint, Hayes Tax admits the allegations contained therein.

8. In answer to paragraph 50 of the Complaint, Hayes Tax denies the allegations contained therein.

9. In answer to paragraphs 51 and 52 of the Complaint, Hayes Tax admits the allegations contained therein.

10. In answer to paragraph 53 of the Complaint, Hayes Tax admits that Mr. Hayes executed an Asset Purchase Agreement selling some of Hayes Management's assets. Hayes Tax denies all remaining allegations.

11. In answer to paragraphs 54, 55 and 56 of the Complaint, Hayes Tax denies the allegations contained therein.

12. In answer to paragraph 57 of the Complaint, Hayes Tax has insufficient information or knowledge to respond to these allegations and therefore denies the same.

13. In answer to paragraphs 58 and 59 of the Complaint, Hayes Tax denies the allegations contained therein.

14. In answer to paragraph 60 of the Complaint, Hayes Tax has insufficient information or knowledge to respond to these allegations and therefore denies the same.

15. In answer to paragraph 61, Hayes Tax realleges and reincorporates all of its answers to all referenced paragraphs.

16. In answer to paragraphs 62, 63, 64, 65, 66, 67, 68, 69, 70 and 71 of the Complaint, Hayes Tax has insufficient information or knowledge to respond to these allegations and therefore denies the same.

17. In answer to paragraph 72, Hayes Tax realleges and reincorporates all of its answers to all referenced paragraphs.

18. In answer to paragraphs 73, 74, 75, 76, 77 and 78 of the Complaint, Hayes Tax has insufficient information or knowledge to respond to these allegations and therefore denies the same.

19. In answer to paragraph 79, Hayes Tax realleges and reincorporates all of its answers to all referenced paragraphs.

20. In answer to paragraphs 80, 81 and 82 of the Complaint, Hayes Tax denies the allegations contained therein.

21. In answer to paragraph 83 of the Complaint, Hayes Tax has insufficient information or knowledge to respond to these allegations and therefore denies the same.

22. In answer to paragraph 84 of the Complaint, Hayes Tax denies the allegations contained therein.

23. In answer to paragraph 85, Hayes Tax realleges and reincorporates all of its answers to all referenced paragraphs.

24. In answer to paragraphs 86, 87 and 88 of the Complaint, Hayes Tax has insufficient information or knowledge to respond to these allegations and therefore denies the same.

25. In answer to paragraph 89, Hayes Tax realleges and reincorporates all of its answers to all referenced paragraphs.

26. In answer to paragraphs 90 and 91 of the Complaint, Hayes Tax denies the allegations contained therein.

27. In answer to paragraph 92, Attorneys' Fees, of the Complaint, Hayes Tax denies the allegations contained therein.

## RESERVATION OF ADDITIONAL DEFENSES

Hayes Tax hereby reserves the right and affirmatively state its intention to plead additional defenses via an Amended Answer to Second Amended Complaint and Demand for Jury Trial should additional defenses become known throughout the course of discovery in this case.

## FIRST AFFIRMATIVE DEFENSE

Hayes Tax is not a successor in interest to Hayes Management.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has acted with unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## ATTORNEY'S FEES AND COSTS

Hayes Tax has been required to retain the services of Cozakos & Centeno, PLLC, to defend it in the above-entitled matter. Hayes Tax has incurred and will continue to incur costs and attorney fees for which Hayes Tax is entitled to a separate award pursuant to 42 U.S.C § 2000e – 5(c) *et seq*; Rule 54 of the Federal Rules of Civil Procedure, and any other applicable law, in an amount to be determined by the Court.

**THEREFORE**, Hayes Tax request the Court enter judgment as follows:

1. Dismissing Plaintiff's Second Amended Complaint and Demand for Jury Trial with prejudice, without granting any of the relief requested by that document;

2. Awarding Hayes Tax its costs, expenses and reasonable attorney's fees incurred in defending the Complaint; and

3. Granting Hayes Tax such other equitable or legal relief as the Court deems reasonable, just and proper.

DATED: July 19, 2021.

**COZAKOS & CENTENO, PLLC**

By  /s/Shelly H. Cozakos
Shelly H. Cozakos, Of the Firm
*Attorneys for Defendant Hayes Tax & Accounting Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2021, I forwarded a true and correct copy of the foregoing document to:

DeAnne Casperson
dcasperson@workandwage.com

Amanda E. Ulrich
aulrich@workandwage.com

Ryan S. Dustin
rdustin@workandwage.com

        */s/ Shelly H. Cozakos*
        Shelly H. Cozakos