DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
Ryan S. Dustin, Esq. (ISB No. 8683)
rdustin@workandwage.com
CASPERSON ULRICH DUSTIN PLLC
356 W. Sunnyside Rd., Suite B
Idaho Falls, ID 83402
Telephone: (208) 524-0566
Facsimile: (208) 745-2523

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICES, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>Defendants. | Case No. 4:19-CV-00287-BLW<br><br>**MEMORANDUM IN SUPPORT OF MONETARY AND EVIDENTIARY SANCTIONS AGAINST HAYES MANAGEMENT SERVICES, INC.** |
| HAYES MANAGEMENT SERVICE, INC<br>Counter-claimant,<br><br>v.<br><br>MARIA ANGELICA "ANGIE" CARBAJAL<br>Counter-defendant. | |

COMES NOW, Plaintiff Maria Angelica "Angie" Carbajal ("Plaintiff") by and through her counsel of record, Casperson Ulrich Dustin PLLC, and submits this Memorandum in Support of Monetary and Evidentiary Sanctions Against Hayes Management Services, Inc ("Hayes Management").

1 –  MEMORANDUM IN SUPPORT OF MONETARY AND EVIDENTIARY SANCTIONS AGAINST HAYES MANAGEMENT SERVICES, INC.

## I.     INTRODUCTION

On July 21, 2022, the Court entered its Memorandum Decision and Order regarding Defendant Hayes Management's Motion for Protective Order (Dkt. 90) and Plaintiff's Motion for Sanctions Against Defendant Hayes Management and Chris Hayes (Dkt. 103). The Court granted Plaintiff's motion to default Chris Hayes and Hayes Management as to Plaintiff's claims for alter ego liability (against Defendant Chris Hayes, individually) and constructive trust (against Chris Hayes and Hayes Management). The Court did not enter default against Hayes Management on Plaintiff's other claims in this action, but recognized that lesser sanctions against Hayes Management for its behavior would likely be appropriate, and indicated Plaintiff could seek sanctions less severe than default. More specifically, the Court held as follows:

> The Court therefore finds it appropriate to prohibit Hayes and Hayes Management from contesting Carbajal's claim that Hayes is the alter ego of Hayes Management, and that Hayes is personally liable for all damages that may be awarded to Carbajal and assessed against Hayes Management in this litigation. The Court also finds it appropriate to prohibit both Hayes and Hayes Management from contesting Carbajal's claim that a constructive trust be imposed on any proceeds Hayes and Hayes Management have received, or will receive, from their sale of assets to Hayes Tax to ensure that sufficient assets are available to satisfy any damages that may be awarded to Carbajal in this action.
> [. . .]
> The Court, however, recognizes that preclusion orders on the alter-ego theory and constructive trust claims may not impose a sufficiently severe sanction on Hayes Management for its misconduct in this litigation. Thus, if Carbajal feels additional, lesser sanctions, such as monetary or evidentiary sanctions, would be appropriate against Hayes Management to deter similar misconduct, she may file a motion proposing such alternative sanctions. If Carbajal seeks monetary sanctions, she must set forth the amount she seeks and the basis for such amount. In addition, Carbajal will be able to fully attack Hayes Management's credibility at trial based on its conduct in discovery.

Dkt. 115 at 37-38. Plaintiff now brings this additional motion seeking monetary and evidentiary sanctions, per the Court's Order.

## II.     ARGUMENT

### A. Carbajal Should Be Awarded Attorneys' Fees Associated with Her Alter-Ego, Successor Liability, and Constructive Trust Claims

Had Hayes Management been truthful about the transaction, even before Plaintiff filed her Motion for Leave to Amend, and simply properly and truthfully answered Plaintiff's discovery requests related to the transaction, Plaintiff and her counsel would not have had to expend the tens of thousands of dollars she did on the successor liability, alter ego and constructive trust issues in discovery. Plaintiff's attorneys' fees tied directly to Defendants' dilatory conduct amount to $33,750.00. *See* Ulrich Decl., ¶ 3, Ex. A. This includes having to draft multiple meet and confer correspondences, undertake meet and confer telephone calls, attend discovery dispute conferences with the Court, and briefing not only related to the attorney client privilege issue, but also Plaintiff's motion for sanctions associated with Defendants' conduct. Further, Plaintiff had to hire an expert to demonstrate that the sale of Hayes Management was significantly undervalued, and had to pay to serve a subpoena on Mr. Wright's office. The costs associated with Plaintiff's expert and the subpoena are $2,635.00. *Id.* Per the Court's Order, Plaintiff should be awarded her attorneys' fees pertaining to Defendants' conduct of $33,750.00 and costs in the amount of $2,625.00. Ulrich Decl., ¶¶ 3-5, Ex. A.

