John G. Simmons (ISB No. 3156)
JOHN SIMMONS JD LLM Prof Co
796 Memorial Drive
Idaho Falls, ID 83402
Tel: (208) 528-9901
Email: johnsimmonslaw@gmail.com

Attorney for Defendant/Counterclaimant,
Hayes Management Services, Inc.

Norman G. Reece, Jr. (ISB No. 3898)
NORMAN G. REECE, P.C
445 West Chubbuck Road, Suite D
Chubbuck, Idaho 83202
Tel:  (208) 233-0128
Fax:  (208) 233-4895
Email:  normreecelaw@aol.com

Attorney for Defendant, Chris S. Hayes

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HAYES MANAGEMENT SERVICES, INC., an Idaho Corporation, HAYES TAX & ACCOUNTING SERVICES, INC., an Idaho Corporation, AND CHRIS S. HAYES, an individual,<br><br>Defendants.<br><br>―――――――――――――――<br><br>HAYES MANAGEMENT SERVICES, INC., an Idaho Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>MARIA ANGELICA "ANGIE" CARBAJAL, an individual,<br><br>Counterdefendant. | Case No.  4:19-CV-00287-BLW<br><br>**RESPONSE TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MONETARY AND EVIDENTIARY SANCTIONS AGAINST HAYES MANAGEMENT SERVICES, INC. [Dkt. 124]** |

Defendants, Hayes Management Services, Inc. ("Hayes Management") and Chris S. Hayes ("Hayes"), by and through their attorneys of record, submit this response in opposition to the Memorandum in Support of Monetary and Evidentiary Sanctions Against Hayes Management Services, Inc. (Dkt. 124), filed August 4, 2022 ("Memorandum for Sanctions").

Hayes' and Hayes Management's substantive opposition is four-fold. First, further sanctions would be disproportionate and excessive. Second, the declaration filed by Plaintiff's counsel is incompetent as to several of the items set forth in the declaration and its exhibit. Third, the attorney time claimed is exorbitant and unreasonable. Fourth, the jury instruction requested as an evidentiary sanction goes beyond what the Court allowed as a possible sanction.

As a procedural matter, Plaintiff's request should be denied, because she failed to file a motion. The procedural and local rules, as well as the applicable court order, required a motion.

## FACTS

In response to a discovery dispute between the parties, the Court imposed certain sanctions on Hayes and Hayes Management. *See* Memorandum Decision and Order (Dkt. 115), filed July 21, 2022 ("MDO"). Specifically, the Court prohibited Hayes and Hayes Management from contesting Plaintiff's claims for *alter ego* liability and for imposition of a constructive trust. MDO at 37. The Court added that "if Carbajal feels additional, lesser sanctions, such as monetary or evidentiary sanctions, would be appropriate against Hayes Management to deter similar misconduct, she may file a ***motion*** proposing such alternative sanctions." MDO at 38 (emphasis added).

Plaintiff did not file any such motion. Instead, she merely submitted the Memorandum for Sanctions. Plaintiff also submitted a supporting declaration from her attorney. *See* Declaration of Amanda E. Ulrich in Support of Monetary and Evidentiary Sanctions Against Defendant Hayes Management Services, Inc. (Dkt 124-1), filed August 4, 2022 ("Ulrich Declaration"). Attached as

Exhibit A to the Ulrich Declaration is a spreadsheet purporting to show the time spent and costs incurred by Plaintiff's attorneys pursuing her claims for *alter ego* liability and imposition of a constructive trust. *See* Exhibit A to Ulrich Declaration (Dkt. 124-2), filed August 4, 2022 ("Exhibit A").

Plaintiff's request should be denied for the reasons noted earlier. Each point is discussed below.

## LEGAL ARGUMENT

Plaintiff's request fails procedurally because Plaintiff failed to submit a motion. The Federal Rules of Civil Procedure (F.R.C.P.) required Plaintiff to submit a written motion. F.R.C.P. 7(b)(1)(A). The local rules are clear that motions and briefs are separate filings and **both** are required. Dist. Idaho Loc. Civ. R. 7.1(b)(1). Moreover, the Court's decision upon which Plaintiff bases her request required Plaintiff to file a motion. MDO at 38. Plaintiff having failed to comply with the F.R.C.P., the local rules, and the Court's order, her request should be denied.

