DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
Ryan S. Dustin, Esq. (ISB No. 8683)
rdustin@workandwage.com
CASPERSON ULRICH DUSTIN PLLC
356 W. Sunnyside Rd., Suite B
Idaho Falls, ID 83402
Telephone: (208) 524-0566
Facsimile: (208) 745-2523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICES, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>Defendants. | Case No. 4:19-CV-00287-BLW<br><br>**REPLY MEMORANDUM IN SUPPORT OF MONETARY AND EVIDENTIARY SANCTIONS AGAINST HAYES MANAGEMENT SERVICES, INC.** |
| HAYES MANAGEMENT SERVICE, INC<br>Counter-claimant,<br><br>v.<br><br>MARIA ANGELICA "ANGIE" CARBAJAL<br>Counter-defendant. | |

COMES NOW, Plaintiff Maria Angelica "Angie" Carbajal ("Plaintiff") by and through her counsel of record, Casperson Ulrich Dustin PLLC, and submits this Reply Memorandum in Support of Monetary and Evidentiary Sanctions Against Hayes Management Services, Inc ("Hayes Management").

1 – REPLY MEMORANDUM IN SUPPORT OF MONETARY AND EVIDENTIARY SANCTIONS AGAINST HAYES MANAGEMENT SERVICES, INC.

## I. INTRODUCTION

Per the Court's direction in the Memorandum and Order entered July 21, 2022 (Dkt. 115), Plaintiff submitted a request for attorneys' fees and evidentiary sanctions, based upon the Court's finding that sanctions were appropriate against Chris Hayes and as against Hayes Management for their conduct in discovery. Dkt. 115. Plaintiff submitted a request for an award of attorneys' fees as a sanction in the amount of $33,750 and costs in the amount of $2,635.00, supported by declaration, as well as a request for a jury instruction informing the jury of Hayes Management and Hayes' conduct. Defendants submitted an opposition to Plaintiff's requests, characterizing the sanctions as merely a result of a "discovery dispute"[1] and asserting that further sanctions would be disproportionate and excessive, that Plaintiff's request for fees and costs is "incompetent," that the fees claimed are exorbitant and unreasonable, and that "the jury instruction requested goes beyond what the Court allowed as a possible sanction." Dkt. 125 at 2. The Court should disregard Defendants' arguments as explained below, grant Plaintiff's request for fees and costs, and adopt Plaintiff's proposed jury instruction regarding Hayes Management and Hayes' conduct.[2]

## II. ARGUMENT

### A. Further Sanctions are Necessary as Hayes Management was Not Impacted by the Prior Sanctions

---

[1] The fact that Defendants continue to characterize the motion for sanctions as a "discovery dispute," rather than an egregious violation of the requirement that truthful information and testimony be provided in the legal process, indicates that Defendants still do not appreciate the gravity of their conduct and thus, the need for these additional sanctions.

[2] Plaintiff inadvertently and erroneously omitted the filing of an actual motion with her Memorandum in Support of Monetary and Evidentiary Sanctions against Hayes Management Services, Inc. (Dkt. 124). The Memorandum was obviously sufficient to put Defendants on notice that Plaintiff was moving for fees and other evidentiary sanctions per the Court's order, given that Defendants filed a memorandum in opposition.

2 – REPLY MEMORANDUM IN SUPPORT OF MONETARY AND EVIDENTIARY SANCTIONS AGAINST HAYES MANAGEMENT SERVICES, INC.

Defendants attempt to relitigate issues already decided in the motion for sanctions, again attempting to justify their conduct, and raising new arguments, now attempting to claim the "Intent to Sell" was somehow privileged, despite the fact that it clearly was not privileged, had been produced in discovery by Hayes Tax & Accounting, and Defendants made no attempt to claim Hayes Tax & Accounting should not have produced it. While this argument is baseless considering that Defendants' previous argument was that the parties had already worked out the agreement between themselves before legal counsel was involved, it completely ignores the multitude of other documents Hayes Management and Hayes withheld from Plaintiff in discovery and the multiple false responses Hayes provided regarding the existence of written documentation regarding the sale and the value of Hayes Management. These arguments and attempts to justify their behavior support the fact that further sanctions are needed to deter their conduct because Hayes Management and Hayes clearly do not seem to get it. Defendants' claims that their false discovery responses and representations to the Court and counsel, and withholding of documents and claiming they do not exist, were justified by submission of one document (which was not privileged and was produced by another party to Plaintiff) as part of an *in camera* review, shows the complete lack of appreciation for the gravity of their actions. More sanctions are necessary.

