UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>　　Plaintiff,<br><br>　　v.<br><br>HAYES MANAGEMENT SERVICE, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>　　Defendants. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| HAYES MANAGEMENT SERVICE, INC.,<br><br>　　Counter-claimant,<br><br>　　vs.<br><br>MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>　　Counter-respondent. | |

## INTRODUCTION

Carbajal filed this action against her former employer, Defendant Hayes Management Service, Inc., alleging claims for hostile work environment and retaliation in violation of Title VII and the Idaho Human Rights Act. Carbajal later

MEMORANDUM DECISION AND ORDER - 1

amended her complaint to add as defendants Chris Hayes, Hayes Management's president and owner, and Hayes Management Services, Inc., which purchased Hayes Management's assets during the pendency of this litigation, as well as to add a claim for constructive trust against all defendants. Defendant Hayes Management also asserts counterclaims against Carbajal for breach of an oral, "undocumented" employment agreement, tortious interference with prospective economic advantage, and punitive damages. Carbajal alleges the counterclaims are frivolous and were only filed to retaliate against her.

Before the Court are Defendant Chris Hayes' Motion to Bifurcate, joined by Defendant Hayes Management, Inc. (Dkt. 129) and Plaintiff Maria Angelica "Angie" Carbajal's Motion for Summary Judgment Regarding Hayes Management's Counterclaims (Dkt. 130). The Court has determined oral argument would not significantly assist the decisional process and will decide the motion without a hearing. For the reason discussed below, the Court grants Carbajal's motion for summary judgment on Hayes Management's counterclaims and denies Hayes' Motion to Bifurcate.

## MOTION FOR SUMMARY JUDGMENT

Carbajal worked for Hayes Management from January 2012 until August 2017, when she was terminated. *Compl.* ¶¶ 8, 28, Dkt. 1. She alleges that Hayes Management's president and owner, Chris Hayes, subjected her to unwanted

sexual comments and other conduct, creating a hostile work environment. *Id.* ¶¶ 39, 40. She further alleges that Hayes retaliated against her for reporting the sexual harassment and hostile work environment during her employment with Hayes Management and for filing this lawsuit. *Id.* ¶¶ 49-51.

After Carbajal filed her original complaint, Hayes Management answered Carbajal's complaint and filed three counterclaims: (1) Count One, Breach of Terms of Employment, of Covant [sic] Not to Compete and of Implied Covenant of Good Faith and Fair Dealing; (2) Count Two, Tortious Interference with Prospective Economic Advantage; and (3) Count Three, Punitive Damages for Oppressive, Malicious and Outrageous Conduct. Carbajal seeks summary judgment on all three claims, arguing the claims lack any legal or factual basis.

1. **Legal Standard**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of

public and private resources." Id. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any material fact—a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Devereaux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or

by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex*, 477 U.S. at 324. However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

2. Discussion

　A. *Breach of Contract*

Hayes Management alleges that "Carbajal was privy to an oral (undocumented) employment contract with Hayes Management," which terms Hayes Management alleges include the "HMS General Rules of Conduct" and the "Hayes Management Services, Inc. Employee Non-Compete Agreement. Hayes Management further alleges that Carbajal breached this oral, "undocumented" contract (1) "by enticing clients to stop using the services of Hayes Management," (2) "by soliciting clients of Hayes Management to seek the payroll, tax return preparation, business consulting, etc. services elsewhere," and (3) by "encouraging Zak Warran to form Pearl Professional Services, Inc., on September 11, 2017, in which [Carbajal] has participated since at least September 22, 2017 through August 31, 2019." *Counterclaim* ¶¶ 74-80, Dkt. 4.

Under Idaho law, "[t]he elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages." *Mosell Equities, LLC v. Berryhill & Co.*, 297 P.3d 232, 241 (Idaho 2013). Hayes Management carries the burden of proving the existence of a contract and the fact of its breach. *O'Dell v. Basabe*, 810 P.2d 1082, 1099 (Idaho 1991). Yet, Hayes Management has submitted no evidence establishing the existence of the "oral (undocumented) contract" with Carbajal or that she breached the alleged agreement. In fact, Hayes Management submitted no evidence at all in support of its breach of contract claim but instead only addresses Carbajal's legal challenges to its claims – as if Carbajal had merely filed a motion to dismiss, and Hayes Management could rest merely on its pleadings. But it cannot.

