UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICE, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>Defendants. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| HAYES MANAGEMENT SERVICE, INC.,<br><br>Counter-claimant,<br><br>vs.<br><br>MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>Counter-respondent. | |

**INTRODUCTION**

Before the Court is Plaintiff Maria Angelica "Angie" Carbajal's request for monetary and evidentiary sanctions against Hayes Management Services, Inc. (Dkt. 124). On July 21, 2022, the Court entered its Memorandum Decision and Order regarding Defendant Hayes Management's Motion for Protective Order (Dkt. 90) and Carbajal's Motion for Sanctions Against Defendant Hayes Management and Chris Hayes (Dkt. 103). The Court granted Carbajal's request to default Chris Hayes and Hayes Management as to Plaintiff's claims for alter ego liability (against

MEMORANDUM DECISION AND ORDER - 1

Defendant Chris Hayes, individually) and constructive trust (against Chris Hayes and Hayes Management). *See Memorandum Decision and Order*, pp. 49-50, Dkt. 115 ("*Sanctions Order*").

The Court did not enter default against Hayes Management on Carbajal's core employment claims under Title VII and the Idaho Human Rights Act but recognized that lesser sanctions against Hayes Management for its conduct would likely be appropriate, and indicated Carbajal could seek sanctions less severe than default. More specifically, the Court held as follows:

> The Court therefore finds it appropriate to prohibit Hayes and Hayes Management from contesting Carbajal's claim that Hayes is the alter ego of Hayes Management, and that Hayes is personally liable for all damages that may be awarded to Carbajal and assessed against Hayes Management in this litigation. The Court also finds it appropriate to prohibit both Hayes and Hayes Management from contesting Carbajal's claim that a constructive trust be imposed on any proceeds Hayes and Hayes Management have received, or will receive, from their sale of assets to Hayes Tax to ensure that sufficient assets are available to satisfy any damages that may be awarded to Carbajal in this action.
>
> ***
>
> The Court, however, recognizes that preclusion orders on the alter-ego theory and constructive trust claims may not impose a sufficiently severe sanction on Hayes Management for its misconduct in this litigation. Thus, if Carbajal feels additional, lesser sanctions, such as monetary or evidentiary sanctions, would be appropriate against Hayes Management to deter similar misconduct, she may file a motion proposing such alternative sanctions. If Carbajal seeks monetary sanctions, she must set forth the amount she seeks and the basis for such amount. In addition, Carbajal will be able to fully attack Hayes Management's credibility at trial based on its conduct in discovery.

*Sanctions Order,* pp. 37-38, Dkt. 115.

In accordance with the Court's decision, Carbajal now seeks additional monetary and evidentiary sanctions against Hayes Management.

MEMORANDUM DECISION AND ORDER - 2

## ANALYSIS

**1. Monetary Sanctions**

Carbajal argues that she should be awarded attorneys' fees associated with her alter-ego, successor liability, and constructive trust claims as a sanction against Hayes Management. The Court agrees.

> ### A. *Monetary Sanctions Against Hayes Management Are Warranted Based on the Court's Previous Finding of Willfulness.*

A district court under its "inherent powers" may award sanctions in the form of attorneys' fees against a party "who acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)) (internal quotation marks omitted). "Before awarding such sanctions, the court must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith." *Id.* (internal quotation marks and citation omitted). "A party demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Leon*, 464 F.3d at 961 (internal quotation marks and citation omitted). "Additionally, the amount of monetary sanctions must be 'reasonable.'" *Id.* (quoting *Brown v. Baden* (*In re Yagman*), 796 F.2d 1165, 1184 (9th Cir.), as amended by 803 F.2d 1085 (1986) (reviewing a Rule 11 sanction but announcing a standard applicable to other sanctions as well)).

In its Sanctions Decision, the Court found that Hayes Management and Chris Hayes acted willfully by withholding key documents related to the alter ego and constructive trust claims against them, warranting default on those claims. But the Court further found that due process constrained the Court from imposing case-terminating sanctions with respect to the employment claims against Hayes Management, as the requisite nexus did not exist between the employment

MEMORANDUM DECISION AND ORDER - 3

claims and the bad-faith conduct. Such due process concerns, however, do not constrain the Court in imposing monetary sanctions against Hayes Management.

As the Court already found that Hayes Management acted in bad faith but imposed no sanctions against Hayes Management directly, the Court finds monetary sanctions are warranted. Thus, the remaining question for the Court is what constitutes a "reasonable" monetary sanction in the context of this case.

