UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>  Plaintiff,<br><br>  v.<br><br>HAYES MANAGEMENT SERVICE, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>  Defendants.<br> | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| HAYES MANAGEMENT SERVICE, INC.,<br><br>  Counterclaimant,<br><br>  v.<br><br>MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>  Counter-respondent. | |

# INTRODUCTION

Before the Court are (1) Plaintiff's motion to exclude Shelly M. Osborne as an expert witness, Dkt. 158, (2) Defendants' motion to exclude Christine Buxton as

**MEMORANDUM DECISION AND ORDER - 1**

an expert witness, Dkt. 156, and (3) Defendants' renewed motion in limine regarding the admissibility of the IHRC Determination, Dkts. 71 & 157. For the reasons explained below, the Court will partially grant Plaintiff's motion, deny Defendant's motion exclude Christine Buxton's expert testimony, and deny Defendants' motion in limine.

## BACKGROUND

Plaintiff Maria Angelica "Angie" Carbajal alleges that Defendant Hayes Management Service, Inc.'s president and owner, Chris Hayes, sexually harassed her and subjected her to a hostile work environment, and then retaliated against her for filing this action, in violation of Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act. *Sec. Am. Compl.*, Dkt. 79.

Discovery in this case is closed, trial is currently set to begin December 11, 2023, and the parties now ask the Court to resolve several evidentiary issues.

## MOTIONS TO EXCLUDE EXPERT TESTIMONY

Federal Rule of Evidence 702 limits the admissibility of expert testimony in two ways. First, it only permits those with special "knowledge, skill, experience, training, or education," to testify as experts. FED. R. EV. 702. And second, it limits qualified experts to offering testimony that "will help the trier of fact to understand the evidence or to determine a fact in issue," is based on "sufficient facts or data,"

is "the product of reliable principles and methods," and is "reliably applied" to the facts of the case. *Id.*

The Ninth Circuit has summarized the requirements of Rule 702 as follows: "expert testimony must (1) address an issue beyond the common knowledge of the average layman, (2) be presented by a witness having sufficient expertise, and (3) assert a reasonable opinion given the state of the pertinent art or scientific knowledge." *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001) (citing *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997)). District courts have broad discretion in applying this test. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999).

Turning to this case, each party argues that the other party's expert should not be permitted to testify at trial.

**1.    Carbajal's Motion to Exclude Expert Testimony of Shelly Osborne**

Carbajal seeks to exclude the expert testimony sought to be offered by Shelly Osborne. Osborne is a Licensed Clinical Professional Counselor (LCPC) who Hayes seeks to have testify about Carbajal's purported physical and psychological symptoms.

Carbajal first argues that Osborne's testimony is not reliable because she never held an in-person interview with Carbajal. For support, Carbajal cites several

**MEMORANDUM DECISION AND ORDER - 3**

Sixth Circuit decisions noting that in-person interviews are especially important for psychiatrists, whose treatments are based primarily on subjective symptoms observed by spending time with patients. *Pl.'s Memo. in Supp.* at 3–4, Dkt. 158-1. While that may be true in general, there is no *per se* rule in this circuit barring expert testimony by mental health professionals who have not met with the person who is the subject of their testimony. And here, the Court has not identified any opinions within Osborne's report that are clearly unreliable simply because Osborne never personally met with Carbajal. To be sure, the lack of any personal contact with Carbajal will impact the credibility of Osborne's opinion, and the Court fully expects that this shortcoming will be fully explored on cross examination. However, the lack of personal contact does not require exclusion under Rule 702.

Next, Carbajal argues that Osborne is not qualified to opine on the correlation between her reported physical pain, insomnia, and depression, and the alleged harassment she experienced at Hayes. Hayes responds by characterizing Carbajal's argument as a "gross misstatement" of Osborne's testimony, but the Court does not see it that way. On the contrary, the parties' descriptions of Osborne's testimony are quite similar: according to both parties, Osborne seeks to testify that, based upon a review of Carbajal's medical records, she sees no

**MEMORANDUM DECISION AND ORDER - 4**

"nexus" or "connection" between Carbajal's symptoms and the harassment she allegedly experienced at Hayes. *Pl.'s Memo. in Supp.* at 4–5, Dkt. 158-1; *Def.'s Resp.* at 3, Dkt. 160.

Osborne's causation testimony is inadmissible for at least two reasons. First, the Court respectfully concludes that Osborne's training as a clinical counselor does not qualify her to opine on the correlation between Carbajal's physical symptoms and workplace experiences.[1] Second, and more importantly, her opinion does not appear to be based on any special knowledge or expertise, but instead on factors well within a juror's capacity to understand—such as the amount of time between the alleged harassment and her symptoms, and Carbajal's own descriptions of her symptoms within her medical records. Accordingly, the Court concludes that Osborne's causation testimony would not be helpful to the jury.

