UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAYES MANAGEMENT SERVICE, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>　　　　Defendants. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Carbajal's Application for Prejudgment Writ of Attachment (Dkt. 173). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Plaintiff Maria Angelica "Angie" Carbajal brings this employment discrimination lawsuit against her former employer and supervisor, Hayes Management Services, Inc. (HMS) and Chris Hayes.[1] She claims that Hayes

---

[1] Hayes Tax & Accounting Services, Inc. is also a defendant in this case.

**MEMORANDUM DECISION AND ORDER - 1**

sexually harassed her on several occasions and, in doing so, created a hostile work environment in violation of Title VII of the Civil Rights Act and the Idaho Human Rights Act (IHRA). She further claims that after she reported Hayes' conduct and filed this lawsuit, HMS and Hayes retaliated against her in violation of Title VII and the IHRA by taking away her job responsibilities and filing frivolous counterclaims in court.

In mid-January of 2021, while discovery was ongoing, Carbajal found out that HMS and Hayes had transacted to sell the company's assets to Hayes Tax & Accounting Services, Inc., a recently created entity owned by Hayes' daughter, Melissa Galles, and former employee, Brandy Mann. During the following months, HMS and Hayes disclosed some of the transaction documents, but they concealed and withheld other key documents, including the Intent to Sell and Second Asset Purchase Agreement. *Mem. Decision & Order* at 36, Dkt. 115. When Carbajal became aware of the defendants' failure to disclose those documents, she filed a Second Amended Complaint adding Hayes Tax as a defendant and adding claims for constructive trust, alter ego liability, and successor liability. Second Am. Compl., Dkt. 79. She also filed a Motion for Sanctions. Dkt. 103.

The Court partially granted Carbajal's Motion for Sanctions in July of 2022, finding that HMS and Hayes' discovery misconduct lent "additional credence" to

**MEMORANDUM DECISION AND ORDER - 2**

Carbajal's assertion that those defendants "sold their assets to Hayes Tax with the fraudulent intent of concealing those assets to avoid any potential judgment against [them] in this case." *Mem. Decision & Order* at 36, Dkt. 115. The Court prohibited Hayes from contesting Carbajal's alter ego claim and prohibited HMS and Hayes "from contesting Carbajal's claim that a constructive trust be imposed on any proceeds Hayes and Hayes Management have received, or will receive, from their sale of assets to Hayes Tax in order to ensure that sufficient assets are available to satisfy any judgment that may be awarded in Carbajal's favor in this action." *Id.* at 50. The Court also noted that, if she wished, Carbajal could seek more immediate relief by filing an application for prejudgment writ of attachment "or other appropriate motion." *Id.*

On October 31, 2023, Carbajal filed an Application for Prejudgment Writ of Attachment (Dkt. 173). That motion is now fully briefed and ripe for decision.

## LEGAL STANDARD

In federal court, state law generally governs requests for writs of attachment. FED. R. CIV. P. 64. Here, Carbajal asks the Court to issue a prejudgment writ of attachment under a particular state statute: Idaho Code § 8-501. That law allows a plaintiff to request a prejudgment writ of attachment directed at property of a defendant "as security for the satisfaction of any judgment that may be recovered."

MEMORANDUM DECISION AND ORDER - 3

Idaho Code § 8-501.

To obtain a prejudgment writ under § 8-501, a plaintiff must demonstrate: (1) that the defendant is indebted to the plaintiff; (2) that the debt is upon a contract, express or implied, for the direct payment of money; (3) that the payment of the same has not been secured by any mortgage, deed of trust, security interest or lien upon real or personal property; and (4) that the attachment is not sought and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant. *See* Idaho Code § 8-502(a); *see also Eta Compute, Inc. v. Semones*, Case No. 1:18-cv-00552-BLW, 2018 WL 6729633, at *2 (D. Idaho Dec. 21, 2018).

After a plaintiff files an application for writ of attachment, the court "shall, without delay, examine the complaint and affidavit, and if satisfied that they meet the requirements of subdivision (a), it shall issue an order directed to the defendant to show cause why a writ of attachment should not issue." Idaho Code § 8-502(b). In addition, the court may "prior to a hearing" issue a writ of attachment "if probable cause appears . . . [b]y reason of specific facts shown, the property specifically sought to be attached is a bank account subject to the threat of imminent withdrawal . . . or [the property] is in immediate danger of concealment[] or removal from this state, or of sale to an innocent purchaser, and the holder of such property threatens to destroy, harm, conceal, remove it from the state, or sell

**MEMORANDUM DECISION AND ORDER - 4**

to an innocent purchaser." Idaho Code § 8-502(c)(3).

## ANALYSIS

Carbajal seeks a prejudgment writ of attachment to prevent HMS and Hayes from transferring, encumbering, or disposing of proceeds they have received or will receive from the sale of assets to Hayes Tax. She argues that attachment is necessary in light of the defendants' systematic efforts to syphon assets away from HMS and, in doing so, to frustrate her ability to recover any judgment she may obtain in this case.

Defendants respond with two arguments: first, they argue that Idaho Code § 8-501 only authorizes prejudgment writs of attachments in contract cases; and second, they argue that even if § 8-501 did apply in this case, Carbajal has not adequately complied with its requirements. *See Def.'s Resp.* at 2–3, Dkt. 202.

Defendants' first argument carries the day. Idaho Code § 8-501 only authorizes courts to issue prejudgment writs of attachment in actions brought "upon contract, express or implied, for the direct payment of money." I.C. §§ 8-501 *et seq*. Carbajal seeks a prejudgment writ of attachment to protect her interest in recovering three potential money judgments: (1) an as-yet-unspecified amount of attorney fees incurred in obtaining summary judgment on the defendants' dismissed counterclaims; (2) any potential jury award on her Title VII and IHRC

MEMORANDUM DECISION AND ORDER - 5

claims; and (3) approximately $42,000 in sanctions, interest, and fines previously awarded by this Court. However, none of those three payment obligations arise under "a contract, express or implied, for the direct payment of money." § 8-501.[2] That leaves the Court with no choice but to deny Carbajal's application for prejudgment writ of attachment. *See Engineering/Remediation Resources Grp., Inc. v. Performance Syst., Inc.*, Case No. 1:17-cv-316-EJL, 2017 WL 392541, at *2 (D. Idaho Sept. 7, 2017) ("Such a remedy applies in limited circumstances . . . ."); *Davis v. Yrrow On, LLC*, Case No. 4:23-cv-00301-DCN, 2023 WL 6808385, at *3 (D. Idaho Oct. 13, 2023).

Ultimately, Idaho law only authorizes courts to issue prejudgment writs of attachment in certain kinds of cases, and this is not one of those case.

---

[2] Carbajal appears to argue that because Defendants' dismissed counterclaims were "contract-based claims," any attorney fee award she obtains related to those counterclaims will be an award "upon contract" within the meaning of Idaho Code § 8-501 and 502. The Court disagrees. Section 8-501 applies only "[i]n an *action* . . . upon contract, express or implied, for the direct payment of money." (emphasis added). Attorney fees awarded under Idaho Code § 12-120(3) to a plaintiff who successfully defends against a counterclaim for breach of contract cannot be characterized as arising in "an action" for the "direct payment of money." I.C. § 8-501.

**MEMORANDUM DECISION AND ORDER - 6**

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application for Prejudgment Writ of Attachment (Dkt. 173) is **DENIED**.

DATED: December 4, 2023

_____
B. Lynn Winmill
U.S. District Court Judge