UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICE, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>Defendants. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM RE: RULING ON PRIOR-CONVICTION EVIDENCE** |

## INTRODUCTION

During trial in this matter, the Court allowed the plaintiff to admit evidence of Defendant Chris Hayes's prior criminal conviction for sexual battery of a minor. Following the Court's ruling on the record, defense counsel asked the Court to issue a written decision explaining that ruling. This Memorandum does so.

## DISCUSSION

In its pretrial Memorandum Decision & Order (Dkt. 252) resolving the parties' motions in limine, the Court stated it would "likely exclude" evidence of Chris Hayes's 2007 criminal conviction for sexual battery of a minor. Dkt. 252 at 6. The

**MEMORANDUM RE: RULING ON PRIOR-CONVICTION EVIDENCE-1**

Court noted, however, that it would "reconsider this preliminary decision if appropriate in the context of trial." *Id.*

At a motion hearing held Tuesday, December 12, 2023, the Court heard oral argument on the admissibility of the prior-conviction evidence. After hearing argument, the Court explained that the plaintiff would not be allowed to offer the prior-conviction evidence in her case-in-chief but would be allowed to offer it in rebuttal if the defendant opened the door by, for example, alleging that Ms. Carbajal welcomed or invited Mr. Hayes's sexual conduct.

During the December 12 hearing, defense counsel asked the Court to draw clearer lines delineating exactly what testimony and arguments would or would not open the door for admission of the prior-conviction evidence. The Court explained, however, that it could not provide such safe harbors because the admissibility determination would depend heavily upon the narrative that the defendant presented to the jury and the constellation of testimony that the defendant's witnesses offered throughout the course of trial.

Throughout the course of trial, the Court has identified four separate statements made by either defense counsel or their witnesses that open the door for the plaintiff to admit the prior-conviction evidence.

First, Mr. Simmons told the jury during his opening statement that it is "really implausible" that Chris Hayes would have engaged in the alleged sexual conduct in

MEMORANDUM RE: RULING ON PRIOR-CONVICTION EVIDENCE-2

an office where his wife, daughter, and granddaughter worked. Mr. Simmons went on to explain that Mr. Hayes is not the "lecherous sex offender" that Ms. Carbajal makes him out to be. Mr. Simmons' statements open the door for the plaintiff to use the prior conviction in her rebuttal. First, the plaintiff is entitled to rebut Mr. Simmons' claim that it is "really implausible" that Hayes would have sexually harassed female employees when his wife, daughter, and granddaughter were often present in the workplace. The prior conviction evidence arguably rebuts that claim by showing that Mr. Hayes has sexually assaulted a female in the workplace before, even though his wife apparently worked at HMS during that time. Second, Mr. Simmons expressly referenced Mr. Hayes's character as it relates to committing sexual offenses. The plaintiff is entitled to rebut the claim that Mr. Hayes is not "this lecherous sex offender" by showing that he is, literally, a convicted sex offender.

Second, Witness Pauline Hayes testified that she never had any reservations about her daughter or young granddaughter working at HMS. In context, that testimony was clearly offered to show that the work environment at HMS was safe for young women. The plaintiff is entitled to rebut that testimony by presenting evidence to show that the workplace was *not* safe for young women, including evidence of Mr. Hayes's prior conviction for sexually battering a sixteen-year-old female employee in the workplace.

**MEMORANDUM RE: RULING ON PRIOR-CONVICTION EVIDENCE-3**

Third, Pauline Hayes testified that she did not recall having conversations about hiring employees who would not tempt Mr. Hayes. She went on to testify that she "never felt that Mr. Hayes would be tempted by anybody." The plaintiff is entitled to rebut that testimony by offering evidence that Ms. Hayes was aware of Mr. Hayes's prior conviction for sexual contact with a young female employee in the workplace. To exclude that rebuttal evidence would elevate Ms. Hayes's testimony to a kind of "super-testimony" that is shielded from credibility challenges and immune from the adversarial truth-seeking process that is fundamental in our judicial system.

Fourth, defense counsel asked Witness Warren Peterson whether he was surprised when he learned of the allegations in this lawsuit. Mr. Peterson testified that he had worked with HMS for approximately twenty years. Mr. Peterson responded to defense counsel's question by stating he "was surprised" because "[i]t was not a behavior that [he] ever observed." The plaintiff is entitled to rebut that testimony by asking Mr. Peterson whether he was aware of Mr. Hayes's prior conviction for sexual battery of a minor female employee.

