Norman G. Reece, Jr. (ISB No. 3898)
NORMAN G. REECE, P.C
445 West Chubbuck Road, Suite D
Chubbuck, Idaho 83202
Tel:  (208) 233-0128
Fax:  (208) 233-4895
Email:  normreecelaw@aol.com
Attorney for Defendant, Chris S. Hayes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HAYES MANAGEMENT SERVICES, INC., an Idaho Corporation, HAYES TAX & ACCOUNTING SERVICES, INC., an Idaho Corporation, and CHRIS S. HAYES, an individual,<br><br>Defendants. | Case No.  4:19-CV-00287-BLW<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS CHRIS S. HAYES FOR LACK OF JURISDICTION** |

Defendant, Chris S. Hayes ("Hayes"), by and through his attorney of record, Norman G. Reece, P.C., submits this brief in support of Hayes' motion to dismiss for lack of jurisdiction. Plaintiff seeks to hold Hayes personally liable under Title VII.  As explained below, Hayes cannot be held personally liable under Title VII for two reasons.  First, the Court has no personal jurisdiction over Hayes.  Second, Hayes is not Plaintiff's employer, and Title VII allows only for actions against an employer.

## **FACTS**

Plaintiff did not seek to hold Hayes personally liable until she filed her last pleading in this action.  *See* Second Amended Complaint and Demand for Jury Trial (Dkt. 79), filed 06/07/2021

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS CHRIS S. HAYES FOR LACK OF JURISDICTION  - 1**
21-1107.32

("SAC") at 2 ¶ 8; 13 ¶ 88; 14 "Prayer for Relief." All prior pleadings filed by Plaintiff did not name Hayes as a defendant. *See* Complaint and Demand for Jury Trial (Dkt, 1), filed 07/23/19; Amended Complaint and Demand for Jury Trial (Dkt. 30), filed 01/29/20. By the time the SAC was filed, however, the limitations period for filing a Title VII action had run. Failure to file within the limitations period is jurisdictional. Therefore, the Court should dismiss Hayes as a defendant.

## LEGAL DISCUSSION

There is no federal jurisdiction over Hayes, because Plaintiff failed to sue Hayes personally within the time limit that confers such jurisdiction. Even if Plaintiff had sued Hayes in a timely manner, Title VII allows for liability against "employers" only, not individuals who may be agents of the employer.

### 1. Federal Jurisdiction

A lawsuit brought under Title VII must be brought within 90 days of the right to sue letter. 42 U.S.C. § 2000e-5(f)(1). This requirement is jurisdictional and not subject to equitable tolling. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149-50 (1984).[1] The Ninth Circuit "has repeatedly held that the limitation period for filing a civil complaint is a jurisdictional requirement." *Millard v. La Pointe's Fashion Store, Inc.*, 736 F.2d 501, 502-03 (9th Cir. 1984). Therefore, "[i]f the aggrieved party does not file an action within the prescribed time limit, federal courts have no power to entertain the action." *Millard*, 736 F.2d at 503.[2]

---

[1] Plaintiff argues the *Baldwin* case has "no relevance to alter ego and Title VII." *See* Plaintiff's Memorandum re: Alter Ego Liability (Dkt. 270), filed 12/15/23 ("Plaintiff's Memorandum") at 2. Plaintiff misses the point. *Baldwin* was not cited in the discussion as to alter ego; rather, it was cited to show the U.S. Supreme Court has held that the 90-day filing requirement of Title VII is jurisdictional and, therefore, not subject to equitable tolling.

[2] As with her response to *Baldwin*, Plaintiff again argues *Millard* does not discuss Title VII and alter ego. Plaintiff's Memorandum at 3. That is true. But again, it was not cited for purposes of alter ego analysis. *Millard* confirms what the Supreme Court said in *Baldwin*, namely, that the 90-day filing requirement of Title VII is jurisdictional.

The right to sue letter in this case was issued on April 26, 2019. SAC at 7 ¶ 38. The first pleading to assert liability against Hayes was filed June 7, 2021 – over two *years* after the right to sue letter.

