UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>      Plaintiff,<br><br>   v.<br><br>HAYES MANAGEMENT SERVICE, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>      Defendants. | Case No. 4:19-cv-00287-BLW<br><br>MEMORANDUM RE: RULING ON JURY INSTRUCTION OBJECTIONS |

# INTRODUCTION

Each party raised one objection to the jury instructions in this case. The Court denied both objections on the record. This Memorandum explains why.

# DISCUSSION

1. **Plaintiff's Objection—Instruction No. 13**

   Jury Instruction No. 13 states:

   Under Title VII of the Civil Rights Act of 1964, a plaintiff is required to file a complaint with the Equal Employment Opportunity Commission (EEOC) before filing suit, and may only recover damages for an *unlawful employment practice* which occurred within 300 days before the filing of her EEOC Complaint. However, a hostile work environment claim may be composed of a series of separate acts that collectively constitute one *unlawful employment practice*. Therefore, to recover damages, Ms. Carbajal must show that the acts

**MEMORANDUM RE: RULINGS ON JURY INSTRUCTION OBJECTIONS-1**

> which constitute her hostile work environment claim are part of a single, ongoing *unlawful employment practice* by HMS, and that at least one of those acts occurred after April 28, 2017.
>
> If you find that Ms. Carbajal has made this showing, you may award damages for all of HMS's conduct which you found to be part of the ongoing *unlawful employment practice*, even if some of those individual acts occurred prior to April 28, 2017.

(italicization in original).

The plaintiff objected that this instruction imposes an "additional element" by requiring the jury to find that the conduct underlying her claim was part of an "ongoing unlawful employment practice" that extended into the limitations period. But that is not an "additional" element. It is simply what a plaintiff must show to satisfy the "continuing violations doctrine," which is an exception to Title VII's 300-day statute of limitations.

The Court based the language of Instruction No. 13 on the U.S. Supreme Court's decision in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 106–07 (2002). There, the Supreme Court explained how Title VII's statute of limitations applies to hostile work environment claims, which are often "composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* at 117 (quoting 42 U.S.C. § 2000e–5(e)(1)). The Court held that a plaintiff must file her administrative complaint within 300 days after the occurrence of "any act that is part of the hostile work environment." *Id.* at 118. If

**MEMORANDUM RE: RULINGS ON JURY INSTRUCTION OBJECTIONS-2**

she does so, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117.

Ms. Carbajal alleged that various acts—many of which occurred outside the 300-day limitations period—contributed to the sexually hostile work environment. Thus, to satisfy the continuing violations doctrine, she had to show that at least one act of harassment occurred during the limitations period, *and* that the act was part of the same, ongoing unlawful employment practice as the earlier alleged acts of harassment. Instruction No. 13 required that showing and accurately captured the elements of a Title VII hostile work environment claim as set forth by the Supreme Court in *Morgan*.

**2. Defendant's Objection—*Faragher/Ellerth* Affirmative Defense**

The Court denied the defendant's request to instruct the jury on the *Faragher/Ellerth* affirmative defense. Courts often give that instruction in Title VII cases. But this case was different than most.

The *Faragher/Ellerth* affirmative defense is "premised on the principle that an employer may escape liability for harassment by certain of its employees when it undertakes appropriate steps to remedy the situation." *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001). To succeed on that affirmative defense, an employer must show that it exercised reasonable care to prevent or promptly

correct the harassing behavior, and that the plaintiff unreasonably failed to avoid harm. *Vance v. Ball State University*, 570 U.S. 421 (2013).

