UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>  Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICE, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>  Defendants. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Chris Hayes' Motion to Dismiss Chris S. Hayes for Lack of Jurisdiction (Dkt. 278).[1] For the reasons explained below, the Court will deny the motion.

# BACKGROUND

In July 2019, Plaintiff Maria Angelica Carbajal filed this lawsuit against Defendant Hayes Management Services, Inc. (HMS), alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.*, and the Idaho Human Rights

---

[1] This Order also resolves the oral motion to dismiss made by Chris Hayes' attorney on the record on December 13, 2023. *See Minutes*, Dkt. 267.

**MEMORANDUM DECISION AND ORDER-**1

Act, Idaho Code § 67-5901, *et seq. See Compl.*, Dkt. 1. Two years later, while this case was pending, Carbajal learned that HMS's president and co-owner, Chris Hayes, had quietly sold all of HMS's assets to a brand-new entity, Hayes Tax & Accounting Services, Inc. ("Hayes Tax"), that was co-founded and owned by his daughter and one of his former business partners. *See Mem. Decision and Order* at 7–9, Dkt. 115.

Soon after discovering the asset sale, Carbajal filed an Amended Complaint, re-alleging her discrimination claims against HMS and adding claims for alter ego liability, successor liability, and constructive trust against Chris Hayes, personally, and Hayes Tax. *See Sec. Am. Compl.*, Dkt. 79.

The Court subsequently granted sanctions against HMS and Hayes for withholding information about the asset-sale transaction. *See Mem. Decision and Order*, Dkt. 115. As a sanction, the Court essentially granted default against Chris Hayes on both claims against him. *Id.* at 37; *see also Mem. Decision and Order* at 5, Dkt. 159 ("[I]t has been deemed established that Chris Hayes is the alter ego of Hayes Management. Similarly, if Carbajal prevails on her employment claims, a constructive trust will be imposed on any proceeds Hayes Management and Chris Hayes received from the sale of Hayes Management and Chris Hayes' personal goodwill to Hayes Tax for payment of the judgment against Hayes Management."). As the Court explained, however, alter ego and constructive trust are not "stand-

**MEMORANDUM DECISION AND ORDER-2**

alone claims in the traditional sense," but merely "speak to the remedies available to Carbajal if she prevails on her employment claims against Hayes Management." *Mem. Decision and Order* at 4, Dkt. 159.

Before trial, Carbajal asked the Court to bar Chris Hayes from participating in his personal capacity, because all of the claims against him had already been resolved. The Court agreed and allowed Chris Hayes to participate only as a corporate representative of HMS.

During trial on December 13, 2023, the Court convened counsel outside the presence of the jury to address various matters. *Minutes*, Dkt. 267. At that hearing, co-counsel for HMS—who is counsel of record for Chris Hayes in this case—asked the Court to dismiss Chris Hayes from this case on two grounds. First, he argued that the Court lacks jurisdiction over Chris Hayes because Carbajal did not sue him within Title VII's 90-day limitations period. And second, he argued that Carbajal cannot hold Chris Hayes personally liable because Title VII only authorizes lawsuits against employers. The Court deferred its ruling on the motion and instructed counsel to file briefs.

On December 15, 2023, the jury returned a verdict in favor of Carbajal, awarding $111,172.00 in compensatory and punitive damages. Dkt. 277. Following trial, Chris Hayes filed a written Motion to Dismiss (Dkt. 278),

**MEMORANDUM DECISION AND ORDER-3**

repeating the arguments that his attorney made orally at the December 13 hearing. Hayes' motion is now fully briefed and ripe for decision.

## DISCUSSION

Both of Hayes' arguments for dismissal rest on the premise that Carbajal is seeking to hold him personally liable "*under* Title VII." *Def.'s Memo. in Supp.* at 1, Dkt. 278-1. First, Hayes notes that Title VII claims must be filed within ninety days after a plaintiff receives a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). Therefore, he argues, Carbajal's claim against him is barred because she did not name him as a defendant within that timeframe. Second, Hayes argues that he cannot be personally liable because Title VII claims can only be brought against employers.

But Hayes' premise is flawed. Carbajal has never sought to hold Hayes liable under Title VII. Rather, she seeks to impose derivative liability under theories of alter ego and constructive trust based upon Hayes' conduct of quietly draining HMS—the original, sole defendant in this case—of all its assets. Hayes' involvement in the underlying unlawful employment practice is not what gives rise to his personal liability in this case. In other words, Carbajal is not trying to hold Hayes personally liable "*under* Title VII," but under a distinct theory of derivative liability that would be equally available whether HMS's liability arose under Title VII, or the Americans with Disabilities Act, or common law negligence.

**MEMORANDUM DECISION AND ORDER-4**

1.  **Personal Jurisdiction**

Hayes claims this Court lacks personal jurisdiction over him because Carbajal failed to comply with Title VII's 90-day statute of limitations. Carbajal responds, first, that the statute of limitations is not jurisdictional, and second, that her derivative claims against Hayes are not subject to that limitation. Carbajal is right on both points.

