UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICE, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>Defendants. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

On November 9, 2023, the Court entered a Memorandum Decision and Order partially granting Plaintiff Carbajal's motion for contempt and imposing sanctions (Dkt. 175). The Court ordered Hayes Management Services, Inc. (HMS) and Chris Hayes to pay monetary sanctions, including "all attorney fees and costs reasonably incurred . . . in bringing and defending her Motion to Show Cause/for Contempt (Dkt. 166)." Carbajal has now submitted a motion and supporting affidavit seeking attorney fees in the amount of $4,455.00. Neither defendant has objected to the amount of fees requested.

## DISCUSSION

**MEMORANDUM DECISION AND ORDER- 1**

The Court already determined that Carbajal is entitled to recover "all attorney fees and costs reasonably incurred . . . in bringing and defending her Motion to Show Cause/for Contempt (Dkt. 166)." Dkt. 175. Thus, the only remaining question is the reasonableness of the requested fees.

"The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Once the lodestar amount is determined, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996) (footnote omitted). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id.* at 363 n. 8. (internal quotation marks and citation omitted).

**MEMORANDUM DECISION AND ORDER-2**

Here, Carbajal seeks attorney fees in the amount of $4,455.00 for 14.4 hours of work completed by attorneys Amanda Ulrich, DeAnne Casperson, and Ryan Dustin. Ms. Ulrich charges $310 per hour, Ms. Casperson charges $360 an hour, and Mr. Dustin charges $280 per hour. Such rates, to which neither defendant objected, are within the prevailing rates of this District for attorneys of comparable skill, experience, and reputation. *See K.W. by next friend D.W. v. Armstrong*, No. 1:12-CV-00022-BLW, 2021 WL 3639415, at *4 (D. Idaho Aug. 17, 2021) (approving rates of $350 for attorneys of comparable skill, experience, and reputation). Moreover, the total number of hours billed was within reasonable limits. A total of 14.4 hours spent drafting a motion, supporting brief, affidavit, and reply brief is not unreasonable. Plaintiff's counsel has provided a sufficient explanation of the time spent, and the Court finds that the hours expended are reasonable.

Having considered all the *Kerr* factors, the Court will grant Carbajal's request for attorney fees. Carbajal has requested attorneys' fees for 10.1 hours at an hourly rate of $310 for Ms. Ulrich, 1.5 hours at an hourly rate of $360 for Ms. Casperson, and 2.8 hours at an hourly rate of $280 per hour for Mr. Dustin. The lodestar amount is therefore $4,455.00.

## ORDER

**MEMORANDUM DECISION AND ORDER-3**

**It is ORDERED that** Carbajal be awarded attorney fees in the amount of $4,455.00. Hayes Management has 30 days to comply with this order.

DATED: March 1, 2024

B. Lynn Winmill
U.S. District Court Judge