UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICES, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>Defendants. | Case No. 4:19-cv-00287-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff Maria Angelica Carbajal's Motion for Entry of Partial Final Judgment Pursuant to Rule 54(b) (Dkt. 285). For the reasons explained below, the Court will grant the motion and enter final judgment on Carbajal's claims against Defendant Hayes Management Services, Inc. and Defendant Chris Hayes.

## BACKGROUND

In July of 2019, Carbajal filed this lawsuit against Hayes Management Services, Inc. (HMS), alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq., and the Idaho Human Rights Act, Idaho Code § 67-5901, et

**MEMORANDUM DECISION AND ORDER-1**

seq. *See Compl.*, Dkt. 1. Two years later, while discovery was ongoing, Carbajal learned that HMS's president and co-owner, Chris Hayes, had quietly sold all of HMS's assets to a brand-new entity, Hayes Tax & Accounting Services, Inc. ("Hayes Tax"). *See Mem. Decision & Order* at 7–9, Dkt. 115. That entity was co-founded and owned by Hayes' daughter and one of his former business partners. *Id.*

Soon after discovering the asset sale, Carbajal filed an Amended Complaint, re-alleging her discrimination claims against HMS and adding claims for alter ego liability and constructive trust against Chris Hayes, personally, and for successor liability against Hayes Tax. *See Sec. Am. Compl.*, Dkt. 79.

The Court subsequently granted Carbajal's request for sanctions against HMS and Hayes for withholding information about the asset-sale transaction. *See Mem. Decision & Order*, Dkt. 115. As against Hayes, the Court deemed Carbajal's claims for alter ego liability and constructive trust established. *Id.* at 37; *see also Mem. Decision & Order* at 5, Dkt. 159 ("[I]t has been deemed established that Chris Hayes is the alter ego of Hayes Management. Similarly, if Carbajal prevails on her employment claims, a constructive trust will be imposed on any proceeds Hayes Management and Chris Hayes received from the sale of Hayes Management and Chris Hayes' personal goodwill to Hayes Tax for payment of the judgment

**MEMORANDUM DECISION AND ORDER-2**

against Hayes Management.").[1] And as a sanction against HMS, the Court ordered payment of $33,750.00 in attorney fees and $2,625.00 in costs. *Mem. Decision & Order* at 7, Dkt. 159.

Four months later, the Court granted another motion for sanctions, holding HMS and Hayes in contempt for failing to comply with the Court's prior sanctions order. Dkt. 175. Finding that HMS and Hayes had "failed to take any steps, whatsoever, to comply with the Court's Order for over four months," the Court imposed three additional sanctions: (1) payment of interest on the unpaid sanctions award; (2) a $100 daily fine, accruing retroactively from September 25, 2023 and continuing to accrue until the sanctions are paid in full; and (3) all attorney fees and costs reasonably incurred by Carbajal in bringing and defending her Motion to Show Cause/for Contempt (Dkt. 166). *Mem. Decision & Order* at 4, Dkt. 175. As of April 1, 2024, the Court is not aware of HMS or Hayes having made any payments toward their monetary obligations.

Before trial in this case, Carbajal asked the Court to bar Hayes from participating at trial in his personal capacity, because both claims against him had

---

[1] As the Court explained, Carbajal's claims against Chris Hayes "are not stand-alone claims in the traditional sense; instead, such 'claims' speak to the remedies available to Carbajal if she prevails on her employment claims against Hayes Management." *Mem. Decision & Order* at 4, Dkt. 159. Thus, although the Court resolved those claims, it could not enter judgment against Hayes at that time because his liability "hinge[d] on Carbajal's prevailing on her employment claims against Hayes Management." *Id.* at 5.

**MEMORANDUM DECISION AND ORDER-3**

already been resolved. The Court agreed, allowing Hayes to participate at trial only as a corporate representative of HMS. *See Minutes*, Dkt. 245.[2] Additionally, before trial, the Court approved a Stipulation (Dkt. 190) filed by Carbajal and Hayes Tax wherein Carbajal's successor liability claim against Hayes Tax would "be decided after a verdict and judgment are determined with respect to Plaintiff's claims against Defendant Hayes Management Services, Inc. and Defendant Chris Hayes." *Order Re: Successor Liability Claim* at 1, Dkt. 222. Accordingly, Hayes Tax did not participate at trial in this case.

On December 15, 2023, the jury returned a special verdict in favor of Carbajal, awarding $111,172.00 in compensatory and punitive damages against HMS. Dkt. 277. Following trial, Hayes filed a written Motion to Dismiss (Dkt. 278), arguing that he should be dismissed from this case for lack of jurisdiction and the lack of personal liability under Title VII. The Court denied that motion on March 1, 2024. Dkt. 283.

Shortly thereafter, Carbajal filed a Motion for Entry of Partial Final Judgment Pursuant to Rule 54(b). Dkt. 285. Although her successor liability claim against Hayes Tax remains unresolved, Carbajal asks the Court to enter final judgment as to her claims against HMS and Hayes. Hayes has filed a brief in

---

[2] Chris Hayes' attorney, Mr. Norman G. Reece, appeared at trial as co-counsel for HMS. *See Notice of Appearance*, Dkt. 257.

