UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>    Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICES, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>    Defendants. | Case No. 4:19-cv-00287-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Before the Court is Plaintiff Maria Angelica "Angie" Carbajal's Motion to Compel Appellants to Pay for All Necessary Parts of Transcript on Appeal (Dkt. 305). For the reasons explained below, the Court will partially grant and partially deny the Motion.

# BACKGROUND

On December 15, 2023, the jury in this case returned a special verdict awarding Plaintiff Carbajal $111,172.00 in compensatory and punitive damages against Hayes Management Services, Inc. (HMS). Dkt. 277. Following the Court's entry of Judgment (Dkt. 291), Defendants Chris Hayes and HMS filed a Notice of

**MEMORANDUM DECISION AND ORDER - 1**

Appeal (Dkt. 296). Defendants also filed a Transcript Request (Dkt. 301), identifying the fifteen issues being appealed and ordering the following portions of the pre-trial and trial transcripts:

> A. June 29, 2022 video hearing
> B. November 9, 2023 video, pre-trial conference
> C. December 6, 2023 video hearing
> D. December 11-15, 2023 all trial sidebars
> E. December 12, 2023 08:43-09:07 a.m. Rule 412 hearing
> F. December 12-13, 2023 Cross-examination of Maria Angelica Carbajal
> G. December 13, 2023 01:06-01:31 p.m. defendant's motions
> H. December 14, 2023 All examination of Warren Scott Peterson
> I. December 14 (& 15), 2023 Cross-examination and re-direct examination of Chris Hayes

*Tr. Request*, Dkt. 301.

Carbajal promptly objected to the defendants' selective request. In her view, the following additional portions of the transcript are necessary for this appeal: (1) the pre-trial motion hearing held December 11, 2024; (2) jury selection; and (3) each full trial day. *Certificate*, Ex. 1, Dkt. 304. The defendants responded that those additional transcripts are unnecessary, *id.*, and Carbajal filed a Motion to Compel Appellants to Pay for All Necessary Parts of Transcript on Appeal (Dkt. 305). The Court expedited briefing, which is now complete.

## LEGAL STANDARD

Under Federal Rule of Appellate Procedure 10, an appellant must order "a transcript of such parts of the proceedings . . . as the appellant considers

MEMORANDUM DECISION AND ORDER - 2

necessary[.]" If an appellant believes that only certain portions of the transcript are necessary for an appeal, the appellant may order a partial transcript and identify "the issues that [he or she] intends to present on the appeal." F.R.A.P. 10(b)(3)(A). The appellee, in turn, may then object and identify additional portions of the transcript that the appellant should order. F.R.A.P. 10(b)(3)(A). And, if the appellant persists in refusing to order the additional portions of the transcript, the appellee may file a motion asking the district court to require the appellant to do so. F.R.A.P. 10(b)(3)(C).

Ultimately, "[t]he district court shall determine which party shall pay for which portions of the transcript." Ninth Cir. R. 10–3.1(f). But it is the appellants' burden to show that the additional portions of the transcript identified by the appellee are unnecessary for their appeal. *Wannamaker v. Mabus*, Case No. 3:16-cv-00549-CWD, 2018 WL 2728016, at *2 (D. Idaho June 6, 2018).

## ANALYSIS

The parties disagree on what portions of the transcript from these proceedings are necessary for the pending appeal. The appellants take a narrow view, requesting only the transcripts from three pre-trial hearings, one mid-trial hearing, and certain specific segments of each trial day (e.g., "all trial sidebars," "Cross-examination of Maria Angelic Carbajal"). The appellee takes a broader view, arguing that the transcripts from the whole trial and one additional pre-trial

**MEMORANDUM DECISION AND ORDER - 3**

hearing are necessary in light of the number of issues the appellants raise on appeal, and the extent to which those issues arose at various points throughout the trial. The Court will consider each disputed portion of the transcript, in turn.

1.   **Hearing Held December 11, 2024**

The Court held a motion hearing before jury selection on the first day of trial. At the hearing, the Court heard argument and ruled on the admissibility of three categories of evidence: (1) Rule 412(b)(2) evidence related to Carbajal's other sexual behaviors and predispositions; (2) evidence related to Defendant Chris Hayes' prior conviction; and (3) testimony of witnesses who were not timely disclosed. *Minutes*, Dkt. 258.

The transcript from the December 11 hearing is clearly relevant to the appeal. First, the appellants claim on appeal that this Court erred "when it refused to allow Defendants' evidence that Plaintiff: (1) posted sexually provocative videos and commentary on social media before and after the alleged sexual harassment, and (2) on a daily basis initiated physical contact with and made suggestive or flirtatious comments to Chris Hayes." *Tr. Request* at 3, Dkt. 301. Although the Court did address the admissibility of that evidence in a written order, *see* Dkt. 244, it also revisited and discussed those very same issues with counsel during the December 11 hearing. To fully understand the Court's rulings, the appellate court must have the whole story.

