UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br><br>    Plaintiff,<br><br>    v.<br><br>HAYES MANAGEMENT SERVICES, INC; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>    Defendants. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| HAYES MANAGEMENT SERVICE, INC,<br><br><br>    Counter-claimant,<br><br>    v.<br><br>MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>    Counter-defendant. | |

## INTRODUCTION

Before the Court is Maria Angelica "Angie" Carbajal's unopposed motion

for attorneys' fees and costs on appeal. Dkt. 337. For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

In December 2023, a jury returned a verdict in favor of Ms. Carbajal on her claims under Title VII and the Idaho Human Rights Act. *Judgment*, Dkt. 291. After judgment was entered, the defendants appealed, claiming the Court erred on several issues. Earlier this year, the Ninth Circuit issued its decision affirming the district court. Dkt. 334.

Following this decision, Ms. Carbajal filed a motion in the Ninth Circuit requesting to transfer consideration of her reasonable attorneys' fees and non-statutory expenses on appeal to this Court. To comply with the requisite deadlines, Ms. Carbajal filed her motion for fees before the Ninth Circuit ruled on her motion to transfer consideration. Shortly thereafter, the Ninth Circuit granted Ms. Carbajal's motion to transfer consideration and denied her motion for fees as moot. She now moves this Court for $37,673.00 in fees on appeal. The defendants did not file any response to the motion, so the Court will treat the motion as unopposed.

## LEGAL STANDARD

When a prevailing party is entitled to the award of attorneys' fees in the district court, it is also entitled to an award of attorneys' fees on appeal. *See Latta*

*v. Otter*, No. 1:13-cv-482-CWD, 2015 WL 4623817, at * 4–5 (D. Idaho Aug. 3, 2015). A plaintiff who prevails under Title VII of the Civil Rights Act may recover a reasonable attorney fee award. 42 U.S.C. § 2000e-5(k); *see also Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978). Under Title VII, to "prevail" means to succeed "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1140 (9th Cir. 1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The same is true under Idaho law. *Idaho Transp. Dep't v. Ascorp, Inc.*, 357 P.3d 863, 867 (Idaho 2015).

Once a court decides to award attorney fees, it must calculate a reasonable fee award. "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also Hensley*, 461 U.S. at 433. In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984). And, in determining the number of hours billed, the Court must exclude hours that are duplicative or excessive.

MEMORANDUM DECISION AND ORDER - 3

Once the lodestar figure is calculated, the Court must ask "whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996) (footnote omitted).[1] Ultimately, though, there is a "strong presumption that the lodestar figure represents a reasonable fee," and that figure should only be adjusted "in rare instances." *Id.* at 363 n. 8. (internal quotation marks and citation omitted).

## ANALYSIS

### A.    Entitlement to Fees

Ms. Carbajal is entitled to her fees on appeal. The Court previously determined that Ms. Carbajal was "indisputably the prevailing party in this lawsuit." Dkt. 322 at 11. The defendants appealed several issues and the Ninth Circuit affirmed this Court on each issue. *Mandate*, Dkt. 336. Accordingly, Ms. Carbajal is the prevailing party on appeal.

### B.    The Lodestar Method

Having determined that Ms. Carbajal is entitled to a reasonable fee award, the Court must now calculate the award by multiplying the attorneys' hourly rates

---

[1] The "*Kerr* factors" are the factors identified by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

by the number of hours each attorney billed. The result—the "lodestar amount"—constitutes a presumptively reasonable fee award. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

### 1. Hourly Rates

First, the Court must determine reasonable hourly rates for the attorneys whose fees are sought. Two attorneys from the firm of Casperson Ulrich Dustin PLLC represented Carbajal on appeal, DeAnne Casperson and Amanda Ulrich. Their current hourly rates are $360 and $310, respectively. Both rates are reasonable for attorneys of their experience, skill, and reputation in the community. *See* Dkts. 284, 332. (finding the same rates to be reasonable); *see generally Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

### 2. Number of Hours Expended

Next, the Court must determine the number of hours reasonably expended by Ms. Carbajal's attorneys. As the party seeking a fee award, Ms. Carbajal bears the burden of showing that her attorneys billed a reasonable number of hours. *Hensley*, 461 U.S. at 431; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *as amended by* 80 F.2d 1373 (9th Cir. 1987). "By and large," however, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won and

might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Ms. Carbajal seeks fees for a total of 114.3 hours expended between both the underlying action and the appeal from March 16, 2025 to March 31, 2025. This includes 13.6 hours obtaining and reviewing records, 73.1 hours working on Ms. Carbajal's response brief, 27.2 hours preparing for oral argument, and 0.4 hours on other tasks. Having reviewed the plaintiffs' time entries, the Court finds the time expended reasonable.

### 3. The Lodestar Calculation

The lodestar amount is $37,673.00—$16,128.00 for Ms. Casperson's 44.8 hours of work at $360 per hour and $21,545.00 for Ms. Ulrich's 69.5 hours of work at $310 per hour. Neither party has requested a lodestar adjustment. And the Court sees no reason to modify the presumptively reasonable lodestar amount. *See Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should receive a fully compensatory fee."). The Court will therefore award Ms. Carbajal attorney fees in the amount set forth above.

### 4. Costs

Ms. Carbajal also seeks to recover her reasonable non-statutory expenses in the amount of $2,470.02. These expenses include the "out-of-pocket expenses" that

are "typically charged to paying clients by private attorneys." *Davis v. City and Cnty. of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992), *opinion vacated in part on denial of rh'g*, 984 F.2d 345 (9th Cir. 1993). Here, Ms. Carbajal requests reimbursement for the costs of travel by counsel to the hearing, ordering copies of transcripts, and shipping. After reviewing those expenses, the Court finds them reasonable. The Court will award Ms. Carbajal $2,470.02 in litigation expenses.

**ORDER**

**IT IS ORDERED that:**

1.    Plaintiff's Motion for Attorneys' Fees and Costs on Appeal (Dkt. 337) is **GRANTED**.

2.    Plaintiff is awarded in $37,673.00 attorney fees and $2,470.02 in litigation expenses.



DATED: August 21, 2025

_____
B. Lynn Winmill
U.S. District Court Judge