UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>HAYES MANAGEMENT SERVICES, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>Defendants. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Hayes Tax & Accounting Services, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. 341. For the reasons discussed below, the Court will deny the motion.

## BACKGROUND

Maria Angelica "Angie" Carbajal filed a lawsuit against her former employer, Hayes Management Services, Inc., for violations of Title VII of the Civil Rights Act and the Idaho Human Rights Act. Dkt. 1. During litigation, Chris Hayes, the owner of Hayes Management, created a new company called Hayes Tax & Accounting Services, Inc. Dkt. 78 at 7. Hayes Management was listed as the registered agent for

**MEMORANDUM DECISION AND ORDER - 1**

the newly formed Hayes Tax company, and Mr. Hayes' daughter and the office manager of Hayes Management were listed as officers of Hayes Tax. *Id.* at 7-8.

Six months after Hayes Tax's incorporation, Mr. Hayes executed an Asset Purchase Agreement on behalf of Hayes Management. Dkt. 8. The Agreement sold most, if not all, of Hayes Management's assets to Hayes Tax for below fair market value. *Id*. The Agreement, however, did not include the liabilities of Hayes Management. *Id.* As a result of the agreement, Hayes Management was left without the ability to satisfy a potential judgment if Ms. Carbajal prevailed on her claim against Hayes Management. *Id.*

In response to Hayes Management's divestment of assets, Ms. Carbajal amended her complaint to include Hayes Tax and Mr. Hayes as defendants and added additional claims for successor liability, alter ego liability, and constructive trust. Dkt. 79. Just before trial, the parties stipulated that the successor liability claim against Hayes Tax should be decided after a verdict was rendered on the underlying Title VII and IHRA claims against Hayes Management. Dkt. 190. The stipulation reserved the parties' rights to raise any procedural arguments related to Ms. Carbajal's successor liability claim. *Id.* The Court adopted the stipulation, and the parties proceeded to trial on the other claims. Dkt. 222.

At trial, Ms. Carbajal obtained a jury verdict against Hayes Management. Dkt. 277. Judgment was entered against Hayes Management and Mr. Hayes, Hayes Management and Mr. Hayes appealed to the Ninth Circuit, and, ultimately, the Ninth Circuit affirmed the Court's rulings. Dkts. 291, 334. Now that the claims against

**MEMORANDUM DECISION AND ORDER - 2**

Hayes Management and Mr. Hayes are completely resolved, Ms. Carbajal's successor liability claim against Hayes Tax is the sole remaining claim. Hayes Tax now moves to dismiss the claim for lack of subject matter jurisdiction. Dkt. 341.

## LEGAL STANDARD

Hayes Tax's motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a complaint must be dismissed if it fails to adequately allege subject matter jurisdiction. Federal courts are of "limited jurisdiction" and a court is "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of establishing such jurisdiction exists. *Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375, 377 (1994).

An attack on subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Hayes Tax's motion presents a facial challenge. Dkt. 341. When evaluating a facial challenge, the court must take all the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020).

## ANALYSIS

Hayes Tax argues that the Court lacks subject matter jurisdiction over Ms.

**MEMORANDUM DECISION AND ORDER - 3**

Carbajal's remaining successor liability claim. Dkts. 341, 353. Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For district courts, this limited jurisdiction means they may only exercise their judicial power over those categories of cases and controversies authorized in the Constitution and by Congress. *See id.* at 377. A district court may have jurisdiction over a claim based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331, diversity jurisdiction, pursuant to 28 U.S.C. § 1332, or supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

Where, as here, a district court has original jurisdiction over a civil proceeding pursuant to § 1331 or §1332, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Nonfederal claims are part of the same 'case' as federal claims when they 'derive from a common nucleus of operative fact' and are such that a 'plaintiff would ordinarily be expected to try them in one judicial proceeding.'" *Trustees of Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance*, 333 F.3d 923, 925 (9th Cir. 2003) (quoting *Finley v. United States*, 490 U.S. 545, 549 (1989)). That said, there are a few situations where district courts have discretion to decline to exercise supplemental jurisdiction over a claim: if "the claim raises a novel or complex issue of State law," if "the claim substantially predominates over the claim or claims over which the court has original jurisdiction, if "the district court has dismissed all claims over which it

