UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA ANGELICA "ANGIE" CARBAJAL,<br><br>        Plaintiff,<br><br>    v.<br><br>HAYES MANAGEMENT SERVICES, INC.; HAYES TAX & ACCOUNTING SERVICES, INC.; and CHRIS HAYES,<br><br>        Defendants. | Case No. 4:19-cv-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court are two motions: (1) Plaintiff Maria Angelica Carbajal's Motion for Contempt/Sanctions Re: Defendants' Failure to Comply with Constructive Trust and Court Orders (Dkt. 340); and (2) Defendants Hayes Management Services, Inc. and Chris Hayes' Motion for Sanctions under Federal Rules of Civil Procedure 11(b) and (c) (Dkt. 350). For the reasons explained below, the Court grants Carbajal's motion in part and denies it in part, and denies Hayes Management and Chris Hayes' motion for sanctions.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On July 21, 2022, this Court sanctioned Hayes Management and Chris Hayes for concealing their asset sale to Hayes Tax during litigation. The sanctions prohibited them from contesting Carbajal's constructive trust claim on any proceeds from the sale, including any goodwill, contingent upon judgment in Carbajal's favor. Dkt. 115 at 37, n.5.

On June 28, 2023, the Court entered an order imposing additional sanctions against Hayes Management for its role in the discovery abuses related to the asset sale, awarding Carbajal $33,750.00 in attorney fees and $2,625.00 in costs. Dkt. 159. I The Court also clarified its prior sanctions order, making clear it had imposed "dispositive or terminating sanctions" that (1) deemed Chris Hayes the alter ego of Hayes Management, and (2) established a constructive trust on the asset sale proceeds if Carbajal prevailed on her employment claims. *Id.* at 4, 5.

Carbajal prevailed at trial, obtaining judgment against Hayes Management and Chris Hayes, jointly and severally, for $111,172.00 plus interest, $36,375.00 in sanctions with post-judgment interest, and $100.00 daily fines. Dkt. 277, 291. This judgment was later amended to include an award of attorney fees and costs in the amount of $354,640.01, plus interest. Dkt. 327.

Following entry of judgment, Carbajal demanded all three defendants release the constructive trust funds. Each refused—Hayes Tax denied any order required it to reserve funds, while Hayes Management and Chris Hayes denied the constructive

trust's existence, claiming they "were merely prohibited from contesting Carbajal's alter ego and constructive trust claims" and that Carbajal failed to establish "a prima facie case for constructive trust" at trial. Dkt. 340-2 at 9, 2.

Hayes Management and Chris Hayes appealed without posting a bond and lost. The Ninth Circuit specifically held that this Court did not err in imposing alter ego liability on Chris Hayes and a constructive trust on the proceeds of the sale of Hayes Management's assets to Hayes Tax. Dkt. 334 at 4. Despite Carbajal's renewed demand and warning of contempt proceedings, they still refused to release the funds.

Carbajal now moves to hold Hayes Management and Chris Hayes in contempt for failing to pay monetary sanctions and release the constructive trust funds. She seeks: (1) an accounting of funds paid to Hayes; (2) release of constructive trust proceeds; (3) civil contempt with potential confinement; (4) criminal contempt proceedings; (5) sanctions against defense counsel; and (6) terminating sanctions against Hayes Tax for its alleged complicity "in the scheme to leave [Hayes Management] an empty shell." Dkt. 340-1 at 12. In total, Hayes Management and Hayes, jointly and severally, owe Carbajal $542,932.71, plus interest, under the Second Amended Judgment. Dkt. 347.

In response, Hayes Management and Chris Hayes have moved for sanctions against Carbajal under Federal Rule of Civil Procedure Rule 11(b) and (c). They argue Carbajal and her counsel have leveled unfair accusations against them without evidentiary support and with a reckless disregard for the truth.

MEMORANDUM DECISION AND ORDER - 3

## ANALYSIS

### A. Motion for Contempt and Sanctions Against Defendants

#### 1. Constructive Trust

A constructive trust is an equitable remedy "raised by equity for the purpose of working out right and justice." *Mace through Collins v. Luther*, 560 P.3d 1057, 1066 (2024) (citations, quotation marks, and brackets omitted). It compels transfer of wrongfully held property from the constructive trustee to its rightful beneficiary, the constructive beneficiary. *See Witt v. Jones*, 722 P.2d 474, 480-81 (Idaho 1986) (Bistline, J., dissenting) (citing V., A.W. Scott, The Law of Trusts, § 462, 462.1, 462.3 (3d ed. 1967). Once imposed, a constructive trustee's sole duty is "to surrender the property subject to certain equitable adjustments." *Id.* at 480.