### B. As a Lesser Sanction, the Court Should Issue an Adverse Inference Instruction Based Upon Hayes Management and Hayes' Conduct

Rule 37 of the Federal Rules of Civil Procedure provides various avenues of redress where a party has engaged in discovery abuses. *See* Fed. R. Civ. P. 37(b), (c) & (d). Among the sanctions Rule 37 allows the Court to "issue further just orders" which may include the following:

  (i)  Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

  (ii)  Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;

Fed. R. Civ. P. 37(b)(2)(A). Additionally, the Court may inform the jury of the party's failure to disclose or supplement information in discovery, or may impose other appropriate sanctions, including an adverse inference instruction. Fed. R. Civ. P. 37(c); *see also, e.g., Dong Ah Tire & Rubber Co. v. Olasforms, Inc,* 2009 WL 1949124, at *10 (N.D.Cal. July 2, 2009), *modified*, 2009 WL 2485556 (N.D.Cal. Aug. 12, 2009)*; see also DeCastro v. Kavadia* 309 F.R.D. 167, 182 (S.D.N.Y. 2015).

  Here, given Hayes Management's egregious conduct in discovery, an adverse inference instruction is appropriate. Plaintiff proposes the following language for such instruction:

> The Federal Rules of Civil Procedure require parties in a civil case to provide the opposing party with information relevant to the case. This is called discovery. Discovery can take many forms. Let me describe for you some of the more common types of discovery. For example, a party can submit what is called an interrogatory to the opposing party requiring them to answer certain questions under oath. Another example is a request for production of documents in which a party can request that the opposing party produce documents that are relevant to the case. Finally, a party may take the deposition of an opposing party, their representative, or a potential witness. At a deposition, the person being deposed is placed under oath and asked questions by the attorneys. The questions and the answers are then transcribed and made available to the parties. Although usually used only to discover what a witness knows about the case, a deposition may also, under limited circumstance, be offered into evidence at trial.
>
> In this case, the Plaintiff submitted requests for production to Defendants Chris Hayes and Hayes Management, asking both to produce any documents related to the sale of or offers to sell Hayes Management. Both Chris Hayes and Hayes Management produced only the Asset Purchase Agreement for $100,000 and repeatedly represented to Plaintiff and the Court that no other documents existed and that all discussions of the sale and price were oral only. However, Hayes Tax was served similar requests for production and produced 100 pages of documents related to the sale of or offers to sell Hayes Management or its assets that were not produced by Chris Hayes or Hayes Management. One of these documents, the

> Intent to Sell, directly contradicted Chris Hayes and Hayes Management sworn declarations that all negotiations to sell Hayes Management were oral. The Court has already found that Hayes Management and Chris Hayes lied about the transaction to Plaintiff and the Court and intentionally misled Plaintiff and the Court by hiding the $400,000 transfer of value to Chris Hayes personally. In other words, Defendants Chris Hayes and Hayes Management wanted Plaintiff and the Court to believe $100,000 was the total amount for which Hayes Management was sold.
>
> The Court has determined that Chris Hayes and Hayes Management's failure to produce all of these documents in response to Plaintiff's requests for production constituted a clear violation of Chris Hayes and Hayes Management discovery obligations under the Federal Rules of Civil Procedure. The Court has already determined that Chris Hayes will be personally liable for a judgment in this case if you find that Plaintiff is entitled to such an award. I am instructing you that you may draw any reasonable inference from this discovery violation that you feel is warranted from the facts, including an inference that Chris Hayes sexually harassed Plaintiff and sold Hayes Management in such a manner to try and avoid paying any judgment in this matter. However, it is for you to determine what inference is reasonable under all of the facts of this case.

This instruction strikes a balance of informing the jury of Chris Hayes and Hayes Management's conduct, but allowing the jury to infer whatever it believes to be appropriate from that conduct, meaning that any potential prejudice is outweighed by the jury's ability to assign its own inference, good or bad, to Chris Hayes and Hayes Management's conduct. In addition to monetary sanctions for wasting Plaintiff's counsel (and the Court's) time and money on issues which should have been responded to truthfully, and which would have avoided multiple follow-up correspondences, discovery dispute conferences, and briefing, this instruction will help to cure the prejudice to Plaintiff caused by Defendants' actions, as well as serve to deter similar future conduct by Defendants.

### III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests sanctions that her request that her request for monetary sanctions and an adverse inference instruction be awarded

Dated this 4th day of August, 2022.	/s/   *Amanda E. Ulrich*
	Amanda E. Ulrich
	CASPERSON ULRICH DUSTIN PLLC