Plaintiffs's request fails substantively as well. First of all, by the time Plaintiff filed her motion seeking sanctions, the documentation that was the basis for imposing sanctions had already been submitted to the Court for *in camera* review, as Hayes and Hayes Management sought a protective order. Furthermore, the Ulrich Declaration is problematic; it fails to demonstrate personal knowledge as to several of the items set forth therein, and the attorney time claimed is exorbitant and unreasonable. Finally, the evidentiary sanction requested by Plaintiff attempts an "end run" around the Court's ruling by seeking an evidentiary advantage in Plaintiff's Title VII claims, when the Court made it clear that the sanctions imposed would have nothing to do with the Title VII claims.

1. **Further sanctions would be disproportionate and excessive.**

Plaintiff requested documents pertaining to any sale of Hayes Management:

> **REQUEST FOR PRODUCTION NO. 57:** Please produce any documents that include or reference discussions, offers, negotiations, and/or are related to a potential sale or the actual sale of Hayes Management Service, Inc., from 2012 to date.

*See* Plaintiff's Motion for Sanctions Against Defendants Hayes Management Services, Inc. and Chris Hayes (Dkt. 103), filed April 29, 2022 ("Motion for Sanctions"), Appendix p. 3. Plaintiff also propounded the following interrogatory:

> **INTERROGATORY NO. 24:** Please identify each offer to sell or offer to purchase Hayes Management Services, Inc. from 2012 to date, including whether the offer (either to purchase or to sell) was made orally or in writing, the amount of the offer (either to purchase or sell), and the identity of the person who made the offer (either to purchase or sell).

*See* Motion for Sanctions, Appendix p. 2. The primary focus of Plaintiff's Motion for Sanctions was a document entitled, "Intent to Sell" in which Chris Hayes outlined terms and conditions that would need to be addressed in a sale of Hayes Management to Melissa Galles and Brandy Mann.

Hayes Management sought a protective order for documents responsive to Plaintiff's discovery requests. *See* Hayes Management's Motion for Protective Order (Dkt. 90), filed February 23, 2022 ("Motion for Protective Order"). *See also* MDO at 2. The Court acknowledged the "Intent to Sell" document was submitted to the Court for *in camera* review pursuant to the Motion for Protective Order. MDO at 31. Rather than wait for the Court's decision on the Motion for Protective Order, Plaintiff filed her Motion for Sanctions over two months *after* Hayes Management filed for a protective order and 11 days *after* Hayes Management submitted the subject documents for *in camera* review. *See* Motion for Sanctions Against Defendants Hayes Management Services, Inc. and Chris Hayes (Dkt.103), filed April 29, 2022 ("Motion for Sanctions"). Plaintiff's Motion for Sanctions was granted in part and denied in part in the same decision where the Court denied Hayes Management's Motion for Protective Order. MDO at 3.

Contrary to the picture painted by the Plaintiff, Hayes and Hayes Management did not conspire to withhold the "Intent to Sell" document from Plaintiff's attorneys. Instead, the "Intent to Sell" document was submitted for *in camera* review as Hayes and Hayes Management sought a protective order. The fact that Plaintiff's attorneys received it in the interim via discovery submissions from Hayes Tax & Accounting Services ("Hayes Tax") after the Motion for Protective Order was filed is of no moment. It was already among documents submitted under seal to the Court, awaiting *in camera* review. Counsel for Hayes Management had **already** submitted the document for the Court's *in camera* review **before** Plaintiff's counsel filed the Motion for Sanctions. Submitting the "Intent to Sell" document to the Court for review belies Plaintiff's contention that Hayes and Hayes Management somehow attempted to conceal it.

The Court has already imposed sanctions upon Hayes and Hayes Management relative to disclosure of the "Intent to Sell" document. Moreover, the Court ruled monetary and evidentiary sanctions could be imposed if Carbajal felt they were necessary to "deter similar misconduct." MDO at 38. The fact that Hayes and Hayes Management already submitted the "Intent to Sell" document for *in camera* review precludes a finding that Hayes and Hayes Management need to be deterred from "hiding" discoverable documents in the future. Indeed, the Court having denied Hayes' and Hayes Management's Motion for Protective Order, the documents which Hayes and Hayes Management claimed were protected from disclosure have been produced. In short, there are no other documents to produce, and thus no need to "deter" Hayes and Hayes Management from withholding discoverable documents. Plaintiff made no argument about deterrence, even though deterrence is, according to the MDO, the key to additional sanctions. Plaintiff having made no showing of the need for further deterrence, her request should be denied.