Moreover, Defendants ignore that the sanctions already imposed by the Court do not affect Hayes Management, despite Hayes Management's wrongful actions in discovery. The additional sanctions are necessary in order to ensure that Hayes Management faces consequences for its dilatory conduct. Indeed, that very issue was addressed by the Court in offering Plaintiff the option to seek additional sanctions. Dkt. 115.

Plaintiff will address Defendants' arguments regarding Plaintiff's request for attorneys' fees below. However, Defendants' argument that "the $2,575.00 requested for expert witness fees . .

. is questionable as well" and that "[i]f those charges are truly attributable to the conduct for which sanctions were imposed, there will be no need for the expert's testimony at trial" misses the point. Dkt. 125 at 6. *This is exactly why Plaintiff is seeking reimbursement for her expert witness fees.* If Defendants had not engaged in their dilatory conduct in selling the business in the middle of the litigation and seeking to make the assets of the business unavailable in the case of a verdict for Plaintiff, Plaintiff would have never had to engage a valuation expert in the first place. Moreover, Defendants seem to misunderstand the fact that they have been defaulted, still stating that "Plaintiff has the burden to show a transfer of assets at less than fair value." Plaintiff no longer has that burden with Hayes – Hayes is automatically personally liable in the case that Plaintiff proves her underlying claims.

### B. The Claimed "Incompetent" Ulrich Declaration

Strangely, Defendants assert that the contents of the Ulrich Declaration regarding the fees and costs incurred by Plaintiff associated with Defendants' dilatory conduct are "incompetent" because Ms. Ulrich's "testimony" about the time Ms. Casperson spent working on this matter is hearsay. To support its position, Defendants cite to case law which has nothing to do with requests for attorneys' fees. For example, Defendants cite to *Latman v. Burdette*, 366 F.3d 774, 786 (9th Cir. 2004), a bankruptcy case in which an attorney submitted evidence from a client's bank account attached to the attorneys' affidavit, rather than having the client lay the foundation and attach the bank account information to their own affidavit. Defendants cite this case claiming that Ms. Casperson had to submit a separate declaration detailing her attorneys' fees, even though Ms. Ulrich attached business records for her firm to her own declaration which detail Ms. Casperson's applicable work, as well as her hourly rate. *Latman* has no applicability here. Likewise, Defendants' citation to *Millenkamp v. Davisco Foods International, Inc.*, is misplaced. In

4 – REPLY MEMORANDUM IN SUPPORT OF MONETARY AND EVIDENTIARY SANCTIONS AGAINST HAYES MANAGEMENT SERVICES, INC.

*Millenkamp*, the Ninth Circuit overturned the District Court's decision to admit a letter written by a witness under the business records exception. 562 F.3d 971, 980-81 (9th Cir. 2009). The Ninth Circuit held that the letter was not generated in the ordinary course of the defendant's business, nor was it kept in the course of regularly conducted business activity, and instead appeared to have been generated in anticipation of litigation. *Id.* Again, this has nothing to do with Plaintiff's request for an award of attorneys' fees and costs as a sanction. Notably in that case, however, at the lower court level, the District Court did award a request for attorneys' fees based on a spreadsheet attached to the motion for fees, rather than an affidavit, finding that it provided enough information to award fees:

> Local Civil Rule 54.2 requires that the claiming party file a petition for attorneys fees accompanied by an affidavit of counsel setting forth: the dates, services rendered, hourly rate, hours expended, a statement of attorney fees contract with the client, and information, where appropriate, as to other factors which might assist the Court in determining the dollar amount of fee to be allowed. The Millenkamps motion in this case does not comport with the requirements of Local Rule 54.2 in terms of the form in which such motion is to be filed because the motion seeks both costs and attorneys fees and instead of submitting an affidavit, counsel has attached the billing records and costs and fees as exhibits to the motion. The Court has reviewed the motion in the case and determined that it has sufficient evidence upon which to rule upon the motion for attorneys fees based upon the submissions of counsel.