Federal Rule of Civil Procedure 56(d) requires parties to support their factual positions concerning a motion for summary judgment by citing evidence in the record: "[a] party asserting a fact that cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or

that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(d). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," Rule 56(e) empowers the Court to simply deem facts not addressed or supported undisputed and grant summary judgment if, considering those undisputed facts, the movant is entitled to it. Fed. R. Civ. P. 56(e)(2) & (3).

Here, Hayes Management has failed to submit any evidence to support its allegations that an oral contract existed or that Carbajal "entic[ed] clients to stop using the services of Hayes Management," or that she "solicited" Hayes Management's clients to seek payroll or other services "elsewhere," or that she encouraged Zak Warran to form Pearl Professional Services, Inc. By contrast, Carbajal has submitted evidence in support of her motion for summary judgment affirmatively disputing the allegations. Thus, even assuming such conduct would constitute a breach of the alleged employment agreement, Hayes Management has failed to raise a genuine dispute of material fact; as a result, the Court grants summary judgment on Hayes Management's counterclaim for breach of the employment agreement against Carbajal to the extent they rest on these allegations.

To the extent Hayes Management suggests that Carbajal's taking a position with Pearl Professional Services – a fact she does not dispute – constitutes a breach of the alleged covenants not to compete, this claim also fails because Hayes

Management fails to identify any contractual term that Carbajal breached. The alleged "Non-Compete Agreement" (again assuming it's enforceable) specifically states that "[Hayes Management] does not intend to prevent anyone working with the same type of business for another employer." Dkt. 6-3 at 1. Instead, the agreement says that its "directive…is to stop a former employee of [Hayes Management] from starting their own business, whether as a sole proprietor, shareholder in a corporation or partner/member in a partnership or Limited Liability Company from immediately competing with [Hayes Management] and/or trying to solicit [Hayes Management] customers. *Id.* Hayes Management, however, fails to allege or submit evidence that Carbajal started a competing business but only that she "participated" in one. Such conduct does not violate the terms of the alleged noncompete. This claim will therefore be dismissed as well.

### B. Breach of the Covenant of Good Faith and Fair Dealing

As part of its breach of contract claim, Hayes Management alleges that Carbajal breached the covenant of good faith and fair dealing. Idaho law recognizes a cause of action for breach of an implied covenant of good faith and fair dealing. *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 389 (2005). Such a covenant is found in all employment agreements, including employment at-will relationships. *Id.* at 389–90. The covenant requires the parties to perform, in good faith, the obligations required by their agreement. *Fox v. Mountain W. Elec.*, 52

P.3d 848, 855–56 (2002). An action by one party that violates, qualifies or significantly impairs any benefit or right of the other party under an employment contract whether express or implied, violates the covenant. *Jenkins*, 141 Idaho at 243, 108 P.3d at 390.

In this case, Hayes Management, yet again, has failed to submit any evidence showing that it did not receive the benefits and rights granted to it under any alleged employment contract with Carbajal. Since Hayes Management fails to show that Carbajal impaired any rights or benefits to it under the alleged terms of employment, Hayes Management has no claim for breach of the covenant of good faith and fair dealing. *See Cantwell v. City of Boise*, 191 P.3d 205, 214 (2008).

### C. *Tortious Interference with Prospective Economic Advantage*

Hayes Management's claim for tortious interference with contract also fails. The elements of such a claim are: (1) The existence of a valid economic expectancy; (2) knowledge of the expectancy on the part of the interferer; (3) intentional interference inducing termination of the expectancy; (4) the interference was wrongful by some measure beyond the fact of the interference itself (i.e. that the defendant interfered for an improper purpose or improper means); and (5) resulting damage to the plaintiff whose expectancy has been disrupted. *Highland Enterprises, Inc. v. Barker*, 986 P.2d 996, 1004 (1999).