### B. Reasonableness of Monetary Sanctions

Carbajal seeks $33,750.00 in attorney fees and $2,625.00 in costs as a monetary sanction against Hayes Management.[1] She argues that the fees she seeks are "tied directly to Defendants' dilatory conduct." *Pl's Opening Br.*, p. 3, Dkt. 124. Hayes Management responds that the amount of attorney fees claimed is exorbitant and excessive.

Before the Court addresses the reasonableness of the attorneys' fees sought, the Court must clarify the sanctions it previously imposed to make clear that the Court entered dispositive or terminating sanctions in Carbajal's favor on her claims for alter-ego liability against Chris Hayes and a constructive trust against Chris Hayes and Hayes Management. But these are not stand-alone claims in the traditional sense; instead, such "claims" speak to the remedies available to Carbajal if she prevails on her employment claims against Hayes Management. *See Local 159 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985 (9th Cir. 1999) ("A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of

---

[1] Hayes Management argues that the declaration submitted by counsel for Carbajal, Amanda Ulrich, was "incompetent" because Ms. Ulrich's "testimony" regarding the time DeAnne Casperson spent working on this matter is hearsay. Ms. Ulrich also attached to her declaration business records from her firm to her own declaration that detail the time Ms. Casperson spent on the matter. Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence have required that each attorney and staff member who spent time working on a case submit a separate affidavit or declaration in support of an attorneys' fee application – and the Court will not require that here. Ms. Ulrich, as a named partner in the law firm representing Plaintiff, is competent to testify regarding her firm's business records showing the work performed by each attorney and staff member in her firm.

MEMORANDUM DECISION AND ORDER - 4

action of action in and of itself."); *United States v. Idaho Falls Assocs. Ltd. P'ship*, 81 F. Supp. 2d 1033, 1045 (D. Idaho 1999) ("The imposition of a constructive trust is an equitable remedy designed to prevent injustice.") (internal quotation marks and citation omitted). It would therefore be a misnomer to say default judgment has been entered against Hayes and Hayes Management on these claims, as they hinge on Carbajal's prevailing on her employment claims against Hayes Management.

For this reason, the Court's order merely prohibits Hayes and Hayes Management from contesting Carbajal's claims that Chris Hayes is the alter ego of Hayes Management and that a constructive trust should be imposed on the proceeds Hayes Management and Chris Hayes received from the sale of Hayes Management and Chris Hayes' personal goodwill to Hayes Tax. The Court acknowledges that its phrasing created confusion, however, and that it should have been clearer regarding the nature of the sanctions imposed. Thus, to clarify, as a sanction, it has been deemed established that Chris Hayes is the alter ego of Hayes Management. Similarly, if Carbajal prevails on her employment claims, a constructive trust will be imposed on any proceeds Hayes Management and Chris Hayes received from the sale of Hayes Management and Chris Hayes' personal goodwill to Hayes Tax for payment of the judgment against Hayes Management.

This matters for purposes of this motion because Hayes Management argues that the $2,575.00 requested for expert witness fees is "questionable," as Carbajal still must provide evidence of value for her successor liability and constructive trust claims at trial because these issues remain live in this litigation. This statement may be correct insofar as it applies to the successor liability claim against Hayes Tax, which did not engage in any discovery misconduct and upon which no sanctions were imposed. But, as least with respect to Hayes and Hayes

MEMORANDUM DECISION AND ORDER - 5

Management, Carbajal's constructive trust has been established. Thus, the Court finds those expert witness fees are sufficiently attributable to Hayes Management's misconduct to be included in any monetary sanctions imposed against it.

The Court otherwise finds the attorneys' fees requested are reasonable. Hayes Management complains that the time Carbajal's counsel spent on preparing the motion for sanctions was excessive. The Court disagrees. It has reviewed the records Carbajal's counsel has provided and finds the time spent was reasonable.

Hayes Management also argues that none of the time counsel spent responding to Hayes Management's motion for protective order should be awarded to Carbajal because the "protective order proceedings had nothing to do with the conduct Plaintiff asserts is sanctionable." *Hayes Management Resp. Br.*, p. 7, Dkt. 125. This argument demonstrates that Hayes Management continues to believe it did nothing wrong in misrepresenting the nature of its transaction with Hayes Tax and in failing to provide truthful, complete information regarding the transaction. It seems clear that Hayes Management and Chris Hayes intentionally obfuscated the details of their transactions with Hayes Tax, and it further appears they did so with the intention of escaping a potential judgment. Had Hayes Management been forthcoming regarding the transaction, none of the work performed by Carbajal's counsel, which Hayes Management claims is exorbitant and excessive, would have been necessary, including the work associated with opposing the motion for protective order.