Carbajal's third objection revives a disagreement already resolved by this Court: the extent to which Hayes may reference Carbajal's prior sexual activities with other individuals. Carbajal asks the Court to bar Osborne from referencing

---

[1] Carbajal also notes Osborne's references to Carbajal's *hyper*thyroidism and citation to a study indicating that *hyper*thyroidism "is a cause of depression." Osborne Report at 2, Dkt. 116-5. As Carbajal notes, she has *hypo*thyroidism, not *hyper*thyroidism, and Osborne's suggestion that *hyper*thyroidism may have caused Carbajal's depression is therefore not based upon "sufficient facts or data." FED. R. EV. 702(b).

**MEMORANDUM DECISION AND ORDER - 5**

any of Carbajal's prior sexual activities. *Pl.'s Memo. in Supp.* at 7, Dkt. 158-1. Hayes responds by explaining that Osborne will "merely note[]" that, based upon her knowledge and experience counseling victims of sexual harassment, Carbajal's "claims of sexual harassment are out of sync" with her own reports that she had no "sexual problems" during the relevant time period. *Def.'s Resp.* at 4, Dkt. 160.

The Court agrees with Carbajal that Osborne should not be permitted to reference Carbajal's sexual history, behaviors, or activities. However, Osborne may offer her opinion that Carbajal's own statements, reflected in her medical records, about having no "sexual problems" and feeling "safe in a relationship" during the relevant time period are "out of sync" with her claims of experiencing sexual harassment. Osborne Report at 2, Dkt. 116-5. That opinion is based on Osborne's special knowledge and experience counseling victims of sexual harassment, and it is probative as to Carbajal's sexual harassment claim.

Carbajal also objects that much of Osborne's report simply repeats information contained within Carbajal's medical records, and therefore will not be helpful to the jury. Hayes responds that Osborne's testimony will help the jury to determine whether those medical records reveal "symptoms and behavior of one who is a genuine victim of sexual harassment." *Def.'s Resp.* at 6, Dkt. 160.

Osborne will not be permitted to simply repeat the contents of Carbajal's

**MEMORANDUM DECISION AND ORDER - 6**

medical records or to draw inferences based upon their contents. For example, Osborne may not testify that "mention[s] of pain [are] replete throughout" Carbajals medical records and that there is "no hint of it being psychosomatic or otherwise psychological in origin." Osborne Report at 2, Dkt. 116-5. Such opinions are not the proper subject of expert testimony because it is the jury's prerogative to draw inferences based upon what is or is not in Carbajal's medical records.

Finally, Carbajal objects to Osborne's reliance on several documents that Hayes submitted to the IHRC, and which Carbajal believes are unreliable. The Court will not discuss this objection because, as explained above, most of Osborne's proposed testimony will be excluded for other reasons, and the only testimony that will not be excluded—Osborne's opinion that Carbajal's own statements to healthcare providers are "out of sync" with her claim of sexual harassment—is not based upon the documents that Carbajal challenges.

**2.      Hayes' Motion to Exclude Expert Testimony of Christine Buxton**

Next, Hayes seeks to exclude the expert testimony of Christine Buxton, a Licensed Professional Counselor (LPC) who provided treatment to Carbajal. Hayes offers two justifications for its request.

First, Hayes broadly challenges Buxton's testimony as merely repeating Carbajal's own statements rather than offering any expert assessment. Hayes is

**MEMORANDUM DECISION AND ORDER - 7**

correct that Buxton may not simply repeat Carbajal's own statements. However, Rule 702 does not bar Buxton from testifying about those statements to the extent necessary to fully explain her treatment and diagnoses to the jury. Indeed, to some extent, such testimony is essential to assist the jury in understanding Buxton's treatments and diagnoses and, therefore, to help the jury make factual determinations about Carbajal's reported symptoms. *See* FED. R. EV. 702(a).