In light of the evidence and arguments offered by the defendant at trial, the Court sees two independent bases for admitting the prior-conviction evidence. First, Rule 404(b)(2) allows evidence of crimes, wrongs, and other acts to be admitted for any non-propensity purpose. FED. R. EV. 404(b)(2). When the Court

**MEMORANDUM RE: RULING ON PRIOR-CONVICTION EVIDENCE-4**

analyzed the prior-conviction evidence in its Memorandum Decision and Order (Dkt. 252) before trial, it did not identify any non-propensity purpose for admitting the evidence. But that has changed since trial began. By making the four statements identified above, defense counsel and their witnesses have *created* "another [non-propensity] purpose" for which the plaintiff must be allowed to admit the evidence. Namely, for the purpose of rebutting the defense's statements and testimony.

Second, Rule 415 allows the Court to admit evidence of a defendant's prior sexual assault when a plaintiff's claim is "based on [the defendant's] alleged sexual assault." FED. R. EV. 415. As explained on the record at the December 12 hearing, Rule 415 does apply in this case under the three-step analysis outlined by the Ninth Circuit in *Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2020). Therefore, the Court has determined that it may admit evidence of Mr. Hayes's prior conviction, even as propensity evidence. *See id.* ("Rule 415 was passed to make an exception to Fed. R. Evid. 404(b)[.]").

Although the Court has authority to admit the prior-conviction evidence under Rule 404(b) and Rule 415, it must still apply the Rule 403 balancing test.

The Ninth Circuit has identified five factors for district courts to consider when applying Rule 403 to Rule 415 evidence of a prior sexual assault:

MEMORANDUM RE: RULING ON PRIOR-CONVICTION EVIDENCE-5

> [T]he similarity of the prior acts to the acts charged, . . . the closeness in time of the prior acts to the acts charged, . . . the frequency of the prior acts, the presence or lack of intervening circumstances, and the necessity of that evidence beyond the testimonies already offered at trial.

*Rudy-Glanzer*, 232 F.3d at 1268.

The Court discussed these factors during the December 12 hearing, but to establish a clear record, the Court will address the factors again here.

1.  **Similarity of the Conduct**

First, the similarity of the conduct is striking. Mr. Hayes was convicted for engaging in sexual contact with a sixteen-year-old female employee in the HMS workplace. Ms. Carbajal alleges that Mr. Hayes physically and verbally sexually harassed her and other female employees in the HMS workplace. The similarities between the conduct are self-evident and strongly support the significant probative value of the prior-conviction evidence.

2.  **Closeness in Time**

The passage of time between the conviction and conduct underlying this lawsuit does reduce the probative value of the evidence. But less so than the Court originally understood. As Ms. Carbajal pointed out in her Supplemental Brief at Docket 262, her allegations of sexual harassment stretch all the way back to January of 2012, when Mr. Hayes reportedly touched her buttocks. Accordingly,

**MEMORANDUM RE: RULING ON PRIOR-CONVICTION EVIDENCE-6**

the conduct alleged in this case began only six years after the conduct that resulted in Mr. Hayes's criminal conviction.

### 3. Frequency of Prior Acts and Intervening Circumstances

The frequency of the prior acts and presence or lack of intervening circumstances do not weigh heavily in either direction. In 2007, Mr. Hayes pled guilty to one of three criminal charges for sexual battery of a minor, which raises a legitimate question of whether the conduct underlying his conviction was an isolated incident or a series of incidents. Additionally, although Mr. Hayes did recently obtain a state court order exempting him from the sex offender registration requirement, testimony in this case from numerous witnesses suggests that he may have engaged in repeated acts of intervening sexual misconduct with his female employees.

### 4. Necessity of the Evidence

The last factor weighs heavily in favor of admitting the prior-conviction evidence. Beginning with their opening statement, the defense's narrative has been that Mr. Hayes is not the kind of person who would engage in sexual misconduct with female employees. In Mr. Simmons' words, that is "implausible." In order to rebut that narrative, the plaintiff must be allowed to show that Mr. Hayes *is* the kind of person who would sexually assault a female employee. Mr. Hayes's prior conviction is highly probative of that issue.

5.  **Conclusion**

After carefully considering each of these factors, the Court finds that the probative value of the prior conviction is not substantially outweighed by the dangers of unfair prejudice or confusing the issues. FED. R. EV. 403. Accordingly, the Court has allowed the plaintiff to admit evidence of Mr. Hayes's prior conviction for the purpose of rebutting the four previously identified statements and to show that Mr. Hayes has a propensity for engaging in sexual conduct of the kind alleged.

DATED: December 15, 2023

*/s/ B. Lynn Winmill*
B. Lynn Winmill
U.S. District Court Judge