The record is clear. Plaintiff first asserted personal liability against Hayes on June 7, 2021. That was two years after the right to sue letter. The case law is equally clear. Plaintiff was required to sue Hayes within 90 days of the right to sue letter. She failed to do so. Therefore, there is no basis for federal jurisdiction, and Hayes must be dismissed from this litigation.

### 2. Individual Liability

There is no individual liability under Title VII. *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 588 (9th Cir. 1993); *see also Khatabi v. Car Auto Holdings LLC*, No. 21-20458-Civ-TORRES, 2023 WL 2734236 (S.D. Fla. 2023) (holding that Title VII's preclusion of individual liability "is hornbook law").[3] Title VII's definition of "employer," which includes "any agent of the employer," does not allow for individual liability; rather, the "agent of the employer" language was intended to incorporate *respondeat superior* liability under Title VII. *Miller*, 991 F.2d at 587.

In spite of the clear directives of the Ninth Circuit, Plaintiff attempted to assert personal liability against Hayes under Title VII. Rather than focusing on *respondeat superior* liability against HMS, which is allowed under Title VII, Plaintiff seeks to do the reverse and hold Hayes individually liable, which is not allowed under Title VII.

At the hearing of December 6, 2023, counsel for Hayes pointed out that in the SAC, the causes of action under Title VII referred to "Defendants" rather than Defendant, Hayes Management

---

[3] Plaintiff attempts to downplay the significance of *Miller* by noting it has no discussion of whether alter ego changes the general rule against individual liability under Title VII. Plaintiff's Memorandum at 3. However, *Miller* is an critical starting point in alter ego analysis, as noted by this Court in *Jacobs v. R & B Sunrise, Say You Say Me, Inc.*, No. CV-08-104-S-BLW (D. Idaho 2008), Memorandum Decision and Order, filed 10/17/08 ("*Jacobs* MDO") at 6.

Services, Inc. ("HMS"), or Defendant Hayes.  Plaintiff's counsel countered that defense counsel was being "hyper-technical" in his reading of the SAC.  In its latest briefing with the Court, Plaintiff again asserts, "The situation here is not a Title VII claim against Defendant Hayes."  Plaintiff's Memorandum at 2.  Plaintiff's argument is disingenuous at best and contrary to the record.  The unambiguous allegations of the SAC clearly show Plaintiff intended to assert personal liability against Hayes, even without resorting to the alter ego theory.

First, Hayes is identified as a separate party defendant.  SAC at 2 ¶ 7.  There is no allegation in Paragraph 7 that Hayes acted as an agent of HMS.  In fact, the only allegations that Hayes acted on behalf of HMS or as the alter ego of HMS are those pertaining to the counts for successor liability and constructive trust.  SAC at 9 ¶ 53, 10 ¶ 60, 13 ¶¶ 86-88, 13-14 ¶¶ 89-91.

Second, after identifying all parties to the action, Plaintiff lumps together all the defendants, including Hayes individually, and states they will all be "referred to collectively hereinafter as 'Defendants.'" SAC at 2 ¶ 8.  And that is exactly what Plaintiff does in the Title VII allegations of her complaint.  SAC at 11 ¶¶ 70, 71; 11-12 ¶¶ 75-78.  In alleging alter ego liability, Plaintiff asserts Hayes should be "liable for all damages awarded to Plaintiff and assessed against Hayes Management in this litigation."  SAC at 13 ¶ 88.  Finally, the "Prayer for Relief" seeks damages "against Defendants."  SAC at 14.

Clearly, Plaintiff has brought a Title VII action for damages against Hayes as an individual.  The *only* bases for damages against Hayes are in the two counts pertaining to Title VII.  None of the other counts of the SAC allege a cause of action for liability.  The other counts merely seek to impose liability *derivatively* from the Title VII counts.