But the *Faragher/Ellerth* defense is not available in every Title VII case. "Following *Faragher* and *Ellerth*, every Circuit Court of Appeals that has addressed this issue has recognized the proxy-liability theory, holding the *Faragher/Ellerth* affirmative defense unavailable when the supervisor in question is the employer's proxy or alter ego." *O'Brien v. Middle East Forum*, 57 F.4th 110, 119 (3d Cir. 2023) (citing *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 517 (9th Cir. 2000) ("[T]he [*Ellerth*] defense remains inapplicable as a defense to punitive damages when the corporate officers who engage in illegal conduct are sufficiently senior to be considered proxies for the company.")); *see also Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 53 (2d Cir. 2012) ("[T]here was no error in the district court's conclusion that the *Faragher/Ellerth* defense is unavailable when the alleged harasser is the employer's proxy or alter ego[.]"); *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 383 (5th Cir. 2003) ("[T]he employer is vicariously liable for its employees [sic] activities in two types of situations: (1) there is a tangible employment action or (2) the harassing employee is a proxy for the employer."); *Johnson v. West*, 218 F.3d 725, 730 (7th Cir. 2000) ("Vicarious liability automatically applies when the harassing supervisor is . . . 'indisputably within that class of an employer organization's officials who may be treated as the

**MEMORANDUM RE: RULINGS ON JURY INSTRUCTION OBJECTIONS-4**

organization's proxy[.]'"); *Dees v. Johnson Controls World Servs., Inc.*, 168 F.3d 417, 421 (11th Cir. 1999).

Thus, an employee who is "sufficiently senior . . . must be treated as the corporation's proxy for purposes of liability and the affirmative defense is unavailable." *Alvarado v. Federal Express Corp.*, 384 Fed. Appx. 585, 590 (9th Cir. 2010) (citing *Passantino*, 212 F.3d at 516–17) (internal quotations marks omitted); *see also Swinton*, 270 F.3d at 818 (corporation made employee "its proxy by placing him in the position as recipient of . . . harassment complaints.").

In this case, the Court determined as a matter of law that Chris Hayes is the alter ego of Hayes Management Services, Inc. (HMS). *See* Dkt. 115. That is, there is such a "unity of interest and ownership" between Hayes and HMS that "no separate personalities exist." *Id.* at 36. Undisputed evidence offered at trial supports that conclusion and establishes that no reasonable jury could find that Mr. Hayes was not the proxy of HMS.

Hayes was the President and owner of HMS, he ran its day-to-day business operations, he held staff meetings, he designated himself as the one to whom employees should come with any workplace concerns or complaints, and eventually, when he sold the company for $500,000, he attributed $400,000 of that price to his own "personal goodwill." *See also Mem. Decision and Order* at 9, Dkt. 59 ("Mr. Hayes is the President of Hayes Management and reports to the directors,

**MEMORANDUM RE: RULINGS ON JURY INSTRUCTION OBJECTIONS-5**

who are himself and [his wife]. No one can fire Mr. Hayes nor regulate his work. No one else in Hayes Management supervises his work. Mr. Hayes has direct control over hiring, firing, and organization management decisions. See Employee Handbook, Dkt. 54-2. And, Mr. Hayes shares in the profits, los[s]es, and liabilities of the organization. There are no disputed issues of material fact on this issue – Mr. Hayes acts independently in managing the organization[.]"); *see also Dao v. Faustin*, 402 F.Supp.3d 308, 332 (E.D. Va. 2019) ("[A] president, owner, proprietor, partner, corporate officer, and certain high-level supervisors are treated as the employer's 'proxy' for purposes of liability in the hostile work environment context.") (citing *Johnson*, 218 F.3d at 730, *Ackel*, 339 F.3d at 384, and *Passantino*, 212 F.3d at 516) (internal quotation marks omitted).

      When Chris Hayes engaged in the conduct underlying this lawsuit, he acted as the proxy and alter ego of HMS. Accordingly, HMS was not entitled to a jury instruction on the *Faragher/Ellerth* affirmative defense. *See Townsend*, 679 F.3d at 52 ("[T]he *Faragher/ Ellerth* affirmative defense builds upon rather than repudiates the theory of proxy/alter ego liability articulated in the Court's prior cases.").

**MEMORANDUM RE: RULINGS ON JURY INSTRUCTION OBJECTIONS-6**

DATED: January 4, 2024

_____
B. Lynn Winmill
U.S. District Court Judge