Title VII's 90-day statute of limitations is not jurisdictional. The Ninth Circuit made that abundantly clear in its 1986 decision in *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986), and its consistent reliance on *Valenzuela* over the years. *See Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010) ("[T]he 90–day filing period is a statute of limitations subject to equitable tolling in appropriate circumstances.") (quoting *Valenzuela*, 801 F.3d at 1174); *Nguyen Qualcomm, Inc.*, 501 F. App'x 691, 693 (9th Cir. 2012) (same); *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992) (Title VII's 90-day statute of limitations "is subject to the doctrine of equitable tolling[.]"); *Long v. Paulson*, 349 F. App'x 145, 146 (9th Cir. 2009) ("The 90–day filing period is a statute of limitations and is subject to the doctrine of equitable tolling.").

Hayes relies on two decisions to argue that the statute of limitations is jurisdictional: *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50 (1984), and *Millard v. La Pointe's Fashion Store, Inc.*, 736 F.2d 501, 502–03 (9th

**MEMORANDUM DECISION AND ORDER-5**

Cir. 1984). Hayes misreads *Baldwin County* and fails to recognize that *Millard* is no longer good law. In *Baldwin County*, the Supreme Court held that Title VII's statute of limitations was not equitably tolled under the specific facts of that case. *Baldwin County*, 466 U.S. at 151. But the Court did *not* hold that the statute of limitations could *never* be equitably tolled. *See Valenzuela*, 801 F.2d at 1173. Indeed, in explaining its decision, the Supreme Court "cited with approval cases which had tolled the 90–day filing period, but distinguished the facts of those cases from the filing of the right to sue letter and the informal request for counsel which it was addressing." *Id.* Hayes tries to stretch the narrow, fact-specific holding of *Baldwin County* too far.

Hayes' reliance on *Millard* is also problematic. In that 1984 decision, the Ninth Circuit did indeed indicate that Title VII's statute of limitations is jurisdictional. *Millard*, 736 F.2d at 503. But, as Carbajal points out, the court promptly repudiated that statement two years later in *Valenzuela*, describing it as "dicta" that should be "ignored" as "contrary" to "binding Supreme Court precedent" (i.e. *Baldwin*). *Valenzuela*, 801 F.2d at 1174 n.3.

Even if Title VII's statute of limitations were a jurisdictional requirement, Carbajal's claims against Hayes would not be barred. As explained below, Carbajal asserts derivative liability against Hayes that is entirely independent of her Title

**MEMORANDUM DECISION AND ORDER-6**

VII claims against HMS. Accordingly, those claims are not brought "under Title VII" and are not subject to its 90-day limitations period.

In sum, the Court has personal jurisdiction over Chris Hayes. Title VII's statute of limitations is not jurisdictional, and even if it were, it would not apply here. Carbajal's claims for alter ego liability and constructive trust do not arise under Title VII and are not subject to its statute of limitations.

**2.      Individual Liability Under Title VII**

Next, Hayes argues that Carbajal's alter ego and constructive trust claims effectively seek to impose individual liability, which is not permissible under Title VII. His argument rests on two analytical steppingstones: (1) first, that a person cannot be held individually liable under Title VII; and (2) that Carbajal's alter ego and constructive trust claims are, in substance, seeking to hold him individually liable under Title VII. The first step is sound, but the second is not.

From a thirty-thousand-foot view, it could be said that Carbajal is seeking to hold Hayes personally liable for Title VII violations. After all, the jury awarded damages for violations of Title VII and Carbajal wants Hayes to pay those damages. But the law is not applied from thirty-thousand feet. And a more careful review of the facts and issues in this case shows that Hayes' argument rests on an imprecise—and legally incorrect—characterization of this case.

MEMORANDUM DECISION AND ORDER-7

Hayes begins by reciting the well-established principle that there is no individual liability under Title VII. Carbajal does not dispute that legal rule. *Pl.'s Memo. in Opp.* at 2, Dkt. 280. Nor could she. Title VII liability extends only to "employers with fifteen or more employees," and the Ninth Circuit has left no doubt that "individual defendants cannot be held liable for damages under Title VII[.]" *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Step one of Hayes' analytical pathway is sound.

Next, Hayes attempts to show that Carbajal's alter ego and constructive trust claims are the kind of individual-liability claims that are barred under step one. *Def.'s Memo. in Supp.* at 3, Dkt. 278-1 ("Plaintiff attempted to assert personal liability against Hayes under Title VII."); *see also id.* at 4–6; *Def.'s Reply* at 4–9, Dkt. 281. At the very least, he argues, Carbajal is attempting an "end run" around the proscription of individual liability under Title VII. This is where Hayes' argument crumbles, both legally and factually.