**MEMORANDUM DECISION AND ORDER-4**

opposition to the entry of final judgment; HMS has not. Carbajal's Motion is now fully briefed and ripe for decision.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). Rule 54(b) envisions a two-step analysis. First, the Court must determine whether "it has rendered a 'final judgment,' that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted). "Then it must determine whether there is any just reason for delay." *Id.*

Courts must be careful when entering partial final judgments to protect the "historic federal policy against piecemeal appeals." *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Important considerations include whether the resolved claims are "separable from the others remaining to be adjudicated," and whether an appellate court would have to decide the same issue more than once if there are subsequent appeals. *Curtiss-Wright Corp. v. Gen Elec. Co.*, 446 U.S. 1, 8 (1980).

**MEMORANDUM DECISION AND ORDER-5**

On the other hand, a court may consider the impact that withholding partial judgment would have on the prevailing party's ability to collect the judgment. Charles A. Wright et al., *Federal Practice and Procedure* § 2659 (4th ed. 2014) ("As noted by the Supreme Court in the *Curtiss-Wright* case, delay in being able to execute on a judgment may result in serious economic prejudice to the judgment winner meriting immediate review."). As the Supreme Court has recognized, if a losing party's "financial position" is such that a delay in entering judgment might "impair" the prevailing party's "ability to collect on the judgment," that "would weigh in favor" of entering partial judgment under Rule 54(b). *Curtiss-Wright*, 446 U.S. at 12.

Ultimately, it is left to the "sound judicial discretion" of the district court whether to enter partial final judgment. *Id.* at 8.

## DISCUSSION

Carbajal asks the Court to enter final judgment against HMS and Hayes on the jury verdict and monetary sanctions. She argues that a delay in the entry of final judgment would hinder her collection efforts in light of HMS's lack of funds and Hayes' demonstrated "willing[ness] to engage in actions to hide assets and thwart [her] ability to collect on her judgment." *Pl.'s Memo. in Supp.* at 2, Dkt. 285-1.

**MEMORANDUM DECISION AND ORDER-6**

The Court agrees that entry of a partial final judgment is appropriate under these circumstances. First, between the terminating sanctions the Court entered against HMS and Hayes (Dkts. 115 & 159) and the jury's verdict against HMS (Dkt. 277), all claims against both defendants have received a final disposition. And second, there is no just reason to delay the entry of final judgment on those claims. The resolved and remaining claims are separable because the issues underlying the successor liability claim are distinct from those underlying the Court's sanction ruling and the jury verdict. Moreover, for the same reason, if the disposition of the successor liability claim is eventually appealed, it is unlikely that the appellate court would have to revisit issues decided on an appeal of the claims against HMS and Hayes. Finally, given HMS's prior representation that it lacks funds to pay the monetary sanctions in this case, Carbajal has legitimate concerns that delaying entry of final judgment will hinder her efforts to collect the awards she has obtained in this case.

Chris Hayes objects to the entry of a partial final judgment on three grounds. He first argues that the Court lacks personal jurisdiction over him. The Court squarely considered and rejected that argument in its prior Memorandum Decision & Order (Dkt. 283), which it will not revisit here. Second, Hayes argues that final judgment cannot be entered against him, because the jury's special verdict did not mention him by name. But this argument does not account for the Court's prior

MEMORANDUM DECISION AND ORDER-7

decision that "Chris Hayes is the alter ego of Hayes Management," Dkt. 159 at 5, and that he is therefore "personally liable for all damages that may be awarded to Carbajal and assessed against Hayes Management in this litigation." Dkt. 115 at 37; *see also Mem. Decision & Order* at 4, Dkt. 159 ("[T]he Court entered dispositive or terminating sanctions in Carbajal's favor on her claims for alter-ego liability against Chris Hayes and a constructive trust against Chris Hayes and Hayes Management."). Accordingly, entry of final judgment against Hayes is not inconsistent with the jury verdict; rather, it is necessary to effectuate this Court's rulings. Finally, Hayes reasserts his argument that he cannot be held liable for the jury award because Title VII does not provide for "individual liability." Again, the Court has already thoroughly explained why this argument lacks merit. *See Mem. Decision & Order* at 7–12, Dkt. 283. In sum, none of Hayes' arguments are persuasive.

There is no just reason to delay entering final judgment against HMS and Hayes. There has been an ultimate disposition of all claims against those defendants, and the Rule 54(b) factors all weigh in favor of granting Carbajal's Motion.

## ORDER

It is ORDERED that:

**MEMORANDUM DECISION AND ORDER-8**

1. Plaintiff's Motion for Entry of Partial Final Judgment Pursuant to Rule 54(b) (Dkt. 285) is **GRANTED**.

2. In a separate document filed concurrently with this Order, final judgment shall be entered pursuant to Federal Rule of Civil Procedure 54(b) as to Plaintiff Carbajal's claims against Defendant Hayes Management Services, Inc. and Chris Hayes.

DATED: April 1, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER**-9