**MEMORANDUM DECISION AND ORDER - 4**

The appellants also claim on appeal that this Court erred by admitting "evidence of Chris Hayes' prior criminal conviction after initially ruling that the probative value of such evidence did not outweigh the danger of unfair prejudice to Chris Hayes." *Tr. Request* at 3, Dkt. 301. Two points here. First, the Court's initial ruling on the admissibility of prior-conviction evidence was only anticipatory. *See Mem. Decision & Order* at 5, Dkt. 252 ("At this stage, the Court anticipates excluding evidence of Hayes's prior conviction[.]"), ("the Court will likely exclude this evidence at trial. However, the Court may reconsider this preliminary decision if appropriate in the context of trial."). Given that the Court did ultimately let the evidence in, the appellate court will need an adequate record of the subsequent occurrences that led this Court to that conclusion. And second, the Court extensively discussed the prior-conviction issue with counsel during the December 11 hearing, leading the Court to request supplemental briefing on that issue.

Ultimately, the transcript of the December 11 hearing is necessary for this appeal because it contains in-depth discussions of the very issues that the defendants now appeal.

## 2.   Jury Selection

Carbajal also argues that the transcript of jury selection is necessary to the appeal because defense counsel made "references, some subtle, some not," to "various issues" related to the defendants' appeal. *Motion* at 4, Dkt. 305. After

**MEMORANDUM DECISION AND ORDER - 5**

reviewing the transcript, the Court has not identified the references to which Carbajal alludes. Nor does the Court see why the jury selection transcript is necessary to the defendants' appeal. Thus, the appellants need not order or pay for that portion of the transcript.

3.     **Trial Days**

The defendants have ordered the following excerpts of the trial transcripts: (1) "all trial sidebars;" (2) cross-examination of Carbajal on December 12 and 13; (3) the oral motions made by the defendants on December 13; (4) all examinations of Warren Scott Peterson on December 14; and (5) cross-examination and re-direct examination of Chris Hayes on December 14 and 15. Carbajal objects to the defendants' piecemeal approach, arguing that there is important context for the appealed issues weaved throughout each trial day. The Court agrees for several reasons.

First, a transcript containing only the excerpts of each sidebar throughout the course of trial would be of very little use to the appellate court. This Court held numerous sidebars on each day of trial. During those exchanges, counsel and the Court discussed the evidence recently offered, or intended to be offered. Without the context of the surrounding portions of the transcript, the content of the sidebars is confusing, at best, and incomprehensible, at worst. By ordering "all trial sidebars," the defendants have indicated that the content of those sidebars is

**MEMORANDUM DECISION AND ORDER - 6**

relevant to their appeal. They cannot, then, avoid including the rest of the trial transcript—much of which is indispensable to understanding the sidebars—in the appellate record.

Second, several of the defendants' broad challenges on appeal place substantial portions of the trial transcript in question. For example, the defendants assert that the district court erred by excluding "evidence that Plaintiff . . . on a daily basis initiated physical contact with and made suggestive or flirtatious comments to Chris Hayes." *Tr. Request* at 2, Dkt. 301. But, according to Carbajal, "multiple witnesses" in fact offered such testimony at trial. *Motion* at 3, Dkt. 305. Naturally, for the appellate court to determine whether the district court erred in excluding evidence, it must know which statements were actually excluded and admitted at trial. Similarly, the defendants assert that the district court erred by precluding them from offering evidence that "Plaintiff's termination was for breach of her non-compete agreement rather than retaliation." *Tr. Request* at 3, Dkt. 301. But, as Carbajal points out, testimony *was* offered about the non-compete agreement throughout the trial. So, again, to determine whether the district court properly admitted and excluded evidence on that subject, the appellate court must have the full picture.

Finally, the defendants challenge the district court's decision to admit evidence of Chris Hayes' prior conviction. As explained above, the Court admitted

**MEMORANDUM DECISION AND ORDER - 7**

that evidence after determining that the defendants had "opened the door" to such testimony at various points throughout trial, including through comments made during defense counsel's opening statement, questions asked during the direct examination of Pauline Hayes, and questions asked during the direct examination of Warren Peterson. It is true that, during trial, this Court issued a memorandum explaining its decision on the prior-conviction issue. *See Memo. Re: Ruling on Prior-Conviction Evidence*, Dkt. 269. That Memorandum references evidence in the record but does not provide a comprehensive reproduction of that evidence. To effectively review the district court's decision on the prior-conviction issue, the appellate court must have the portions of the trial transcript that formed the basis for the district court's decision.

In sum, the defendants intend to challenge a host of decisions the district court made throughout the course of trial. Yet they have requested only the narrow snippets of the trial transcript that they believe are most relevant to the issues they are appealing. As Carbajal points out, the remaining portions of the trial transcript provide essential context for the decisions that the defendants are challenging on appeal. It is the appellants' responsibility to obtain all portions of the transcript that are necessary for their appeal. Here, the number and scope of issues that the defendants raise on appeal necessitate a more comprehensive appellate record.

Of course, there may be individual parts of the trial transcript that are not

**MEMORANDUM DECISION AND ORDER - 8**

relevant to the issues on appeal. But it is simply not feasible for the Court to comb through the transcript and parse out every relevant statement and line of questioning. The defendants had their opportunity to show that portions of the transcript are not relevant to their appeal. Instead, they chose a categorical approach, arguing that the whole transcript, except for a few specific snippets, is unnecessary on appeal. As explained above, the Court is not persuaded by that reasoning and will therefore direct the defendants to order and pay for the transcripts from the following additional portions of these proceedings: the hearing held December 11, 2023, and each full trial day, excluding jury selection.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion to Compel Appellants to Pay for All Necessary Parts of Transcript on Appeal (Dkt. 305) is **GRANTED, in part, and DENIED, in part,** as set forth in this Order.

DATED: June 14, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**