**MEMORANDUM DECISION AND ORDER - 4**

has original jurisdiction," or if "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, the Court has jurisdiction over this case because Ms. Carbajal alleged a violation of Title VII, which raises an issue of federal law. Dkt. 1. With the Title VII claim resolved, Hayes Tax now argues the Court lacks subject matter jurisdiction because the successor liability claim does not raise a federal question. In making this argument, Hayes Tax relies on two cases: *Peacock v. Thomas*, 516 U.S. 349 (1996) and *E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating*, 3 F.4th 954 (7th Cir. 2021). This reliance is misplaced.

In *Peacock*, the plaintiff prevailed on an ERISA claim against his employer but was unable to collect any portion of the judgment from the employer. *Peacock*, 516 U.S. at 352. He then brought a new lawsuit seeking to hold his employer liable for the judgment, including a claim for "Piercing the Corporate Veil Under ERISA and Applicable Federal Law." *Id.* The Supreme Court found the court lacked subject matter jurisdiction over the subsequent proceeding because "ancillary jurisdiction is not justified over *a new lawsuit* to impose liability for a judgment on a third party." *Peacock*, 516 U.S. at 359 (emphasis added).[1] Similarly, in *Prather Plumbing*, the Seventh Circuit applied *Peacock* and concluded that a district court lacked subject

---

[1] The *Peacock* Court recognized that "Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367." *See Peacock v. Thomas*, 516 U.S. 349, 354 n.5 (1996).

**MEMORANDUM DECISION AND ORDER - 5**

matter jurisdiction to adjudicate *a new lawsuit* to hold a third party liable for a judgment in a related case under a theory of successor liability. *E. Cent. Ill. Pipe Trades Health & Welfare Fund*, 3 F.4th at 960–63. While the Supreme Court has "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment," Ms. Carbajal's successor liability claim is not a subsequent lawsuit.[2] *Peacock*, 516 U.S. at 359.

Indeed, other courts have recognized this distinction between vicarious liability claims brought in a single suit and those brought in successive litigation. *See e.g.*, *Bd. of Trs., Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000). As the Seventh Circuit explained "federal courts may entertain vicarious-liability theories in a single suit. *Peacock* is limited, we have held, to successive litigation." *Id; United States ex rel. Bunk v. Gov't Logistics N.V.*, 842 F.3d 261, 273 (4th Cir. 2016) (finding the *Peacock* principal inapplicable where a successor corporation liability claim is part of a single qui tam action). Accordingly, neither *Peacock* nor *Prather Plumbing* applies here.

Because the Court has jurisdiction over Ms. Carbajal's case, it may exercise

---

[2] To the extent Hayes Tax argues that the entry of judgment on the Title VII claim divests the Court of jurisdiction over the case, that view is contrary to Ninth Circuit case law. *Trustees of Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance*, 333 F.3d 923, 926 (9th Cir. 2003) (holding district court did not have discretion to decline supplemental jurisdiction over state law claims after entering default judgment on the federal claim).

**MEMORANDUM DECISION AND ORDER - 6**

supplemental jurisdiction over her successor liability claim so long as the claim derives from a common nucleus of operative fact as the Title VII claim. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Clearly that threshold is met here. Hayes Tax's liability as a successor to Hayes Management is entirely dependent on Hayes Management's liability under Title VII. Put differently, if Hayes Management was found not liable under Title VII, no successor liability claim could be pursued against Hayes Tax. *See Gov't Logistics N.V.*, 842 F.3d at 272-273 (holding that supplemental jurisdiction is properly exercised when liability under a successor liability claim is wholly dependent on another party's liability for an underlying FCA claim). Although in some circumstances, the Court may decline to exercise supplemental jurisdiction over a claim, none of those circumstances exist here. 28 U.S.C. § 1367(c). Accordingly, the Court will deny Hayes Tax's motion to dismiss.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 341) is **DENIED**.



DATED: October 22, 2025

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 7**