The Court imposed this remedy on the asset sale proceeds as a sanction against Hayes Management and Hayes with one contingency: Carbajal's success on her employment claims. Carbajal won at trial and satisfied this contingency, triggering the imposition of the constructive trust and making Hayes Management and Hayes constructive trustees holding the proceeds for Carbajal's benefit. As constructive trustees, their sole duty was – and remains – to transfer the property to Carbajal to satisfy the judgment against them.

Yet Hayes Management and Chris Hayes still deny the trust's existence and refuse to release the trust proceeds to Carbajal – arguing Carbajal needed to prove a "prima facie case for constructive trust" at trial. Dkt. 343 at 7. Dkt. 343 at 7. This

argument is frivolous and appears deliberately obtuse. The Court explicitly established the trust as a terminating sanction for defendants' misconduct, rejecting any requirement for Carbajal to prove her constructive trust claim at trial. Dkt. 159 at 5-6. The Ninth Circuit's affirmance cemented this ruling.

If this were the first time that Hayes Management and Hayes made an argument that flew in the face of case law and this Court's orders, it might give them the benefit of the doubt. But this denial fits the defendants' pattern throughout this litigation, and the Court has lost its patience. This is not a matter of judgment execution—it is the enforcement of an equitable remedy that attached to the proceeds of the sale of Hayes Management's assets and Hayes' personal goodwill to Hayes Tax as of July 21, 2022.

Based on the record, the following proceeds are subject to the constructive trust for Carbajal's benefit: (1) $100,000 paid for the asset sale of Hayes Management to Hayes Tax (Dkt. 103-25 at 40-49); (2) $400,000 for Hayes' goodwill to be paid over a ten-year period (Dkt. 103-25 at 57-61); (3) all payments made or to be made under two separate consulting agreements between Hayes Tax and Hayes (Dkt. 103-25 at 4-39); (4) fifty percent of the net capital gain that Hayes Management would receive if Hayes Tax sold the business within five years pursuant to the early sale agreement (Dkt. 103-25 at 73); and (5) all lease payments made or to be made by Hayes Tax to Eagle Spirit Management, LLC, an entity controlled by Hayes, under the lease agreement for the business premises (Dkt. 103-25 at 74-87).

**MEMORANDUM DECISION AND ORDER - 5**

As these agreements demonstrate, Hayes Management, Hayes, and Hayes-controlled entity, Eagle Spirit Management, have received or will receive proceeds that belong to Carbajal under the constructive trust. Hayes Tax, having made these payments with knowledge of the constructive trust orders, shares the duty to ensure these funds are preserved for and released to Carbajal to satisfy the judgment entered against Hayes Management and Hayes.

Accordingly, the Court directs Hayes Management and Hayes to release all funds received and held under the constructive trust necessary to satisfy the Second Amended Judgment (Dkt. 347) of $542,932.71, plus interest, no later than November 25, 2025.

Further, the Court directs Hayes Tax (1) to immediately cease any further payments to Hayes, Hayes Management, or Eagle Spirit Management under any of the above-referenced agreements, (2) to provide a complete accounting to the Court and the parties of all payments made and amounts still owed under all agreements with Hayes Management, Hayes, and Eagle Spirit Management, ***no later than November 18, 2025***, and (3) to redirect and release all unpaid amounts necessary to satisfy the judgment to Carbajal no later than ***November 25, 2025***.

Hayes Management, Chris Hayes, and Hayes Tax must continue to hold in constructive trust any proceeds related to the sale of Hayes Management to Hayes Tax for Carbajal's benefit until any attorney fees and costs or additional fines that may be awarded in the future are completely satisfied.

MEMORANDUM DECISION AND ORDER - 6

## 2. Contempt Sanctions

While Hayes Management and Chris Hayes have failed to fulfill their duties as constructive trustees, the Court declines to hold them in contempt at this time. Civil contempt represents a severe remedy, appropriate only when it has been shown by clear and convincing evidence that the party willfully violated a specific and definite court order. *See United States v. DAS Corp.*, 18 F.4th 1032, 1039 (9th Cir. 2021) (internal quotations omitted). Although the Court finds Hayes Management and Hayes' position in denying the existence of the constructive trust completely frivolous, it acknowledges it never expressly ordered the transfer of trust property by a date certain. This Order remedies that shortcoming.

The Court similarly declines to impose terminating sanctions against Hayes Tax or sanctions against defense counsel – at this time. The Court is gravely troubled by the positions taken by counsel and is concerned that it may violate their obligations under the ethical rules prescribed by the Idaho Rules of Professional Responsibility. Given the lack of an explicit order directing transfer of the trust property to Carbajal, however, the Court will reserve the extraordinary remedies of contempt and terminating sanctions until after it sees (1) whether and how the defendants comply with this Order, and (2) what the accounting from Hayes Tax shows.