Plaintiff's attorneys also claim they expended "tens of thousands of dollars . . . on the

successor liability, alter ego and constructive trust issues in discovery" on account of Hayes' and Hayes Management's conduct.  Memorandum for Sanctions at 3.  However, a careful review of Exhibit A to the Ulrich Declaration shows no entries pertaining to successor liability, *alter ego*, or constructive trust – with the exception of a mere 1.1 hours researching fraudulent transfer actions on March 1, 2022.  *See* Exhibit A. p. 3.  The $385.00 charged for that time is a far cry from the "tens of thousands of dollars" Plaintiff's counsel claims were spent on those issues.  Moreover, one is left to wonder just what research was necessary in early 2022, given that Plaintiff's Second Amended Complaint and Demand for Jury Trial (Dkt. 79), which alleged counts for successor liability, *alter ego* and constructive trust, had already been filed some eight months earlier, on June 7, 2021.  Consistent with their obligations under F.R.C.P. 11, such research would have been completed in June of 2021.

Finally, the $2,575.00 requested for expert witness fees (Exhibit A, p. 4) is questionable as well.  If those charges are truly attributable solely to the conduct for which sanctions were imposed, there will be no need for the expert's testimony at trial.  Yet Plaintiff has the burden to show a transfer of assets at less than fair value.  Clearly, to carry her burden of proof at trial, Plaintiff will need to offer evidence of value for her successor liability and constructive trust claims.  Plaintiff's claim that these expert fees would not have been incurred but for the conduct of Hayes and Hayes Management is a disingenuous attempt to pay Plaintiff's trial expert at the expense of Hayes Management.  Accordingly, the Court should deny Plaintiff's request as to the expert witness fees.

### 2. The Ulrich Declaration is Incompetent.

The Ulrich Declaration claims to be made on "personal knowledge unless otherwise stated."  Ulrich Declaration at 1 ¶ 1.  The declaration attaches a spreadsheet which purports to show attorney time spent and costs incurred in matters pertaining to the discovery dispute forming the basis of the

Motion for Sanctions. Ulrich Declaration at 1-2 ¶ 3. While Ms. Ulrich can testify about the time she personally spent in such matters, she cannot testify as to the time spent by Ms. Casperson on those matters. Such is inadmissible heresay, unless Ms. Ulrich were to meet the requirement of an evidentiary rule by which such information would be admissible, e.g., Federal Rule of Evidence (F.R.E.) 803(6). The Ulrich Declaration makes no attempt whatsoever to lay any sort of foundation under F.R.E. 803(6) as to Ms. Casperson's time and should, therefore, be stricken to that extent.

A court abuses its discretion by admitting a declaration that attaches records of which the declarant *fails to show* personal knowledge. *Latman v. Burdette*, 366 F.3d 774, 786 (9th Cir 2004). It is reversible error to admit a document under F.R.E. 803(6) that does not meet all the requirements of F.R.E. 803(6). *Millenkamp v. Davisco Foods International, Inc.*, 562 F.3d 971, 980-81 (9th Cir. 2009).

Accordingly, the Ulrich Declaration should be stricken to the extent it attempts to submit time entries for Ms. Casperson. The Casperson information is inadmissible hearsay, and the Ulrich Declaration makes no effort to establish an exception to the hearsay rule. An unsworn declaration under 28 U.S.C. § 1746 must be based upon personal knowledge. *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).

### 3. The Attorney Fees Claimed are Exorbitant and Unreasonable.

According to Plaintiff's counsel, some 49.7 hours were consumed preparing the Motion for Sanctions and supporting memoranda. Plaintiff's attorneys supposedly spent 8.2 hours preparing a simple three-page motion (with attachments that were obviously copied and pasted from other documents), and 41.5 hours in drafting 33 pages of briefing. Finally, Plaintiff's attorneys claim 21.5 hours drafting a memorandum opposing a motion for protective order filed by Hayes Management. The protective order proceedings had nothing to do with the conduct Plaintiff asserts is sanctionable.

Thus, the attorney fees claimed are both excessive and unreasonable.