*Millenkamp v. Davisco Foods Intern., Inc.,* Case No. CV03-439-S-EJL, 2007 WL 844880, *2 (D. Idaho Mar. 16, 2007). Here, even though this request for fees is based upon an award of sanctions, rather than based upon Plaintiff being the prevailing party in the entire case, Plaintiff submitted information necessary under Local Rule 54.2, including submitting Plaintiff's counsel's time records with a sworn declaration. Notably, the Court's Order states that "[i]f Carbajal seeks monetary sanctions, she must set forth the amount she seeks and the basis for such amount." Dkt. 115 at 38. Plaintiff has done exactly that, and more. Defendants' arguments that Plaintiff's

counsel's declaration is somehow insufficient to demonstrate the work her firm performed on this case associated with Defendants' misconduct should be disregarded.

### C. The Amount of Fees Sought as Sanctions are Reasonable

Defendants also assert that the amount of fees claimed is exorbitant and excessive. First, Defendants seem to believe that there is a reasonableness/lodestar analysis that applies here, and it simply does not, given that Plaintiff is seeking these fees as a sanction, rather than as an award of fees as the prevailing party at the conclusion of a case. In any event, Plaintiff's fees sought are entirely reasonable, given the amount of work Defendants' actions have caused Plaintiff's counsel to do. Defendants clearly hid the details of the transaction from the beginning, all in an effort to keep Plaintiff from discovering the truth. None of the time sought by Plaintiff would have been necessary had Defendants simply provided truthful, complete information regarding the transaction and provided the documents requested by Plaintiff instead of falsely stating to Plaintiff that all negotiations and discussions of the potential and actual transaction were oral and that no actual documentation existed. Plaintiff would not have had to pursue the discovery dispute regarding the transaction, or address Defendant's Motion for Protective Order if Defendants had not made these representations to Plaintiff and the Court.

Plaintiff's time records speak for themselves, and Plaintiff will not belabor the point here. Suffice it to say, Plaintiff had to review the nearly 100 page production of documents from Hayes Tax & Accounting thoroughly in order to get a true understanding of just how egregious Defendants' conduct was and in order to summarize, compile, and present the information in a coherent way for the Court. Further, Plaintiff had to review all discovery requests and responses related to the transaction to determine which documents applied to which requests, as well as the discovery disputes, email correspondence, etc. This was no small task, and Plaintiff was as

efficient as possible in doing this work. Plaintiff's counsel stands behind their work and the amount of time and fees sought as sanctions against Defendants.

### D. The Court Should Adopt the Jury Instruction Sought by Plaintiff

Plaintiff provides the following in order to remind the Court of the jury instruction Plaintiff seeks as a sanction to ensure that Hayes Management receives some consequence for its behavior in discovery:

> The Federal Rules of Civil Procedure require parties in a civil case to provide the opposing party with information relevant to the case. This is called discovery. Discovery can take many forms. Let me describe for you some of the more common types of discovery. For example, a party can submit what is called an interrogatory to the opposing party requiring them to answer certain questions under oath. Another example is a request for production of documents in which a party can request that the opposing party produce documents that are relevant to the case. Finally, a party may take the deposition of an opposing party, their representative, or a potential witness. At a deposition, the person being deposed is placed under oath and asked questions by the attorneys. The questions and the answers are then transcribed and made available to the parties. Although usually used only to discover what a witness knows about the case, a deposition may also, under limited circumstance, be offered into evidence at trial.
>
> In this case, the Plaintiff submitted requests for production to Defendants Chris Hayes and Hayes Management, asking both to produce any documents related to the sale of or offers to sell Hayes Management. Both Chris Hayes and Hayes Management produced only the Asset Purchase Agreement for $100,000 and repeatedly represented to Plaintiff and the Court that no other documents existed and that all discussions of the sale and price were oral only. However, Hayes Tax was served similar requests for production and produced 100 pages of documents related to the sale of or offers to sell Hayes Management or its assets that were not produced by Chris Hayes or Hayes Management. One of these documents, the Intent to Sell, directly contradicted Chris Hayes and Hayes Management sworn declarations that all negotiations to sell Hayes Management were oral. The Court has already found that Hayes Management and Chris Hayes lied about the transaction to Plaintiff and the Court and intentionally misled Plaintiff and the Court by hiding the $400,000 transfer of value to Chris Hayes personally. In other words, Defendants Chris Hayes and Hayes Management wanted Plaintiff and the Court to believe $100,000 was the total amount for which Hayes Management was sold.
>
> The Court has determined that Chris Hayes and Hayes Management's failure to produce all of these documents in response to Plaintiff's requests for production