Hayes Management alleges that it had a "valid economic expectancy from the productivity of its staff," as well as a "valid economic expectancy from the sale of its payroll business (including clientele), then pending." It further alleges that Carbajal, aware of these "expectancies," "intentionally acted to sow seeds of discontent and discord among the other, remaining staff members of Hayes Management since at least August 2017, in order to exact the vengeance that she stated on August 31, 2017," and that she solicited payroll clients from Hayes Management. *Counterclaim* ¶¶ 86-95. But, even assuming that Hayes Management has stated a valid economic expectancy that would support a claim for tortious interference with prospective economic advantage (which is seriously questionable), it again submits no evidence to support this claim or to refute the evidence submitted by Carbajal. Nothing in the record supports Hayes Management's assertion that Carbajal did anything to intentionally "sow seeds of discontent and discord" among the other Hayes Management staff members or that Carbajal "spirited away payroll clients from Hayes Management in August 2017 and the 24 ensuing months." Hayes Management therefore fails to raise a genuine issue of material fact on this claim as well.

### 3. Punitive Damages

The Court will also grant summary judgment on Hayes Management's "claim" for punitive damages because there is no legal basis for as a stand-alone

punitive damages claim: "A prayer for punitive damages is not a stand-alone cause of action, but flows from an underlying cause of action, such as a breach of contract or a tort, when the conduct of a party meets the threshold level of being oppressive and outrageous." *Boise Tower Associates LLC v. Washington Capital Joint Master Trust*, Case No. CV-03-141-S-MHW, 2006 WL 1749656, at *12 (D. Idaho June 22, 2006). Furthermore, under Idaho law, "a party cannot make a claim for punitive damages in its prayer for relief; rather, the claim must be made by a pretrial motion to amend." *Doe v. Cutter Biological, a Div. of Miles Inc.*, 844 F. Supp. 602, 609 (D. Idaho 1994) (citing Idaho Code § 6–1604(2) (1990)). The claim for punitive damages is therefore dismissed.

## MOTION TO BIFURCATE

1. **Background**

Nearly three years ago, in February 2020, Hayes Management filed a renewed motion for summary judgment, seeking dismissal of Carbajal's Title VII claims on the grounds that Hayes Management did not have 15 "employees" for 20 or more weeks in 2015 or 2016 and therefore did not meet the definition of an "employer" under Title VII. The Court denied the summary judgment motion in a decision entered on June 4, 2020, finding genuine issues of material fact precluded summary judgment on the issue. Since the Court's denial of the summary judgment motion, Carbajal amended her complaint to add as defendants Chris Hayes based

on alter-ego liability and Hayes Management Services, Inc., which purchased Hayes Management's assets during the pendency of this litigation, based on successor liability, as well as a claim for constructive trust against all defendants.

Chris Hayes, with Hayes Management's concurrence, now asks the Court to bifurcate the issues at trial, such that the issue of whether Hayes Management meets the definition of "employer" under Title VII is tried first—before the jury hears any other evidence related to Carbajal's hostile work environment and retaliation claims, as well as the ancillary claims for alter-ego liability, successor liability, and constructive trust.

2. **Legal Standard**

In the normal course of litigation, all claims and issues in a civil action are presented for resolution in one trial. Rule 42(b), however, empowers courts to bifurcate a trial for any one of the following reasons: (1) "convenience"; (2) "to avoid prejudice"; or (3) "to expedite and economize." Fed.R.Civ.P. 42(b). Under this rule, a district court has broad discretion to determine whether bifurcation is appropriate. *Sadid v. Idaho State Univ.*, No. 4:11-CV-00103-BLW, 2013 WL 6073634, at *1 (D. Idaho Nov. 18, 2013) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). "Absent some experience demonstrating the worth of bifurcation, separation of issues for trial is not to be routinely ordered."

*Id.* (quoting Fed.R.Civ.P. 42(b) (advisory committee notes to the 1966 amendment) (cleaned up).