Thus, the Court finds the fees claimed relate to Hayes Management's sanctionable conduct and are reasonable. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961(9th Cir. 2006) (affirming award of monetary sanctions in the amount of $65,000 "as within the district court's broad discretion"). In order to restore Carbajal to where she would have been had Hayes

Management observed the rules of litigation, this Court orders Hayes Management to pay Carbajal $33,750.00 in attorney fees and $2,625.00 in costs. *Leon v. IDX Sys. Corp.*, No. C03-1158 P, 2004 WL 5571412, at *5 (W.D. Wash. Sept. 30, 2004), aff'd, 464 F.3d 951 (9th Cir. 2006) ("In order to restore IDX to where it would have been had Dr. Leon observed the rules of litigation, this Court also orders Dr. Leon to pay Defendants $65,000.00.").

    **2.   Adverse Inference Instruction**

In addition, Carbajal asks the Court to give an adverse instruction. Specifically, Carbajal ask the Court to give the following adverse instruction at trial:

> The Federal Rules of Civil Procedure require parties in a civil case to provide the opposing party with information relevant to the case. This is called discovery. Discovery can take many forms. Let me describe for you some of the more common types of discovery. For example, a party can submit what is called an interrogatory to the opposing party requiring them to answer certain questions under oath. Another example is a request for production of documents in which a party can request that the opposing party produce documents that are relevant to the case. Finally, a party may take the deposition of an opposing party, their representative, or a potential witness. At a deposition, the person being deposed is placed under oath and asked questions by the attorneys. The questions and the answers are then transcribed and made available to the parties. Although usually used only to discover what a witness knows about the case, a deposition may also, under limited circumstance, be offered into evidence at trial.
>
> In this case, the Plaintiff submitted requests for production to Defendants Chris Hayes and Hayes Management, asking both to produce any documents related to the sale of or offers to sell Hayes Management. Both Chris Hayes and Hayes Management produced only the Asset Purchase Agreement for $100,000 and repeatedly represented to Plaintiff and the Court that no other documents existed and that all discussions of the sale and price were oral only. However, Hayes Tax was served similar requests for production and produced 100 pages of documents related to the sale of or offers to sell Hayes Management or its assets that were not produced by Chris Hayes or Hayes Management. One of these documents, the Intent to Sell, directly contradicted Chris Hayes and Hayes Management sworn declarations that all negotiations to sell Hayes Management were oral. The Court has already found that Hayes Management and Chris Hayes lied about the transaction to Plaintiff and the Court and intentionally misled Plaintiff and the Court by hiding the $400,000 transfer of value to Chris Hayes personally. In other words, Defendants Chris Hayes and Hayes Management wanted Plaintiff and the

MEMORANDUM DECISION AND ORDER - 7

Court to believe $100,000 was the total amount for which Hayes Management was sold.

The Court has determined that Chris Hayes and Hayes Management's failure to produce all of these documents in response to Plaintiff's requests for production constituted a clear violation of Chris Hayes and Hayes Management discovery obligations under the Federal Rules of Civil Procedure. The Court has already determined that Chris Hayes will be personally liable for a judgment in this case if you find that Plaintiff is entitled to such an award. I am instructing you that you may draw any reasonable inference from this discovery violation that you feel is warranted from the facts, including an inference that Chris Hayes sexually harassed Plaintiff and sold Hayes Management in such a manner to try and avoid paying any judgment in this matter. However, it is for you to determine what inference is reasonable under all of the facts of this case.

Having imposed issue sanctions with respect to alter-ego liability and constructive trust claims, as well as the monetary sanctions, the Court declines to impose any further sanctions. This is not a situation where a party has spoliated evidence, so the evidence is no longer available – thus necessitating an adverse inference instruction to cure any prejudice from the evidence being destroyed. Carbajal has the evidence that Hayes Management and Chris Hayes tried to hide. At trial, Carbajal may probe into Chris Hayes' misconduct in discovery on cross-examination to challenge his credibility. Chris Hayes' conduct speaks for itself, and this is enough without an adverse instruction from the Court. If it becomes apparent at trial, however, that some form of an adverse instruction is warranted, the Court may reconsider its decision at that time.

## ORDER

**It is ORDERED that** Plaintiff Maria Angelica "Angie" Carbajal's request for monetary and evidentiary sanctions against Hayes Management Services, Inc. (Dkt. 124) is GRANTED in part and DENIED in part as set forth in this decision.

MEMORANDUM DECISION AND ORDER - 8

DATED: June 28, 2023

_____
B. Lynn Winmill
U.S. District Court Judge