Second, Hayes argues that Buxton's expert report fails to identify sufficient facts or data to support her opinion that Carbajal's physical and psychological symptoms were "likely a result of the immense stress and pressure she felt working at Hayes Management." In response, Carbajal argues that Buxton is a "treating physician" and therefore is not subject to the usual expert reporting requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

As Carbajal notes, treating physicians who intend to offer expert testimony are only required to identify the subject matter upon which they will testify and to provide a summary of the facts and opinions to which they will testify. FED. R. CIV. P. 26(a)(2)(C). Those disclosure requirements are much less demanding than the ones applicable to most other expert witnesses. *See* FED. R. CIV. P. 26(a)(2)(B). However, the less-demanding requirement for treating physicians only applies to the extent the opinions expressed as expert testimony "were formed during the

course of treatment." *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). A treating physician therefore must comply with the more demanding requirements of Rule 26(a)(2)(C) if she intends to "render expert testimony beyond the scope of the treatment rendered." *Id.*

Hayes argues that Buxton's causation opinion is not eligible for the treating-physician exception to the disclosure requirements. But that is not clear from Buxton's report. A treating physician may testify that she formed certain opinions during the treatment and diagnosis process, including opinions about the cause of a patient's symptoms. Indeed, identifying the cause of a patient's symptoms is essential for any mental health professional to form appropriate treatments.

Buxton will be permitted to testify about opinions she formed "during the course of treatment," including her opinion that Carbajal's anxiety, depression, and physical pain were "likely the result" of the "stress and pressure" she felt at work. *Goodman*, 644 F.3d at 826. That testimony does not amount to a detached professional opinion of the kind subject to Rule 26(a)(2)(B)'s disclosure requirements. Rather, it is merely testimony about a fact—the fact that Buxton came to certain conclusions during the course of treating Carbajal.

To be clear, however, Buxton may not offer a causation opinion that is outside the context of her treatment and diagnosis of Carbajal. For example,

**MEMORANDUM DECISION AND ORDER - 9**

Buxton could not testify that, in her professional opinion at the time of trial, Carbajal's work experiences were indeed the cause of her physical and psychological symptoms. That would amount to ordinary expert testimony subject to the more demanding disclosure requirements of Rule 26(a)(2)(B). Conversely, however, she could testify that, during the course of treating Carbajal, she developed the opinion that Carbajal's work experiences were the cause of her symptoms. This latter formulation is not expressed as a current expert opinion at the time of trial, but instead as a factual recollection of an opinion previously formed. This distinction is crucial.

Buxton has satisfied the less-demanding disclosure requirements as to "her observations of [Carbajal] and her approach to treatment." *Pl.'s Memo. in Opp.* at 4, Dkt. 161. It is not clear from Buxton's report whether she seeks to testify about conclusions she drew during the course of treatment—which are within the treating-physician exception—or about opinions she currently holds based on her professional opinion—which are not within the exception. The former will be admitted at trial; the latter will not.

## MOTION IN LIMINE

Hayes renews its prior motion in limine regarding the admissibility of the Idaho Human Rights Commission's (IHRC's) Administrative Review and

**MEMORANDUM DECISION AND ORDER - 10**

Commission Determination ("IHRC Determination") dismissing Carbajal's charge of discrimination. Dkts. 71 & 157.

1.  **Background**

Before bringing this lawsuit, Carbajal filed a charge of discrimination with the IHRC against Hayes alleging sexual harassment and retaliation in violation of Title VII and the Idaho Human Rights Act. On April 26, 2019, based upon the evidence submitted by the parties, the IHRC issued an Administrative Review and Commission Determination ("IHRC Determination"), concluding that Carbajal had not presented sufficient evidence of sexual harassment or retaliation "to prevail in her charge" of discrimination. Dkt. 72.

Accordingly, finding "no probable cause to believe that unlawful discrimination or retaliation occurred," the IHRC dismissed Carbajal's administrative case and notified her of her right to file legal action within ninety days. IHRC Determination at 7, Dkt. 72.

2.  **Legal Standard**

In *Plummer v. Western International Hotels Company, Inc.*, the Ninth Circuit held that an agency's determination that a plaintiff **has** probable cause to claim discrimination is *per se* admissible at trial. 656 F.2d 502, 504–05 (9th Cir. 1981). The court explained that such a finding "indicates only that there is

probable cause to believe a violation has occurred," and therefore does not improperly invade the province of the jury or impose substantial undue prejudice on the defendant. *See Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999).

The same is not true, however, of an agency's determination that probable cause **does not** exist or that the claimant has provided insufficient evidence to proceed with the investigation. *Id.* These kinds of determinations, which effectively end the administrative case and constitute "final ruling[s] by the agency," carry a "much greater risk of unfair prejudice . . . because a jury might find it difficult to evaluate independently evidence of discrimination after being informed of the investigating agency's final results." *Id.* (citing *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986)). Accordingly, such determinations are not *per se* admissible, and courts must instead weigh the determination's potentially prejudicial effect against its probative value pursuant to balancing test set forth in Federal Rule of Evidence 403. *See id.*

Rule 403 authorizes courts to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. On more than one occasion, the Ninth Circuit has emphasized that informing a jury of an agency's final ruling as to a charge of discrimination creates real danger that jurors will be

**MEMORANDUM DECISION AND ORDER - 12**

unduly swayed by the agency's determination. *See Gilchrist*, 803 F.2d at 1500; *Beachy*, 191 F.3d at 1015. Ultimately, though, district courts must use their discretion in balancing the probative value of an agency's determination against its risk of unfair prejudice.