Count Three alleges liability only as to Hayes Tax & Accounting Services, Inc. ("Hayes Tax").  SAC at 12-13 ¶¶ 80-84.  Count Four alleges liability against Hayes personally for all damages awarded to Plaintiff against HMS, under alter ego theory.  SAC at 13 ¶¶ 86-88.  Count Five

seeks to impose a constructive trust "to satisfy any damages awarded to Plaintiff in this action." SAC at 14 ¶ 91.

Again, the Title VII allegations are the only source of damages, as shown by the SAC allegations and the Special Verdict. The jury's verdict awarded damages against HMS based *solely* on the Title VII allegations. *See* Special Verdict, signed 12/15/23 at 2-3. There was no other basis for the damages awarded.

Plaintiff could have sought damages under a theory other than Title VII, such as wrongful termination, infliction of emotional distress, civil assault and battery, etc. But she chose not to, and presented her case to the jury solely under Title VII. That was fatal to any personal liability against Hayes. Title VII simply does not allow for individual liability. Title VII allows for actions only against one's employer. Plaintiff alleges her employer was HMS, not Hayes, and that is the only basis for her allegations of Title VII liability. *See* SAC at 2 ¶ 9, 3 ¶ 11.

### 3. Alter Ego

Nevertheless, Plaintiff argues she can still hold Hayes personally liable under alter ego. Several of the federal circuits have rejected that very notion. *See Dearth v. Collins*, 441 F.3d 931, 934 (11th Cir.), *cert. denied*, 549 U.S. 822 (2006); *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996); *Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001). This Court noted "the Ninth Circuit has long held that Title VII does not authorize individual liability," and concluded "the Ninth Circuit would not recognize the alter ego theory of Title VII liability." *Jacobs* MDO at 6-7.

To reiterate, Plaintiff attempts to do an end run around the proscription against individual liability under Title VII. The SAC contains five counts. The first two counts (the Title VII counts) are the *only* sources of damages, and damages were awarded by the jury *only* under those two counts. All remaining counts of the SAC assert liability *derivatively* from the Title VII counts. Thus, Plaintiff is clearly attempting to impose personal liability on Hayes under Title VII, contrary to Ninth

Circuit precedent.

Even if Plaintiff could impose personal liability against Hayes under Title VII, she failed to timely invoke the statute that would confer federal jurisdiction. Hayes was not named as a defendant individually until over two years after the right to sue letter. Lacking jurisdiction over Hayes individually, the Court should dismiss Hayes from this action. Once the 90-day period has run, it is too late to invoke federal jurisdiction. Plaintiff cannot reach back and extend federal jurisdiction over a defendant not sued within the 90 days. The controlling statute, 42 U.S.C. § 2000e-5(f)(1), is jurisdictional and not subject to equitable tolling. *Baldwin*, 466 U.S. at 150-52.

Moreover, at the suggestion of Plaintiff, the Court ruled at the hearing of December 8, 2023 that Hayes could not participate as an individual defendant at this week's trial. Hence, Hayes participated in the trial only in his official capacity as a corporate officer of HMS. To allow individual liability against Hayes on a verdict from a trial at which he was not allowed to participate individually presents serious due process concerns. "The base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard at a meaningful time and in a meaningful manner." *Greene v. McElroy*, 360 U.S. 474, 496 (1959) [cited in *ASSE International, Inc. v. Kerry*, 803 F.3d 1059, 1076 (9th Cir. 2015)]. Here, Plaintiff intends to subject Hayes to individual liability on causes of action which: (a) lack federal jurisdiction, (b) do not allow individual liability, and (c) stem from a jury verdict at a trial where Hayes was not allowed to personally participate.

## CONCLUSION

The Court should dismiss Hayes from this litigation. Plaintiff failed to name Hayes as a defendant until well after the jurisdictional 90-day limit. Furthermore, the only causes of action upon which Plaintiff seeks damages against Hayes do not allow for individual liability, even under an alter ego analysis.

DATED this 16th day of December, 2023.

                                  NORMAN G. REECE, P.C

                                  /s/
                              Norman G. Reece, Jr., of the Firm, Attorney for Defendant, Chris S. Hayes