First, Hayes' position is at odds with the case law. In fact, the cases he relies upon from other circuits squarely contradict his position that Carbajal is asserting individual liability under Title VII. In *Dearth v. Collin*, the Eleventh Circuit rejected a Title VII plaintiff's attempt to impose "individual-capacity liability" on her employer's president through an alter ego theory. 441 F.3d 931, 934 (11th Cir. 2006), *cert. denied*, 549 U.S. 822 (2006). But in the same breath, the court

**MEMORANDUM DECISION AND ORDER-8**

explained that its conclusion was "separate and apart from the question of whether" the president could be "effectively liable if the corporate veil were pierced[.]" *Id.* (quoting *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1282 n.11 (7th Cir. 1995)). In *Dearth*, there was "no allegation" that the president had disregarded the corporate form, or that the employer was "insolvent or unable to pay any Title VII judgment against it," so alter ego was not a viable theory. *Id.* at 935.

The same was true in both Seventh Circuit decisions cited by Hayes. *See AIC Security Investigations*, 55 F.3d at 1282 n. 11; *Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001). In *EEOC v. AIC Security Investigations, Ltd.*, the court rejected a plaintiff's attempt to assert "individual capacity liability" against an employer's sole shareholder. *Id.* at 1280 n.2. However, like the Eleventh Circuit in *Dearth*, the Seventh Circuit was careful to distinguish between individual-capacity claims under Title VII and alter ego claims that seek to pierce the corporate veil. *Id.* at 1282 n.11. More recently, the Seventh Circuit reiterated that distinction in *Worth v. Tyler*, rejecting the "individual capacity" liability of a shareholder because the plaintiff had not shown that "the protection must be disregarded in order to prevent fraud or the promotion of injustice." *Worth*, 276 F.3d at 262.

Finally, Hayes points to this Court's decision in *Jacobs v. R & B Sunrise, Say you Say Me, Inc.*, No. CV–08–104–S–BLW, 2008 WL 4630836 (D. Idaho Oct.

**MEMORANDUM DECISION AND ORDER-9**

17, 2008). But again, Hayes overlooks a key distinction that this Court drew in that case. There, the plaintiff asked the Court to approve a brand of alter ego liability that would essentially "disregard[] state law protections of the corporate structure[.]" *Id.* at *3. The Court refused to do so and explained that, to pierce the corporate veil under Idaho law, a plaintiff must show that protecting the corporate structure would sanction fraud or promote injustice. *Id.* The plaintiff in *Jacobs* had not alleged the elements of alter ego liability under Idaho law, so the Court dismissed the claim. *Id.*

Hayes' own case law illustrates that Title VII does not shield an individual from liability when a plaintiff satisfies the elements for piercing the corporate veil. Rather, courts have consistently distinguished between nominal "alter ego" claims that essentially seek individual-capacity liability, and true alter ego claims that rest on an individual's abuse of the corporate form.

Turning to the facts of this case, it bears repeating that Carbajal did not name Hayes as a defendant in her original Complaint. *See Compl.*, Dkt. 1. She added him only after discovering that he had quietly transacted to sell all of HMS's assets to a new company which was co-founded by his own daughter and former business partner. She then sought to impose derivative liability on Hayes "for all damages awarded to Plaintiff and assessed against Hayes Management in this litigation." *Sec. Am. Compl.* ¶ 88, Dkt. 79. Her alter ego and constructive trust claims were not

**MEMORANDUM DECISION AND ORDER-10**

based upon Hayes' personal involvement in the underlying sexual harassment, but rather his "abuse of the corporate privilege" in draining HMS of its assets and concealing that transaction during discovery. *Id.* ¶ 60.

Ultimately, the Court sanctioned Hayes for "serious misconduct" involving "deliberately with[olding] relevant and discoverable evidence" related to the asset-sale, and "outright [lying] or mis[leading] Carbajal and the Court about the existence of the withheld documents." *Mem. Decision and Order* at 29, Dkt. 115. Applying the elements of alter-ego liability and constructive trust under Idaho law, the Court concluded that observing the corporate form "would sanction fraud, promote injustice, or lead to an inequitable result." *Id.* (citing *Lunneborg v. My Fun Life*, 421 P.3d 187, 199–200 (Idaho 2018)). The Court therefore deemed it established that Hayes is the alter ego of HMS, and that a constructive trust would be imposed on any proceeds of the asset-sale for payment of any judgment against HMS under Title VII. *Mem. Decision and Order* at 5, Dkt. 159.

The derivative liability approved by the Court in this case is distinct from the "individual-capacity liability" rejected by the courts in *Dearth*, *AIC Security*, *Worth*, and *Jacobs*. Hayes' derivative liability has nothing to do with his involvement in the conduct underlying Carbajal's Title VII claims or a vague notion that he and HMS are one-in-the-same. Instead, it has everything to do with

**MEMORANDUM DECISION AND ORDER-11**

his misuse of the corporate form to prevent Carbajal from recovering the damages awarded against HMS.

In sum, Title VII does not bar a plaintiff from piercing the corporate veil to recover damages awarded under Title VII. And, in doing so here, Carbajal is not seeking to hold Hayes personally liable *under* Title VII. She is merely seeking a remedy that this Court found is necessary to avoid sanctioning fraud, promoting injustice, and producing an inequitable result.

## ORDER

**IT IS ORDERED that** Defendant Chris Hayes' Motion to Dismiss (Dkt. 278) is **DENIED**.



DATED: March 1, 2024

_____
B. Lynn Winmill
U.S. District Court Judge