Should any defendant fail to fully comply with this Order, or if it appears from the accounting that any party has attempted to circumvent the Court's orders, they shall face civil contempt proceedings with the possibility of incarceration and

additional fines. Defense counsel also risks being held in contempt absent full compliance with this Order.

## B. Motion for Sanctions Against Carbajal

Hayes Management and Hayes seek sanctions against Carbajal and her counsel under Rule 11, asserting that statements made in the contempt motion lack factual support. Rule 11 authorizes courts to impose sanctions to "deter baseless filings and curb abuses." *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 534 (1991). At the same time, "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Courts must "reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.*

Most statements identified by Hayes Management and Hayes, though strongly worded and occasionally hyperbolic, constitute argument and legal advocacy rather than false statements of fact. For statements that could be construed as factual assertions, the Court notes that Rule 11's evidentiary threshold "is not a high one." *MetLife Bank, N.A. v. Badostain*, No. 1:10-CV-118-CWD, 2010 WL 5559693, at *10 (D. Idaho Dec. 30, 2010) (citing *Calif. Architectural Bldg. Prods. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1987)). The standard requires only "some evidence" to support factual allegations, including circumstantial evidence and

reasonable inferences drawn from that evidence. *Id.* at *6 (quoting *Brubaker v. City of Richmond*, 943 F.2d 1363, 1377 (4th Cir. 1991); *Lucas v. Duncan*, 574 F.3d 772, 777 (D.C. Cir. 2009)). Carbajal's positions, while expressed forcefully, were grounded in this case's record and procedural history and therefore clear this bar. Accordingly, the Court will deny Hayes Management and Hayes's motion for sanctions.

Although the Court understands Carbajal and her counsel's frustrations, it nevertheless admonishes all counsel that briefing in this matter has become unnecessarily acrimonious. Counsel are reminded of their professional obligations under the Idaho Rules of Professional Conduct and Local Rule 83.5, which mandate civility and professionalism in all proceedings. The Court expects all parties and counsel to maintain the professionalism befitting officers of the court. Future violations may result in sanctions, including monetary penalties, striking of pleadings, or referral to disciplinary authorities.

## ORDER

IT IS ORDERED that:

1. Plaintiff Maria Angelica Carbajal's Motion for Contempt/Sanctions Re: Defendants' Failure to Comply with Constructive Trust and Court Orders (Dkt. 340) is **GRANTED in part and DENIED in part.**

   a. Hayes Tax shall provide a complete accounting of all funds previously paid or currently owed to Hayes Management and Hayes, including Hayes' entity, Eagle Spirit Management, under the asset

purchase agreement, goodwill agreement, consulting agreements, early sale agreement, lease agreement, and any other agreements related to the sale of Hayes Management *no later than November 18, 2025*.

    b. Hayes Management, Chris Hayes, and Hayes Tax shall transfer to Carbajal funds held in constructive trust necessary to satisfy the Second Amended Judgment of $542,932.71, plus interest (Dkt. 347), *no later than November 25, 2025*.

    c. Hayes Management, Chris Hayes, and Hayes Tax must continue to hold in constructive trust any proceeds related to the sale of Hayes Management to Hayes Tax for Carbajal's benefit until any attorney fees and costs or additional fines that may be awarded in the future are completely satisfied.

    d. If any defendant claims an inability to surrender the trust property to Carbajal in accordance with this Order, that defendant shall file a detailed affidavit explaining that inability and accounting for the disposition of all funds received *no later than November 25, 2025*.

    e. Carbajal may file a motion for attorney's fees and costs incurred in bringing this contempt motion *no later than November 11, 2025.*

    2. If any defendant fails to comply with this Order, Carbajal shall file a motion for order to show cause why that defendant shall not be held in civil contempt,

which demonstrates by clear and convincing evidence that the defendant violated the terms of this Order, *no later than December 2, 2025.*

3. If it is shown that any defendant has failed to comply with this Order, they shall appear before the Court *on December 16, 2025, at 4:00 p.m., in the Federal Courthouse in Pocatello, Idaho*, to show cause why they should not be held in contempt and subject to confinement and additional fines until they comply with this Order. Defense counsel also risks being held in contempt absent full compliance with this Order.

4. Defendants Hayes Management Services, Inc. and Chris Hayes' Motion for Sanctions under Federal Rules of Civil Procedure 11(b) and (c) (Dkt. 350) is **DENIED**.

DATED: November 3, 2025

B. Lynn Winmill
U.S. District Court Judge