## MOTION FOR SANCTIONS

Exhibit A to the Ulrich Declaration shows a total of 8.2 hours for drafting the Motion for Sanctions (3.8 hours on 04/18/22 and 4.4 hours on 04/19/22). The motion is three pages long. True, the attached "Appendix" is 11 pages, but it contains verbatim recitations of discovery requests and responses – documents already in existence and from which the content of the Appendix could have been easily created by a simple "copy and paste" operation on a word processor. In short, there is nothing about the Motion for Sanctions that required a full workday to draft it. Thus, the fees claimed for preparing the motion are excessive and should be denied.

## SUPPORTIVE MEMORANDA

To support the Motion for Sanctions, Plaintiff's attorneys submitted the Memorandum for Sanctions and the Reply Memorandum in Support of Plaintiff's Motion for Sanctions Against Defendants Hayes Management Services, Inc. and Chris Hayes (Dkt. 109), filed June 22, 2022 ("Reply Memorandum for Sanctions"). From the Appendix in Exhibit A, the hours claimed for the briefing can be broken down as follows:

| Date | Time |
|---|---|
| 04/21/22 | 6.4 |
| 04/25/22 | 3.9* |
| 04/25/22 | 5.0 |
| 04/26/22 | 5.6 |
| 04/27/22 | 7.4* |
| 04/27/22 | 4.6 |
| 04/28/22 | 4.0 |
| 06/20/22 | 2.1 |
| 06/20/22 | 2.4 |
| 06/21/22 | 0.1 |
| **Total:** | **41.5** |

*See Generally* Exhibit A to Ulrich Declaration. Certain entries regarding the briefing and the protective order are marked with an asterisk, because they contain entries for work related to drafting

the memoranda, but not revising the briefs *per se*. However, Plaintiff had the burden of showing "the amount... and the basis for such amount." MDO at 38. Plaintiff failed to specify what portions of the bulk time claimed for those dates were spent revising the briefs; consequently, those entries should be disregarded by the Court on that ground as well.

<u>MOTION FOR PROTECTIVE ORDER</u>

Plaintiff also claims 21.5 hours for attorney work related to the Motion for Protective Order. Those hours are detailed as follows:

| Date | Time |
| --- | --- |
| 02/28/22 | 3.9 |
| 03/01/22 | 2.4 |
| 03/02/22 | 4.1* |
| 03/02/22 | 4.3 |
| 04/06/22 | 2.1 |
| 04/07/22 | 3.5 |
| 04/08/22 | 0.7 |
| 04/08/22 | 0.5 |
| **Total:** | **21.5** |

*See Generally* Exhibit A to Ulrich Declaration. The Court ultimately ordered disclosure of the documents (part of the traunch of documents that had been already lodged with the Court, *in camera*) which were the subject of the Motion for Protective Order. MDO at 49. However, the issues pertaining to the Motion for Protective Order were separate and apart from the sanctions issues. Indeed, they were not a part of the Court's evaluation of the Motion for Protective Order. MDO at 39-49. Thus, the time claimed for work on the Motion for Protective Order is totally unrelated to the Motion for Sanctions and should be denied.

Finally, as noted earlier, the "Intent to Sell" document had already been submitted to the Court for *in camera* review **before** Plaintiff filed her Motion for Sanctions. The Motion for Protective Order was filed February 23, 2022. The Court directed Hayes Management to submit all documents it claimed were protected from disclosure by April 20, 2022. Order (Dkt. 94), filed April

12, 2022. Hayes Management submitted the documents two days before the Court's deadline. *See* Dkt. 96-101, filed April 18, 2022. Rather than wait for the Court's decision on the Motion for Protective Order, Plaintiff's attorneys then commenced drafting the Motion for Sanctions the very day Hayes Management submitted the documents for *in camera* review! *See* Exhibit A, p. 2 (entry for 4/18/2022). Thus, the time Plaintiff's attorneys spent on their Motion for Sanctions while the Motion for Protective Order was pending was a waste of their time for which Hayes and Hayes Management should not be accountable. Hayes and Hayes Management should not be required to reimburse Plaintiff for time her attorneys spent subsequent to the filing of the Motion for Protective Order.

Hayes Management had every right to seek a protective order. The timing of Plaintiff's Motion for Sanctions, given the pendency of the Motion for Protective Order, suggests a set-up to extract thousands of dollars from Hayes Management and pay for a sanctions motion that pertained to documents which were produced when the Court denied the Motion for Protective Order.