7 – REPLY MEMORANDUM IN SUPPORT OF MONETARY AND EVIDENTIARY SANCTIONS AGAINST HAYES MANAGEMENT SERVICES, INC.

>     constituted a clear violation of Chris Hayes and Hayes Management discovery obligations under the Federal Rules of Civil Procedure. The Court has already determined that Chris Hayes will be personally liable for a judgment in this case if you find that Plaintiff is entitled to such an award. I am instructing you that you may draw any reasonable inference from this discovery violation that you feel is warranted from the facts, including an inference that Chris Hayes sexually harassed Plaintiff and sold Hayes Management in such a manner to try and avoid paying any judgment in this matter. However, it is for you to determine what inference is reasonable under all of the facts of this case.

Defendants argue that the Court should not adopt the instruction proposed by Plaintiff because "the Court made it very clear that the sanctions imposed had nothing to do with Plaintiff's Title VII claims" and because "Chris Hayes did not sell Hayes Management." Dkt. 125 at 10. First, while the Court stated that there was not a "nexus to Carbajal's employment claims against Hayes Management under Title VII and the IHRA," that was in the context of determining whether *default* sanctions were appropriate because of the due process nexus requirement. Dkt. 115 at 37. That analysis was not related to other forms of sanctions. Additionally, the instruction Plaintiff seeks does not affirmatively state that the jury must consider whatever Chris Hayes states regarding sexually harassing Plaintiff is false. Rather, the instruction merely informs the jury that they can draw whatever inferences from Chris Hayes' other false testimony they believe is appropriate – including deciding not to believe him regarding his assertions that he did not sexually harass Plaintiff.

Additionally, Defendants' argument that Plaintiff's proposed instruction should not be given because "Chris Hayes did not sell Hayes Management" is yet another example of Defendants trying to defend their dilatory conduct with word play. Dkt. 125 at 11. Defendants again claim that "Hayes Management sold most of its assets, but did not sell Chris Hayes' personal professional goodwill." *Id.* These are the same semantics games which Defendants have attempted to use to justify not providing Plaintiff with truthful responses or responsive documentation in discovery.

The "Intent to Sell" demonstrates that Chris Hayes certainly did not believe, nor was there any legal separation of, the assets of Hayes Management and his claimed personal goodwill. The fact that Defendants are making this argument yet again demonstrates the need for additional sanctions. In any event, Plaintiff would not be opposed to modifying the language in the second to last sentence of the instruction to, "I am instructing you that you may draw any reasonable inference from this discovery violation that you feel is warranted from the facts, including an inference that Chris Hayes sexually harassed Plaintiff and sold the assets of Hayes Management in such a manner to try and avoid paying any judgment in this matter." Whether the Court wishes to utilize this, some similar modified language, or Plaintiff's original proposed language, an adverse inference instruction on Defendants' dilatory conduct should be given.

### III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests sanctions that her request that her request for monetary sanctions and an adverse inference instruction be awarded.

Dated this 8th day of September, 2022.           /s/   *Amanda E. Ulrich*
                                                 Amanda E. Ulrich
                                                 CASPERSON ULRICH DUSTIN PLLC