The party seeking bifurcation bears the burden of convincing the Court to exercise its discretion. *Does I-XIX v. Boy Scouts of Am.*, No. 1:13-CV-00275-BLW, 2019 WL 914130, at *1 (D. Idaho Feb. 25, 2019). Factors to consider are whether separate trials would expedite disposition, conserve judicial resources, avoid prejudice, and avoid duplication of evidence. *See Thorndike ex rel. Thorndike v. Daimlerchrysler Corp.*, 220 F.R.D. 6, 7-8 (D. Me. 2004).

3. Discussion

Hayes argues that bifurcation would avoid undue prejudice and promote judicial economy without causing undue delay as Carbajal can simply pursue her hostile work environment and retaliation claims under the IHRA in a state forum if the jury finds that Hayes Management does not meet the definition of an employer under Title VII. The Court disagrees.

"[B]ifurcation may well be warranted when resolution of a single issue may be dispositive of the entire case," *Sadid*, 2013 WL 6073634, at *1; *see also Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir.), *opinion amended on denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001) ("Under Rule 42(b), the district court has broad discretion to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive

preliminary issues."). Such is not the case here, however. Even if Carbajal fails to establish that Hayes Management qualifies as an "employer" under Title VII, her nearly identical hostile work environment and retaliation claims under the IHRA would still need to be resolved.

Hayes attempts to gloss over this fact by saying that Carbajal can simply pursue these claims in a state forum. But the dismissal of all federal claims "does not divest the district court of its power to exercise supplemental jurisdiction unless those claims were absolutely devoid of merit or obviously frivolous." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008). Rather, supplemental jurisdiction allows "courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity." *Id.* (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)) (internal quotation marks and brackets omitted).

In this case, the Court finds that judicial economy, convenience, fairness, and comity would be best served if the Court were to retain jurisdiction over the state law claims even if all the federal claims were dismissed in a bifurcated trial. This case has been pending for three years. Discovery has been completed on all claims, and the dispositive motion deadline has passed without Hayes Management seeking summary judgment on Carbajal's claims under Title VII. All Carbajal's claims will therefore be set for trial, and, apart from the 15-employee requirement

MEMORANDUM DECISION AND ORDER - 14

under Title VII, Carbajal's state law claims under the IHRA are identical to her federal law claims – meaning the exact same evidence will support both her Title VII and IHRA claims. In addition, this case had involved significant pretrial motion practice, and the Court is quite familiar with the claims and the parties. Under these circumstances, it would undermine rather than promote the values of economy, convenience, fairness, and comity to remand this case to state court after a full trial on the 15-employee requirement.

As the Court would retain jurisdiction over Carbajal's state law claims regardless of whether Hayes Management prevailed in a first trial on the 15-employee issue, none of the Rule 42(b) factors weigh in favor in bifurcation. At most, bifurcation may mitigate some prejudice to Hayes Management in that bifurcation would "allow the jury to determine the 15-employee issue untainted by evidence the jury might hear later as to the sexual harassment claims," *Hayes Br.*, p. 7, Dkt. 129-1. But this is simply the nature of a case involving sexual harassment claims, and there is nothing about this case that would otherwise warrant bifurcation. "Jurors routinely serve as impartial factfinders in cases that involve sensitive, even life-and-death matters," and, "[i]n those cases, as in all cases, juries are presumed to follow the court's instructions." *CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009). This is just another routine case involving some sensitive issues.

MEMORANDUM DECISION AND ORDER - 15

In short, the Court finds that bifurcation will not further the goals set out in Rule 42(b). Hayes' motion will therefore be denied.

## ORDER

IT IS ORDERED that:

1. Plaintiff Maria Angelica "Angie" Carbajal's Motion for Summary Judgment Regarding Hayes Management's Counterclaims (Dkt. 130) is GRANTED.

2. Defendant Chris Hayes' Motion to Bifurcate (Dkt. 129) is DENIED.

DATED: January 17, 2023

B. Lynn Winmill
U.S. District Court Judge