3.   **Analysis**

The IHRC Determination in this case is not *per se* admissible under *Plummer*, because it is not a finding of probable cause. *Plummer*, 656 F.2d at 505. In fact, it is precisely the opposite—a finding that Carbajal *lacked* probable cause and therefore could *not* prevail on her claims. *See* IHRC Determination at 5–7, Dkt. 72. This distinction is crucial.

In *Beachy*, the Ninth Circuit held that the district court erred in applying the *per se* rule from *Plummer* to admit an agency's determination that "insufficient facts exist[ed] to continue an investigation." 191 F.3d at 1015. Unlike the affirmative finding of probable cause in *Plummer*, the agency's finding of insufficient evidence in *Beachy* "in effect constitute[d] a finding of no probable cause and terminate[d] the agency's inquiry." *Id.* The Ninth Circuit concluded that the *per se* rule of admissibility from *Plummer* did not apply, and the district court should have instead weighed the determination's potentially prejudicial effect against its probative value under Rule 403. *Id.*

**MEMORANDUM DECISION AND ORDER - 13**

The IHRC Determination in this case is like the agency determination in *Beachy*. Both agencies concluded that the claimant failed to provide enough evidence to proceed with the administrative case. *Beachy*, 191 F.3d at 1015; IHRC Determination at 7, Dkt. 72. And, in both cases, that determination served as a "final ruling" that "terminate[d] the agency's inquiry." *Id.* The Court therefore agrees with Carbajal that the IHRC Determination should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. FED. R. CIV. P. 403; *see also Sanders v. Univ. of Idaho, Coll. of Law*, 634 F. Supp. 3d 923, 932 (D. Idaho 2022) (excluding EEOC determination under Rule 403 balancing test); *Fuller v. Dep't of Corr.*, Case No. 1:13-cv-00035-DCN, 2019 WL 332395, at *3 (D. Idaho Jan. 25, 2019) (same).

The IHRC Determination has minimal probative value. First, it was based on unsworn statements and interviews with several Hayes employees, one of whom subsequently reported being pressured to report inaccurate information to the IHRC, and two others whose subsequent purchase of Hayes' assets raise at least some question as to their credibility. *Pl.'s Memo. in Opp.* at 2–3, Dkt. 162. Second, the IHRC Determination was based on an investigative process that is subject to key limitations in fact-finding and adversarial rigor, including the lack of opportunity for cross-examining witnesses and the lack of authority by parties or

**MEMORANDUM DECISION AND ORDER - 14**

the agency to issue subpoenas.

More importantly, providing the jury with the IHRC Determination would create a significant risk of undue prejudice to Carbajal. A juror who is told that a state agency found no discrimination will undoubtedly be tempted—consciously or subconsciously—to defer to the agency's conclusion. After all, as Hayes notes, the IHRC is an "impartial agency" that employs "professional investigators" with experience in the field of employment discrimination. *Def.'s Memo. in Supp.* at 6, Dkt 71-2.

But such deference to the agency's determination would be entirely inappropriate. It is the jury's province to decide the case based upon the evidence presented at trial. Telling the jury what another factfinder decided based on its own investigation not subject to the rules of evidence would invade that province and invite improper deference by the jury. *Fuller*, 2019 WL 332395, at *3 ("Another fact finder's conclusions—even an agency whose role is part of the process . . . — should not be imposed upon the jury in this case."); *Limary v. United Parcel Service, Inc.*, Case No. 1:15-CV-00394-EJL, 2018 WL 1434806, *5 (D. Idaho Mar. 22, 2018) ("The Court is fundamentally concerned about the risk that the jury could relinquish its role to independently evaluate the evidence if provided the commission determination that there was no probable cause for the sexual

**MEMORANDUM DECISION AND ORDER - 15**

discrimination and retaliation claims.").

## 4.  Conclusion

The probative value of the IHRC Determination is substantially outweighed by the danger of unfair prejudice to Carbajal and therefore will not be admitted at trial.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion to Exclude Expert Testimony of Shelly Osborne (Dkt. 158) is **GRANTED in part and DENIED in part**, as described in this Order;

2. Defendants' Motion to Exclude Expert Testimony of Christine Buxton (Dkt. 156) is **DENIED**;

3. Defendants' Renewed Motion in Limine (Dkt. 157) is **DENIED**.

DATED: October 4, 2023

B. Lynn Winmill
U.S. District Court Judge