### 4. The evidentiary sanctions requested should be denied.

As an evidentiary sanction, Plaintiff asks the Court to instruct the jury that they can infer Chris Hayes sexually harassed plaintiff and sold Hayes Management in order to avoid paying any judgment in this case. Plaintiff's Memorandum at 5. The requested sanction should be denied for at least two reasons: First, the Court made it very clear that the sanctions imposed had nothing to do with Plaintiff's Title VII claims. Second, Chris Hayes did not sell Hayes Management.

The Court was careful to point out that the conduct for which Hayes was sanctioned had nothing to do with Plaintiff's claims under Title VII and the Idaho Human Rights Act ("IHRA"):

> Hayes Management and Hayes' misconduct bears no nexus to Carbajal's employment claims against Hayes Management under Title VII and the IHRA. None of the withheld documents relate to Carbajal's allegations that Hayes Management subjected her to a

> hostile work environment or retaliated against her. Nor do the withheld documents relate to Hayes Management's counterclaims. Given this lack of nexus between Hayes Management's misconduct and these claims, the Court finds entering default judgment on the employment claims against Hayes Management and dismissing Hayes Management's counterclaims would violate due process.

MDO at 37-38. In spite of the Court's limitation as to the scope of sanctions, Plaintiff's attorneys attempted an "end run" around that limitation by proposing an evidentiary sanction pertaining to the very matters which the Court said were off limits as far as sanctions were concerned – Title VII and the IHRA. Clearly, the evidentiary sanctions sought by Plaintiff's attorney exceed the bounds established by the Court, and on that ground alone should be denied.

Moreover, and contrary to the misleading instruction proposed by Plaintiff's counsel, Chris Hayes did not sell Hayes Management. Chris Hayes sold the corporate stock of Hayes Management. Hayes Management sold most of its assets, but did not sell Chris Hayes' personal professional goodwill, because Chris Hayes never: (a) transferred it to Hayes Management; (b) licensed Hayes Management to use it; or (c) agreed with Hayes Management to restrict his use of it. Hayes Management had no rights or indicia of ownership of Chris's personal professional goodwill. It simply was not an asset of Hayes Management; therefore, Hayes Management could not sell it. Only Chris Hayes had a property interest in it, so only Chris Hayes was able to sell it.

The Court's decision on sanctions acknowledges that not all assets of Hayes Management were part of the transaction between Hayes Management and Hayes Tax. MDO at 5 ("which assets would be purchased"), 6 (assets that are to be "included or excluded from the sale"), and 7 (Hayes Management selling "most of its assets"). Accordingly, the evidentiary sanction requested by Plaintiff is not accurate, and should be denied for that reason as well.

## CONCLUSION

Plaintiff's request for additional sanctions should be denied. First, Plaintiff failed to apply

for additional sanctions by motion as required by the F.R.C.P., the local rules, and the Court's MDO. Second, the monetary sanctions requested are based on time that did not need to be spent while the Motion for Protective Order was pending. Third, the declaration in support of monetary sanctions is incompetent hearsay as to some of the expense items claimed, and sets forth fees that are excessive and unreasonable. Fourth, the evidentiary sanctions requested should not be granted, because they exceed the scope set forth by the Court, and are inaccurate as to the allegation that all of Hayes Management's assets have been sold to Hayes Tax.

DATED this 25th day of August, 2022.

JOHN SIMMONS JD LLM PROF CO.

/s/
John G. Simmons, of the Firm, Attorney for Defendant/Counterclaimant, Hayes Management Services, Inc.

DATED this 25th day of August, 2022.

NORMAN G. REECE, P.C

/s/
Norman G. Reece, Jr., of the Firm, Attorney for Defendant, Chris S. Hayes

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2022, I served a true and correct copy of the foregoing RESPONSE TO PLAINTIFF'S MOTION FOR MONETARY AND EVIDENTIARY SANCTIONS AGAINST HAYES MANAGEMENT SERVICES, INC. via email to the following:

| | |
|---|---|
| DeAnne Casperson<br>Amanda E. Ulrich<br>Ryan S. Dustin<br>CASPERSON ULRICH DUSTIN PLLC<br>356 West Sunnyside Road, Suite B<br>Idaho Falls, ID 83402<br>dcasperson@workandwage.com<br>aulrich@workandwage.com<br>rdustin@workandwage.com | Shelly H. Cozakos<br>COZAKOS & CENTENO, PLLC<br>475 W. Main Street<br>Boise, ID 83707-7626<br>Email: shelly@pclawboise.com<br>eService: efile@pclawboise.com |

/s/
Norman G. Reece, Jr.